IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS, et al., **Plaintiffs,** v. U.S. DEPARTMENT OF JUSTICE, et al., **Defendants.** | Case No. 23-CV-1010-JAR-KGG |

## MEMORANDUM AND ORDER

Before the Court are Plaintiffs Carla Davis' and Jalen Davis' Motions to Recuse (Docs. 5, 6), in which they request that "no Judge appointed by the Bush Administration be assigned to this case, and no Judge that has any fiduciary loyalties to the Defendants in this case" be assigned to this matter.[1] For the reasons explained below, Plaintiffs' motions are denied.

The Court begins by noting that Plaintiffs proceed pro se; therefore, the Court must construe their pleadings liberally.[2] However, the Court cannot assume the role of advocate,[3] nor can it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[4] Because these submissions request reassignment, the Court liberally construes them as motions to recuse, which are governed by 28 U.S.C. § 455(a).

---

[1] Docs. 5, 6.

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] *Id.*

[4] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."[5] "The test under § 455(a) is not whether the judge believes he or she is capable of impartiality, but rather whether a reasonable person might question the judge's impartiality."[6] "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[7] If "the issue . . . is a close one," the judge must recuse.[8]

"On the other hand, a judge also has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'"[9] The Tenth Circuit has cautioned that "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice."[10] The court's determination as to whether recusal is required is "extremely fact driven."[11] Further, the decision to recuse is committed to the sound discretion of the court.[12] It is ordinarily the movant's burden to prove with relevant facts that a judge is biased.[13]

Plaintiffs fail to present any facts in their motion that would suggest the undersigned has an actual bias or an appearance of bias solely based on the appointment by President George W.

---

[5] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)).

[6] *Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir. 2019) (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

[7] *Bryce*, 289 F.3d at 659 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[8] *Id.* (citing *Nichols*, 71 F.3d at 352).

[9] *Id.* (quoting *Nichols*, 71 F.3d at 351).

[10] *Id.* at 659–60 (citing *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000)).

[11] *Id.* at 660 (quoting *Nichols*, 71 F.3d at 352).

[12] *Hinman*, 831 F.2d at 938.

[13] *Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir. 2019) (citations omitted).

Bush.  Moreover, Plaintiffs have presented no facts to suggest this Court has any fiduciary conflict of interest with any of the parties in this matter.  Accordingly, the Court denies the motions to recuse because there are no grounds upon which the undersigned's impartiality may be reasonably questioned.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motions to Recuse (Docs. 5, 6) are **denied**.

**IT IS SO ORDERED.**

Dated: February 21, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
