JENNIFER L. MAGAÑA
City Attorney
ERIK S. HOUGHTON, #27368
Deputy City Attorney
City Hall - 13th Floor
455 North Main
Wichita, Kansas 67202
(316) 268-4681
(316) 858-7777 (FAX)
ehoughton@wichita.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CARLA DAVIS, | ) | |
| JALEN DAVIS, | ) | |
|  | ) | |
|       Plaintiffs, | ) | |
|  | ) | |
| vs. | ) | Case No. 6:23-cv-01010-JAR-KGG |
|  | ) | |
| U.S. DEPARTMENT OF JUSTICE; | ) | |
| MERRICK B. GARLAND; U.S. DEPT. OF | ) | |
| HEALTH AND HUMAN SERVICES; | ) | |
| XAVIER BECERRA; DUSTIN SLINKARD; | ) | |
| ERIC MELGREN; KRIS W. KOBACH; | ) | |
| KANSAS HOMELAND SECURITY; | ) | |
| DAVID WEISHAAR; KANSAS | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| ENVIRONMENT; JANET STANEK; JAMES | ) | |
| MICHAEL MOSER; KANSAS INSURANCE | ) | |
| DEPARTMENT; VICKI SCHMIDT; KANSAS | ) | |
| HEALTH CARE STABILIZATION FUND; | ) | |
| CLARK SHULTZ; SEDGWICK COUNTY | ) | |
| BOARD OF COMMISSIONERS; | ) | |
| MARC BENNETT; | ) | |
| CITY OF WICHITA CITY COUNCIL; | ) | |
| CENTRAL PLAINS HEALTH | ) | |
| CARE PARTNERSHIP; MEDICAL SOCIETY | ) | |
| OF SEDGWICK COUNTY; WESLEY | ) | |
| MEDICAL CENTER, LLC; | ) | |
| THE CHILDREN'S MERCY HOSPITAL; | ) | |
| WICHITA CLINIC, P.A.; | ) | |
| KANSAS UNIVERSITY SCHOOL OF | ) | |
| MEDICINE; GAROLD O. MINNS; | ) | |

STEWART E. DISMUKE;                              )
ROBERT KENAGY; CLYDE WILSON            )
WESBROOK; DEE SPADE; VIRGIL F.           )
BURRY; HEWITT GOODPASTURE;              )
DAVID GRAINGER; TRAVIS                        )
STEMBRIDGE; GERARD BASSELL;              )
ANNA F. STORK-FURY; BRENDA                 )
KALLEMEYN; TOM YAO; GIANFRANCO    )
PEZZINO; FOULSTON SIEFKIN, L.L.P.;       )
KLENDA, MITCHELL, AUSTERMAN,          )
ZUERCHER, L.L.C.; BRANDON WHIPPLE; )
WICHITA CENTER FOR GRADUATE           )
MEDICAL EDUCATION, INC.,                      )
                                                                         )
            Defendants.                          ___)

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## BY DEFENDANT CITY OF WICHITA CITY COUNCIL

COMES NOW, Defendant City of Wichita City Council and submits this memorandum in support of its motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 17(b), for the lack of capacity for the City of Wichita City Council to be sued as an entity.

### NATURE OF THE MATTER BEFORE THE COURT

*Pro se* plaintiffs Carla Davis and Jalen Davis filed their Complaint in this action on January 23, 2023. Plaintiffs name City of Wichita City Council as a defendant, along with several other U.S. government entities and persons, state of Kansas government entities and persons, and private entities and persons.

Plaintiffs have brought this against the defendants pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985. However, Plaintiffs' Complaint does not allege any specific factual allegations against Defendant City of Wichita City Council. The only mention of Defendant City of Wichita City Council in the Plaintiffs' Complaint is in the Plaintiffs' listing of the parties: "Defendant CITY OF WICHITA CITY COUNCIL is a local city government in Wichita, Kansas with DR.

2

BRANDON WHIPPLE as Mayor being sued in their official and individual capacities with the principle office at City Hall, 455 N. Main, Wichita, Kansas 67202." Complaint, Dkt. 1, ¶21.

## STATEMENT OF FACTS

1. Plaintiffs' Complaint relies upon events that allegedly occurred relating to Plaintiff Carla Davis' pregnancy in 2002, and when she gave birth to Plaintiff Jalen Davis on January 23, 2003. Complaint, Dkt. 1, ¶¶56-67. Plaintiff Carla Davis further alleges an unknown device was placed in her chest blood vessels at Wesley Medical Center on February 4, 2004. Complaint, Dkt. 1, ¶68. Plaintiffs' Complaint also alleges that "public officials" denied plaintiffs access to their medical records, and stole the blood of Plaintiff Jalen Davis in August 2008. Complaint, Dkt. 1, ¶¶67-70.

