JENNIFER L. MAGAÑA
City Attorney
ERIK S. HOUGHTON, #27368
Deputy City Attorney
City Hall - 13th Floor
455 North Main
Wichita, Kansas 67202
(316) 268-4681
(316) 858-7777 (FAX)
ehoughton@wichita.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS, ) <br> JALEN DAVIS, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE; ) <br> MERRICK B. GARLAND; U.S. DEPT. OF ) <br> HEALTH AND HUMAN SERVICES; ) <br> XAVIER BECERRA; DUSTIN SLINKARD; ) <br> ERIC MELGREN; KRIS W. KOBACH; ) <br> KANSAS HOMELAND SECURITY; ) <br> DAVID WEISHAAR; KANSAS ) <br> DEPARTMENT OF HEALTH AND ) <br> ENVIRONMENT; JANET STANEK; JAMES ) <br> MICHAEL MOSER; KANSAS INSURANCE ) <br> DEPARTMENT; VICKI SCHMIDT; KANSAS ) <br> HEALTH CARE STABILIZATION FUND; ) <br> CLARK SHULTZ; SEDGWICK COUNTY ) <br> BOARD OF COMMISSIONERS; ) <br> MARC BENNETT; ) <br> CITY OF WICHITA CITY COUNCIL; ) <br> CENTRAL PLAINS HEALTH ) <br> CARE PARTNERSHIP; MEDICAL SOCIETY ) <br> OF SEDGWICK COUNTY; WESLEY ) <br> MEDICAL CENTER, LLC; ) <br> THE CHILDREN'S MERCY HOSPITAL; ) <br> WICHITA CLINIC, P.A.; ) <br> KANSAS UNIVERSITY SCHOOL OF ) <br> MEDICINE; GAROLD O. MINNS; ) | Case No. 6:23-cv-01010-JAR-KGG |

| | |
|---|---|
| STEWART E. DISMUKE; | ) |
| ROBERT KENAGY; CLYDE WILSON | ) |
| WESBROOK; DEE SPADE; VIRGIL F. | ) |
| BURRY; HEWITT GOODPASTURE; | ) |
| DAVID GRAINGER; TRAVIS | ) |
| STEMBRIDGE; GERARD BASSELL; | ) |
| ANNA F. STORK-FURY; BRENDA | ) |
| KALLEMEYN; TOM YAO; GIANFRANCO | ) |
| PEZZINO; FOULSTON SIEFKIN, L.L.P.; | ) |
| KLENDA, MITCHELL, AUSTERMAN, | ) |
| ZUERCHER, L.L.C.; BRANDON WHIPPLE; | ) |
| WICHITA CENTER FOR GRADUATE | ) |
| MEDICAL EDUCATION, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT BRANDON WHIPPLE'S MOTION TO DISMISS

COMES NOW, Defendant Brandon Whipple and submits this memorandum in support of his motion to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

## NATURE OF THE MATTER BEFORE THE COURT

*Pro se* plaintiffs Carla Davis and Jalen Davis filed their Complaint in this action on January 23, 2023. Plaintiffs name Brandon Whipple as a defendant, along with several other U.S. government entities and persons, state of Kansas government entities and persons, and private entities and persons.

Plaintiffs have brought this against the defendants pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985. However, Plaintiffs' Complaint does not allege any specific factual allegations against Defendant Brandon Whipple. The only mention of Defendant Brandon Whipple in the Plaintiffs' Complaint is in the Plaintiffs' listing of the parties: "Defendant CITY OF WICHITA CITY COUNCIL is a local city government in Wichita, Kansas with DR. BRANDON WHIPPLE

as Mayor being sued in their official and individual capacities with the principle office at City Hall, 455 N. Main, Wichita, Kansas 67202." Complaint, Dkt. 1, ¶21.

## STATEMENT OF FACTS

1.	Plaintiffs' Complaint relies upon events that allegedly occurred relating to Plaintiff Carla Davis' pregnancy in 2002, and when she gave birth to Plaintiff Jalen Davis on January 23, 2003. Complaint, Dkt. 1, ¶¶56-67. Plaintiff Carla Davis further alleges an unknown device was placed in her chest blood vessels at Wesley Medical Center on February 4, 2004. Complaint, Dkt. 1, ¶68. Plaintiffs' Complaint also alleges that "public officials" denied plaintiffs access to their medical records, and stole the blood of Plaintiff Jalen Davis in August 2008. Complaint, Dkt. 1, ¶¶67-70.

