IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLA DAVIS and
JALEN DAVIS,

                Plaintiffs,

vs.                                        Case No. 6:23-cv-1010-JAR-KGG

U.S. DEPARTMENT OF JUSTICE, et al.,

                Defendants.

## AMENDED[1] MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The United States (hereinafter the Federal Defendants), on behalf of the United States Department of Justice; U.S. Attorney General Merrick B. Garland only in his official capacity; U.S. Department of Health and Human Services; Xavier Becerra, Secretary of Health and Human Services only in his official capacity; Duston Slinkard, United States Attorney for the District of Kansas only in his official capacity; and U.S. District Court Judge Eric Melgren, as former United States Attorney for the District of Kansas only in his official capacity; through counsel Christopher Allman, Assistant United States Attorney for the District of Kansas, file this motion to dismiss all of the Plaintiffs' claims for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a plausible claim under Rule 12(b)(6).

---

[1] The Federal Defendants file this Amended Memorandum in Support of their Motion to Dismiss to make clear that at this time counsel for the United States does not have authority from the Department of Justice under 28 C.F.R. § 50.15 to represent U.S. Attorney General Merrick B. Garland; Xavier Becerra, Secretary of Health and Human Services; Duston Slinkard, United States Attorney for the District of Kansas, and U.S. District Court Judge Eric Melgren, as former United States Attorney for the District of Kansas in their individual capacities.  Consequently, this Amended Memorandum in support the Amended Motion to dismiss only seeks dismissal of the Plaintiffs' claims against the USDOJ, HHS, and the named federal defendants in their official capacities only.

**Overview**

On January 23, 2023, *pro se* Plaintiffs commenced this action against the United States Department of Justice, Department of Health and Human Services, and four officers or employees of the United States—U.S. Attorney General Merrick B. Garland, Secretary of Health and Human Services Xavier Becerra, United States Attorney for the District of Kansas Duston Slinkard, and U.S. District Court Judge Eric Melgren, formerly United States Attorney for the District of Kansas. Plaintiffs also name numerous other non-federal persons or entities as defendants.

Plaintiffs allege that this action is brought "pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 seeking injunctive and declaratory relief together with money damages against defendants for past and ongoing violations of the Fourth, Fifth, and Fourteen Amendments of the United States Constitution." *Compl*. 1, ¶ 43.

Plaintiffs begin their factual allegations by stating that after September 11, 2001, the State of Kansas received federal funding to create a Bioterrorism Hospital Preparedness and Coordinating Council. *Id.* at ¶ 46. After citing a number of events in 2002 pertaining to bioterrorism and health laws, Plaintiff Carla Davis alleges that on October 18, 2002, she made health care choices for herself that did not get fulfilled, resulting in a violation of her rights as well as the rights of her unborn son, Plaintiff Jalen Davis. *Id.* at ¶ 57. From there she relates being mistreated by hospital personnel to include being administered toxic doses of drugs, rape, and stabbing with a needle. *Id.* at ¶ 63-67. Then in 2008, "public officials" stole the blood of Jalen Davis at Children's Mercy Hospital and prevented him from receiving medical treatment. *Id.* at ¶ 70. In addition, she was falsely accused of child abuse and denied access to her and Jalen Davis' medical records and is still being denied access to medical records. *Id.* at ¶ 71-72. Plaintiffs seek monetary damages for these actions and access to their medical records.

**Legal Standards**

A.      **Rule 12(b)(1) Standards**

"Federal courts are courts of limited jurisdiction." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). This Court's jurisdiction is established by the Constitution and acts of Congress. *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982), and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, *id.* at 701–02."). "Sovereign immunity is jurisdictional in nature.  Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (*quoting United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint based on lack of jurisdiction over the subject matter of the complaint.  *See Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002).  When determining subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations, and has wide discretion to review outside documents.  *Id.*; *see also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  This Court may dismiss a claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) by assuming either all well-pleaded facts are true or where facts underlying subject matter jurisdiction are challenged, the Court has discretion to allow affidavits and other documents to resolve jurisdictional facts. *Holt*, 46 F.3d at 1002-03. When reviewing a motion to dismiss, the Court is not required to accept conclusory allegations, unwarranted inferences, or legal conclusions in a complaint. *Dry v. United States*, 235 F.3d 1249,

1255 (10th Cir. 2000).  The Court does not defer to allegations in the complaint that constitute

legal questions, because those issues are within the purview of the Court.  *Id.* at 1257.

