IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS and <br> JALEN DAVIS <br>       Plaintiffs <br><br> v. <br><br> U.S DEPARTMENT OF JUSTICE, et al., <br><br>       Defendants | 6:23-CV-1010-JAR-KGG |

**DEFENDANTS KANSAS INSURANCE DEPARTMENT'S AND VICKI SCHMIDT'S MOTION TO DISMISS**

Defendants Kansas Insurance Department and Vicki Schmidt, in her capacity as Kansas Insurance Commissioner and in her individual capacity (collectively the "Insurance Defendants"), hereby move the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) for an order dismissing the Plaintiffs' Complaint (Doc. 1). In support, the Insurance Defendants show the Court:

**INTRODUCTION**

The Insurance Defendants, presumably like many of the other scores of defendants, have no transactional or occurrence connection to the Plaintiffs. None of the facts in the Complaint, except for identifying the Insurance Defendants in Paragraphs 15 and 16, pertain to the Insurance Defendants. Given the Plaintiff's extensive and unsuccessful history of litigation against a plethora of government officials, past and present, as set forth in the other Defendants' motions to dismiss and memoranda in support, *see e.g.,* Docs. 93, 94, 96, 97, 98, 100, 101, and 102, and given the clearly deficient pleading in this case, the Court should promptly and resolutely dismiss the incoherent and implausible Complaint with prejudice for failure to state a claim and for lack of subject matter jurisdiction.

1

## ARGUMENT AND AUTHORITY

**The Court lacks subject matter jurisdiction because the Insurance Defendants are cloaked with immunity pursuant to the Eleventh Amendment.**

The Court lacks subject matter jurisdiction because the Plaintiffs' claims against the Insurance Defendants are barred by the Eleventh Amendment.

"The [E]leventh [A]mendment generally bars lawsuits in federal court seeking damages against states as well as against state agencies, departments, and employees acting in their official capacity." *Bishop v. John Doe 1*, 902 F.2d 809, 810 (10th Cir. 1990) (citing *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982)). "[O]nce effectively asserted[,] [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000). Because it is a jurisdictional bar, Eleventh Amendment immunity is appropriately asserted under Rule 12(b)(1). *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court."); *see also Winter v. Mansfield*, No. 19-3236-HLT-TJJ, 2021 WL 4354617, at *2 (D. Kan. Aug. 27, 2021) (citing *Ruiz*, 299 F.3d at 1180; then citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

The Kansas Commissioner of Insurance is an officer of the State of Kansas. *See* K.S.A. § 40-102 *et seq.*; *see also Hamrick v. Farmer All. Mut. Ins. Co.*, No. 03-4202-JAR, 2004 WL 955273, at *7 (D. Kan. Apr. 27, 2004) (finding that the Court lacked jurisdiction over an official capacity suit against the Kansas Commissioner of Insurance due to Eleventh Amendment immunity).

Furthermore, the Eleventh Amendment "protects not only states, but also state agencies and state officials sued in their official capacities." *Winter v. Mansfield*, No. 19-3236-HLT-TJJ, 2021 WL 4354617, at *2 (D. Kan. Aug. 27, 2021) (citing *Kentucky v. Graham*, 473 U.S. 159, 169

(1985)); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 165–66 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)).

Because Plaintiffs bring suit against the Kansas Insurance Department and Vicki Schmidt in her official capacity as the Kansas Commissioner of Insurance, the Eleventh Amendment bars Plaintiffs' suit. Thus, the Court should find that jurisdiction is lacking and dismiss the suit.

**Plaintiffs' Complaint should be dismissed because there are insufficient allegations in the Complaint to state a claim against the Insurance Defendants.**

The standards governing a motion to dismiss pursuant to Rule 12(b)(6) are well known. The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

> The complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. If matters outside the pleadings are considered by the court, the Rule 12(b)(6) motion is treated as a motion for summary judgment and disposed of pursuant to Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b); Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."

*Hall v. Bellmon,* 935 F.2d 1106, 1109–10 (10th Cir. 1991)(citations omitted).

Further, as the United State Supreme Court has stated in the oft-cited case of *Ashcroft v. Iqbal*:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

3

> face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

556 U.S. 662, 67, 129 S. Ct. 1937, 1949 (2009)(citations omitted).

Ultimately, the complaint must give the court reason to believe that this plaintiff has a *reasonable likelihood* of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis added); *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008).

The Plaintiffs' Complaint has no reasonable likelihood of mustering factual support for their incoherent claims. Plaintiffs have not alleged any facts particular to the Insurance Defendants that give rise to any plausible claim. Further, it is patently obvious that Plaintiffs' could allege any set of facts that would show they are entitled to relief against the Insurance Defendants. Rather, it should be clear, from the face of the Complaint, that the Insurance Defendants were merely added because they are government entities. No set of facts pertaining to the Insurance Defendants has – or ever could be – pled to show the Insurance Defendants have ever been involved with the outrageously spurious claims of unconstitutional conduct that happened to the Plaintiffs more than two decades ago.

Further, any plausibility of a successful claim against the Insurance Defendants is entirely negated by their being time-barred and flawed due to the doctrine of qualified immunity. If Plaintiffs' claims have any chance of success, the Plaintiffs must show that it was sufficiently clear that every reasonable official would have understood that what the official was doing violates some right. Here, the Insurance Defendants aren't even sufficiently clear on what they are alleged to

have done. Plaintiffs cannot show the Insurance Defendants violated any clearly established statutory or constitutional right. Thus, the Complaint should be dismissed.

## CONCLUSION

The Plaintiffs' claims against the Insurance Defendants should be dismissed. The Court lacks subject matter jurisdiction and the Plaintiffs have failed to state a claim upon which relief can be granted. The Insurance Defendants respectfully request the Court enter an order dismissing them from the Plaintiffs' frivolous lawsuit.

Respectfully Submitted,

*/s/ Justin L. McFarland*
Justin L. McFarland #24247
Kansas Insurance Department
1300 SW Arrowhead Road
Topeka, Kansas 66604
T: (785) 296-7847
F: (785) 291-3673
justin.l.mcfarland@ks.gov
*Attorney for Defendants*
*Vicki Schmidt and Kansas Insurance Department*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2023, a true and correct copy of the above and foregoing was filed with the Clerk of Court via CM/ECF which will send notification of such filing to the counsel and parties of record.

And a copy was sent via U.S. Mail, first-class postage prepaid to the following:

Carla Davis
Jalen Davis
901 N. Belmont
Wichita, KS 67208
cardav01292021@yahoo.com
**Plaintiffs Pro Se**

                                              */s/ Justin L. McFarland*

                                              Justin L. McFarland #24247
                                              Counsel for Defendants Vicki Schmidt and
                                              Kansas Insurance Department