## ISSUES PRESENTED

The issues presented are whether Plaintiff's Complaint should be dismissed in its entirety against the Defendant City of Wichita City Council (hereinafter "Wichita City Council") because:

1. The Wichita City Council is not a legal entity capable of being sued.

## ARGUMENT AND AUTHORITIES

**I.   The Wichita City Council is not a legal entity capable of being sued under Fed. R. Civ. P. 17(b).**

Under Fed. R. Civ. P. 17(b), the capacity of a governmental entity to be sued in the U.S. District Court is governed by the laws of the state where the court is located. While the issue of determining the capacity of a city council to be sued as a separate entity has not been addressed in this Court, the U.S. District Court for the Northern District of Illinois analyzed this issue in *Bonilla v. City Council of City of Chicago*, 809 F.Supp. 590 (N.D. Ill. 1992). In *Bonilla*, the Court, citing to the treatise, Wright, Miller, & Kane, *Federal Practice and Procedure: Civil,* (West Publishing, 2d ed. 1990), held: "'[a]lthough a municipal corporation and the individual members of its city

council may have capacity to sue and be sued, the council itself may not be a legal entity for purposes of Rule 17(b).' Wright, Miller & Kane, supra, at § 1562, pg. 454." *Bonilla* at 600. Additionally, the *Bonilla* Court determined that "[i]n fact, absent a specific statutory authorization, a city council is not a suable entity. *Id*.

In reaching its conclusion that a city council is not a suable entity, the *Bonilla* Court noted other U.S. District Court cases from Illinois, Florida, and Massachusetts: "*Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill 1979) (Cook County Board of Commissioners is not a suable entity, even though by express statute, Cook County itself is); *Fairbanks v. Bradenton Beach*, 733 F. Supp. 1447, 1450 (M.D. Fla. 1989) (City Council of Bradenton Beach, Florida is not a legal entity capable of being sued); *Latino Political Action Committee, Inc. v. Boston*, 581 F.Supp. 478, 484 (D.Mass. 1984) (City Council lacks legal identity apart from City of Boston and therefore is not a suable entity in redistricting challenge)." *Bonilla* at 600-601.

Additionally, the law of the state of Kansas supports this analysis by the U.S. District courts in *Bonilla* and the other U.S. District Court cases from Illinois, Florida, and Massachusetts. Specifically, K.S.A. §12-101 confirms the constitution of the state of Kansas establishing that each city being a body corporate and politic, may sue and be sued. The Kansas statutes also establish the "governing body" of a city to include the mayor and council under K.S.A. §12-104. Finally, K.S.A. §75-6102(d)(1)(A) establishes that council members are "employees" of a city. There is no specific statutory authorization in the state of Kansas establishing a city council as a separate legal entity with capacity to be sued.

While the laws of the state of Kansas set out the capacity for a city to sue and be sued, and establishes a city council, consisting of employees of the city, as the "governing body" of a city, Kansas law does not provide a specific statutory basis establishing a city council as a separate legal

entity capable of being sued. Therefore, based on the analysis set out in *Bonilla* and in the Illinois, Florida, and Massachusetts U.S. Districts Courts, pursuant to Fed. R. Civ. P. 17(b) and Kansas law, the Defendant Wichita City Council lacks capacity to be sued as a separate entity.

## CONCLUSION

WHEREFORE, premises considered, Defendant City of Wichita City Council prays the Court grant its Motion to Dismiss, and enter an Order dismissing the Plaintiffs' claims against Defendant Wichita City Council and for such other and further relief as the Court deems just, fair and equitable.

Respectfully submitted,

/s Erik S. Houghton
Erik S. Houghton, #27368
Deputy City Attorney
City Hall – 13th Floor
455 N. Main
Wichita, KS  67202
(316) 268-4681
Fax:  (316) 858-7777
Email:  ehoughton@wichita.gov
*Attorney for Defendant Wichita City Council*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 6th day of March, 2023, I presented the a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT CITY OF WICHITA CITY COUNCIL to the clerk of the court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to the following:

Any Party or Counsel who has entered an appearance

       I further certify that a true and correct copy of the above and foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT CITY OF WICHITA CITY COUNCIL was deposited in the United States mail, postage prepaid, on the 6th day of March, 2023, and properly addressed to:

Carla Davis
901 N. Belmont
Wichita, KS 67208

Jalen Davis
901 N. Belmont
Wichita, KS 67208

                                     /s/ Erik S. Houghton
                                       Erik S. Houghton