## STATEMENT OF ISSUES

The issues presented are whether Plaintiffs' Complaint should be dismissed in its entirety against Defendant Brandon Whipple because:

1.	The Court lacks subject-matter jurisdiction.

2.	Defendant Brandon Whipple is entitled to qualified immunity.

3.	Plaintiffs fail to state a claim against Defendant Brandon Whipple pursuant to 42 U.S.C. 1983.

4.	Plaintiffs fail to state a claim against Defendant Brandon Whipple pursuant to 42. U.S.C. 1985.

## ARGUMENT AND AUTHORITIES

1. **Standard of Review Under Fed. R. Civ. P. 12(b)(6)**.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and views them in the light most favorable to the non-moving

party to determine whether they plausibly give rise to an entitlement of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679(2009). The pleading standard arising from the decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal* (coined the *Twiqbal* standard), requires that a complaint plead facts sufficient to show that the claims have substantive plausibility.

*Twiqbal* emphasizes the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions, which instead must be supported by facts. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. *Iqbal*, at 679-80; *Twombly*, 550 U.S. at 555. When determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. *Iqbal*, 556 U.S. at 678. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Fed. R. Civ. P. 8 depends on the type of case. *Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008)

Plaintiffs' Complaint should be dismissed for their failure to comply with Rule (8)(2). Rule (8)(2) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint must allege sufficient facts to make it clear who did what to whom. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Complaints in which plaintiffs assert that their rights "were violated" or that defendants "infringed" on his rights are insufficient. *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). A plaintiff must specify actions taken by particular defendants in order to establish a § 1983 claim. *Pahls* at 1210.

2. **The Plaintiffs' Complaint must be dismissed as the Court lacks subject matter jurisdiction.**

Federal courts have subject-matter jurisdiction only over cases in which the plaintiff satisfies the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Federal courts have no jurisdiction over cases in which the plaintiff lacks standing to bring the complaint. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing has three components. First, plaintiffs must show that they have suffered an injury-in-fact that is both concrete in nature and particularized to them. *Allen v. Wright*, 468 U.S. 737, 755 (1984). Second, the injury must be fairly traceable to defendants' conduct. *Allen* at 757. Third, the injury must be redressable—relief "must be 'likely' to follow from a favorable decision." *Id.* Plaintiff has the burden to show that he has Art. III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Here, Plaintiffs have failed to meet the second component under *Allen*. Specifically, there are no allegations in Plaintiffs' Complaint alleging that the injuries complained of by the Plaintiffs are traceable to conduct by Defendant Brandon Whipple. Therefore, Plaintiffs have failed to meet their burden to show that they have Art. III standing, and Plaintiffs' Complaint against Defendant Brandon Whipple should be dismissed.

3. **Defendant Brandon Whipple is entitled to qualified immunity**.

Qualified immunity shields public officials from civil liability so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015). Qualified immunity shields a government official from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2077 (2011). When the defense of

qualified immunity is raised, the onus is on the plaintiff to demonstrate "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015).

To demonstrate the infringement of a clearly established right, one must either direct the court to "an on-point Supreme Court or published Tenth Circuit decision" or demonstrate that "the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015) (quoting *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010)). The case or cases must then allow us to conclude that "every 'reasonable official would have understood what he is doing violates [a clearly established] right." *al-Kidd* at 2078 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The qualified immunity analysis involves a standard akin to a "sliding scale": "[t]he more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation. *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007). In all events, however, it remains necessary for the plaintiff to demonstrate that "every reasonable official would have understood" that what he did violated the law. *al-Kidd* at 2078.

If the Plaintiff fails to satisfy either part of the inquiry, the Court must grant qualified immunity. *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1208 (10th Cir. 2017). In this instant case, the Plaintiffs' Complaint fails to demonstrate any specific action by Defendant Brandon Whipple, as Mayor of the City of Wichita, that violated a constitutional right asserted by the Plaintiffs. Therefore, Defendant Brandon Whipple is entitled to qualified immunity and Plaintiffs' Complaint against him should be dismissed.