"[T]he court has an independent obligation to satisfy itself that subject matter jurisdiction

is proper."  *Coffman v. CHS Gas & Oil*, No. 18-4031-DDC-GEB, 2018 WL 3616948, at *3 (D.

Kan. July 30, 2018), *appeal dismissed*, No. 18-3168, 2018 WL 7223064 (10th Cir. Nov. 27, 2018)

(*citing Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).  The court "must

dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is

lacking."  *Id. (citing Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th

Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action.").  The burden of establishing subject

matter jurisdiction is on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.,* 495

F.2d 906, 909 (10th Cir. 1974).

**B.      Rule 12(b)(6) Standards**

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs must set forth

a complaint that contains "a short and plain statement of the claim showing that the pleader is

entitled to relief," and that is "*plausible on its face*." *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007) (emphasis added). A plaintiff's complaint must include more than labels, legal

conclusions, and formulaic recitations of the cause of action's elements. *Id*. at 545.

The facts pled must provide more than a speculative chance of the right to relief. *Id*.

Furthermore, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).  Facial plausibility is found "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*.  The Tenth Circuit has further clarified this standard by holding that the "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a *reasonable likelihood* of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis added); *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

### C.        Pro Se Litigant Standards

Plaintiffs are proceeding pro se in this case. "[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted).  In *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Id.* at 1110; *see also Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). Additionally, it is not the proper function of the district court to assume the role of the advocate for the pro se litigant.  *See Hall*, 935 F.2d at 1110.

A pro se litigant must comply with the Federal Rules of Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'") (*quoting Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *see also Drake v. City*

*of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues""). Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

<u>**Analysis**</u>

I.   **PLAINTIFFS' CLAIMS AGAINST THE FEDERAL DEFENDANTS SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1)**

   A.   **Plaintiffs' Claims Are So Completely Devoid of Merit That The Court Lacks Subject Matter Jurisdiction To Consider Them**

Plaintiffs' claims against the Federal Defendants are so insubstantial, implausible, remote in time that this court lacks subject matter jurisdiction to consider them.  *See Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions, . . . or otherwise completely devoid of merit as not to involve a federal controversy" (quotation omitted)); *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *2-3, 7 (D. Kan. Apr. 2, 2010) (dismissing, as insubstantial, action under FISA and the Patriot Act alleging that former state legislator and other officials unlawfully surveilled plaintiff and "use[d] a 'steroid cocktail' to try and cause [the] death" of plaintiff's spouse, stating "[c]laims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed . . . for lack of subject matter jurisdiction") (collecting similar cases), *aff'd*, 391 F. App'x 745 (10th Cir. 2010); *Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012) (affirming dismissal of Section 1983 action alleging secret surveillance of plaintiff, stating "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible" (quotation omitted)); *Tarshik v. Kansas*, 327 F.

App'x 56, 57 (10th Cir. 2009) (affirming dismissal of "insubstantial" action alleging that defendants participated in an "organized crime syndicate which has repeatedly tried to poison him and caused him a variety of injuries").

## B.   Plaintiffs' Claims Against the Federal Defendants are Barred by Sovereign Immunity

"Federal courts are courts of limited jurisdiction." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). This Court's jurisdiction is established by the Constitution and acts of Congress. *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir.1995) ("Federal courts have limited jurisdiction, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982), and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, *id.* at 701–02."). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (*quoting United States v. Sherwood*, 312 U.S. 584, 586 (1941). A court "must dismiss [a]cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (*citing Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

To the extent that Plaintiffs assert constitutional tort claims against the United States, its agencies, and its employees in their official capacity, those claims must be dismissed for lack of subject matter jurisdiction. Constitutional tort claims against the United States or its officers in their official capacity are barred by sovereign immunity unless specifically waived by the United

States.  *F.D.I.C.*, at 477-78 ; *Kentucky v. Graham*, 473 U.S. 159, 165–68 (1985) (a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *Fay v. United States*, 389 F. App'x 802, 804 (10th Cir. 2010) (claims against the United States under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), are barred by sovereign immunity.).  The United States has not waived sovereign immunity for causes of action brought under 42 U.S.C. §§ 1983 and 1985.  *Robles v. Amarr Garage Doors*, No. 11-2707-JAR-DJW, 2012 WL 2359423, at *6 (D. Kan. June 20, 2012).  Plaintiffs' complaint fails to identify a federal statute that allows them to assert any claim against the United States, its agencies or employees acting in their official capacities.