4. **Plaintiffs fail to state a claim against Defendant Brandon Whipple pursuant to 42 U.S.C. 1983.**

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff, when the defendant did it, how the defendant's action harmed the plaintiff and what specific legal right the plaintiff believes the defendant violated. *Nasious v. Two Unknown B.I.CE. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Tenth Circuit has consistently held that individual liability under §1983 must be based on personal involvement in the alleged constitutional violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Additionally, §1983 does not allow a Plaintiff to hold an individual government official liable under a theory of *respondeat superior*. *Dodds v. Richardson*, 614 F.3d 1185, 1194 (10th Cir. 2010).

Here, Plaintiffs' Complaint does not include any factual allegations explaining the specific actions by Defendant Brandon Whipple, and how such actions harmed the plaintiffs. Absent specific factual allegations that Defendant Brandon Whipple engaged in specific personal conduct against Plaintiffs, the Plaintiffs' Complaint fails against Defendant Brandon Whipple and should be dismissed.

5. **Plaintiffs fail to state a claim against Defendant Brandon Whipple pursuant to 42. U.S.C. 1985**.

Plaintiffs also allege in their Complaint that their case is brought pursuant to 42 U.S.C. §1985. However, Plaintiffs fail to allege the necessary elements of a conspiracy under 42 U.S.C. §1985. The four elements of a claim under 42 U.S.C. §1985 are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995); and *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

Further, to state a claim pursuant to 42 U.S.C. §1985, a plaintiff must allege a racial or class based invidious discriminatory animus against the defendant. See *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) and *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1429-30 (8th Cir. 1986). The intended victim of the conspiracy must be a victim not because of any personal malice the contributors have toward him, but because of his membership in or affiliation with a particular protected class. *United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 850 (1983).

Plaintiffs have failed to alleged that they are members of any protected class, or that any actions by Defendant Brandon Whipple were taken based on Plaintiffs' membership in or affiliation with a particular protected class. Without any facts or allegations that the Plaintiffs are members of a protected class, their 42 U.S.C. § 1985 claim fails as a matter of law. *See Home Quest Mortgage LLC v. American Family Mutual Ins.*, 340 F. Supp. 2d 1177 (2004) and *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

Secondly, Plaintiffs have failed to establish the existence of a conspiracy. An allegation of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. *Crabtree By & Through Crabtree v. Muchmore,* 904 F.2d 1475, 1476 (10th Cir. 1990) and *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Mere conclusory allegations of a conspiracy with no supporting factual averments are insufficient to state a claim under Section 1985(3). *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) and *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983).

Plaintiffs' Complaint has no factual allegations which allege any conspiracy on behalf of Defendant Brandon Whipple to violate Plaintiffs' constitutional rights. Therefore, Plaintiffs' fail

to state a claim against Defendant Brandon Whipple pursuant to 42 U.S.C. §1985, and Plaintiffs' Complaint against Defendant Brandon Whipple should be dismissed.

## CONCLUSION

WHEREFORE, premises considered, Defendant Brandon Whipple prays the Court grant his Motion to Dismiss and enter an Order dismissing the Plaintiffs' claims with prejudice and for such other and further relief as the Court deems just, fair and equitable.

Respectfully submitted,

/s Erik S. Houghton
Erik S. Houghton, #27368
Deputy City Attorney
City Hall – 13th Floor
455 N. Main
Wichita, KS  67202
(316) 268-4681
Fax:  (316) 858-7777
Email:  ehoughton@wichita.gov
*Attorney for Defendant Brandon Whipple*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2023, I presented the a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT BRANDON WHIPPLE'S MOTION TO DISMISS to the clerk of the court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to the following:

Any Party or Counsel who has entered an appearance

I further certify that a true and correct copy of the above and foregoing MEMORANDUM IN SUPPORT OF DEFENDANT BRANDON WHIPPLE'S MOTION TO DISMISS was deposited in the United States mail, postage prepaid, on the 6th day of March, 2023, and properly addressed to:

Carla Davis
901 N. Belmont
Wichita, KS 67208

Jalen Davis
901 N. Belmont
Wichita, KS 67208

  /s/ Erik S. Houghton_____
Erik S. Houghton