To the extent Plaintiffs' claims are construed as *Bivens*[2] claims against Attorney General Garland, Secretary Becerra, USA Slinkard, or former USA and now Chief Judge Melgren, in their official capacity for the alleged violations of Plaintiffs' constitutional rights, such claims are also barred by additional well-established principles of sovereign immunity.  *See Kelly v. Wilson*, 426 F. App'x 629, 633 (10th Cir. 2011) ("And, finally, sovereign immunity bars a *Bivens*-type action against a United States agent in his or her official capacity." (*citing Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.  Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.")); *Hudson v. Cahill*, No. 15-CV-2319-JAR, 2015 WL 6738714, at *3 (D. Kan. Nov. 4, 2015) ("Finally, to the extent that Plaintiff's complaint may be construed

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing a suit for damages against federal officials whose actions violated an individual's constitutional rights, even though Congress had not expressly authorized such suits).

to assert a *Bivens* claim against the United States, the U.S. Marshals Service, or Deputy U.S. Marshals acting in their official capacity, that claim is also barred by sovereign immunity.") (footnote/citations omitted); *Davenport v. U.S. Dep't of Treasury,* No. 14-2527, 2015 WL 1346847, at *3 (D. Kan. Mar. 25, 2015) ("To the extent plaintiff asserts a *Bivens* or constitutional tort claim against the United States, that claim is also barred by sovereign immunity." (*citing Greenlee v. U.S. Postal Serv.*, No. 05–2509 JWL, 2006 WL 2460645, at *1 (D. Kan. Aug. 23, 2006)).[3]

### C.   If Construed as Damages Claims Brought Under the Federal Tort Claims Act (FTCA), Plaintiffs' Claims are Barred by Sovereign Immunity

#### 1.   *Only the United States is a Proper Defendant Under the FTCA*

While difficult to discern from the Complaint, if Plaintiffs intend to allege state law tort claims against any of the Federal Defendants, Plaintiffs have failed to name the United States as a party—dooming their claims to dismissal. "The United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001).

> As an initial matter, we, like the district court, note that Smith asserted his FTCA claim against all the named defendants. "The United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001). Thus, the district court correctly dismissed Smith's FTCA claims against every defendant except the United States on the ground that those defendants were not proper parties.

*Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). *See Wilson v. U.S. Marshals Serv.*, 17-3224-SAC, 2018 WL 4681638, at *5 (D. Kan. Sept. 28, 2018) (same).

> The FTCA allows a plaintiff to assert a claim for money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the United States. 28 U.S.C. § 1346(b)(1). The FTCA "provides the exclusive remedy for tort actions

---

[3] From the docket, it appears to the United States that service has not been perfected under Federal Rules of Civil Procedure Rule 4(e)(3) for the federal defendants as sued in their individual capacities.

against the federal government, its agencies, and employees." *Wexler v. Merit Sys. Prot. Bd.*, 1993 WL 53548 *2 (10th Cir. 2/17/1993). Only the United States, however, is a proper defendant in a lawsuit under the Federal Tort Claims Act. Plaintiff names the Department of Justice as a defendant. "[F]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Id*. (citing *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) and *Vernell v. U.S. Postal Service*, 819 F.2d 108, 110 (5th Cir. 1987)); *see also Ngiendo v. Social Security Administration*, 547 Fed. Appx. 913, 914 (10th Cir. 2013); *Hudson v. Cahill*, 2015 WL 6738714 *2 (D. Kan. 11/4/2015); *Davenport v. U.S. Dept. of Treasury*, 2015 WL 1346847 *1 (D. Kan. 3/25/2015).

*Jones v. Dep't of Justice*, No. 16-3173-SAC-DJW, 2016 WL 11551058, at *2 (D. Kan. Oct. 19, 2016). Consequently, any purported state law tort claim, liberally construed as FTCA claims, against the named federal defendants must be dismissed for lack of subject matter jurisdiction. *See Leavenworth Cty., Kansas, Bd. of Commissioners v. Lewis*, No. 19-02664-EFM-TJJ, 2020 WL 1659864, at *3 (D. Kan. Apr. 3, 2020) ("It is well-established, however, that only the United States is a proper defendant in a lawsuit under the FTCA. Indeed, the 'failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.' Accordingly, Lewis' claims under the FTCA against May and Medina must be dismissed for lack of subject matter jurisdiction.") (footnotes/citations omitted).

> 2.   *Plaintiffs' Failure to Exhaust Administrative Remedies Under the FTCA Before Filing Claims Against the Defendants in Federal District Court Deprives this Court of Subject Matter Jurisdiction Over Those Claims*

If Plaintiffs' Complaint is liberally construed to assert FTCA claims, the Plaintiffs did not exhaust administrative remedies under the FTCA prior to commencing this suit. The Plaintiffs' Complaint does not allege administrative exhaustion, and as the parties asserting claims in federal court, bear the burden of establishing subject matter jurisdiction. *Se Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing . . . jurisdiction, of course, remains on the party asserting it.").

The United States, as a sovereign, "is immune from suit except as it consents to be sued" and "the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action." *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294-95 (10th Cir. 1977) (*citing United States v. Sherwood*, 312 U.S. 584, 586 (1941)).   Under the FTCA—and subject to a number of exceptions—persons claiming injuries for the negligence of the United States may seek compensatory damages.  *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.").

"The Federal Tort Claims Act provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (*quoting* 28 U.S.C. § 2675(a)).  Consequently, Plaintiffs' unexhausted tort claims, construed liberally as FTCA claims, against the Federal Defendants must be dismissed for lack of subject matter jurisdiction.

Finally, even if Plaintiffs named the proper defendant—the United States—and can demonstrate that they exhausted their administrative remedies under the FTCA before filing this suit, Plaintiffs' claims against the Federal Defendants are also time-barred by the applicable two-year statute of limitations.  Plaintiffs' physical injuries are alleged to have occurred between January, 2003, and August, 2008. *Compl.* at ¶¶ 63-67, 70.  To avoid the statute of limitations Plaintiffs needed to file their complaint no later than August 2010.  Their complaint was filed January 23, 2023, well beyond the limitations period.

"[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless

action is begun within six months after the date of mailing, by certified or registered mail, of

notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

> Though the statute of limitations is an affirmative defense, it may be "raised and resolved in the Rule 12(b) context" when "the critical dates appear[ ] plainly on the face" of a complaint because "the defense [also] appears plainly on the face of the complaint." *Lee v. Rocky Mountain UFCW Unions & Emp'rs Tr. Pension Plan*, 13 F.3d 405, 1993 WL 482951, at *1 (10th Cir.1993) (*quoting Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965)); *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016). But, this is true only when the dates that appear plainly in the complaint "make [it] clear that the right to be sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

*Neighbors v. Kansas*, No. 16-CV-04023-DDC-KGS, 2017 WL 402167, at *7 (D. Kan.

Jan. 30, 2017).

## Conclusion

Plaintiffs' claims against the Federal Defendants should be dismissed for lack of

subject matter jurisdiction or failure to state a plausible claim that is not barred by

sovereign immunity. Even if construed as FTCA claims, Plaintiffs have failed to name

the proper party, the United States, and have failed to administratively exhaust their

grievances or timely file their claims.

Respectfully submitted,

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S.Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: chris.allman@usdoj.gov

Attorney for the Federal Defendants

CERTIFICATE OF SERVICE

I certify that on March 6, 2023, this document was electronically filed with the Clerk of the Court by using the CM/ECF system and a paper copy was sent to the Plaintiffs by U.S. mail addressed as follows:

Carla Davis
901 N. Belmont
Wichita, KS 67208

Jalen Davis
901 N. Belmont
Wichita, KS 67208

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney

13