IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS and <br> JALEN DAVIS <br>                 Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, et al., <br><br>                 Defendants. | 6:23-CV-1010-JAR-KGG |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COME NOW, the Defendants, Kansas Department of Health and Environment (hereinafter "KDHE"), Janet Stanek, Secretary of KDHE, in her individual and official capacity, and Gianfranco Pezzino, MD, in his individual and official capacity, and submits their memorandum in support of their motion to dismiss all of Plaintiffs' claims against Defendants, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or 12(b)(6) for failure to state a claim.

## OVERVIEW

On January 23, 2023, Plaintiffs Carla Davis and Jalen Davis filed a Complaint against KDHE, a state Agency in Kansas, Secretary Stanek, Dr. Pezzino, and numerous other government agencies, individuals, and entities.  Plaintiffs allege in their Complaint that Plaintiffs' action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  Plaintiffs state in their Complaint that they are "seeking injunctive and declaratory relief together with money damages against defendants for past and ongoing violations of the Fourth, Fifth, and Fourteen Amendments of the United States Constitution." Compl. 1, ¶ 43.  Plaintiffs fail to allege any facts indicating KDHE, Secretary Stanek, or Dr. Pezzino harmed Plaintiffs.  Indeed, Plaintiffs' only factual allegation against KDHE is limited to "[o]n July 31, 2022 Sedgwick County Commissioners approved a

contract with KDHE providing implementation of bioterrorism planning and preparedness." *Id.* at ¶ 51. Plaintiffs make no factual allegations against Secretary Stanek or Dr. Pezzino and the only mentions of Secretary Stanek and Dr. Pezzino are in Plaintiffs' listing of the parties.

Plaintiffs begin their factual allegations by recounting events occurring after September 11, 2001 related to Bioterrorism Preparedness, including alleging that "[o]n July 31, 2022 Sedgwick County Commissioners approved a contract with KDHE providing implementation of bioterrorism planning and preparedness." *Id*. Plaintiff Carla Davis then alleges on August 20, 2022 she was "pregnant with her in utero child Jalen Davis and made a health services contract with Wichita Clinic P.A. for OG/GYN care with Clyde Wilson Wesbrook M.D." *Id.* at ¶ 56. Plaintiff Carla Davis further alleges on October 18, 2022, "Carla Davis made health care choices for herself that did not get fulfilled, and there has been ongoing violations of the rights of herself and her the in utero child, now an adult by the name of Jalen Davis." *Id.* at ¶ 57. Plaintiffs then make a series of allegations related to Plaintiff Carla Davis' pregnancy and subsequent delivery at Wesley Medical Center. *Id.* at ¶ 60-67. Plaintiff Carla Davis further alleges an unknown device was placed in her chest blood vessels at Wesley Medical Center on February 4, 2004. *Id.* at ¶ 68. Plaintiff Carla Davis then alleges in 2008, "public officials stole the blood of Jalen Davis at Children's mercy Hospital and prevent him from receiving medical treatment." *Id.* at ¶ 70. Plaintiffs then allege that Plaintiff Carla Davis was falsely accused of child abuse and denied access to her and Jalen Davis' medical records. *Id.* at ¶ 71-72.

## ARGUMENT AND AUTHORITIES

**I.     PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1)**

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### A.     *Plaintiffs' Claims Are So Completely Devoid of Merit That This Court Lacks Subject Matter Jurisdiction To Consider Them.*

Plaintiffs' claims are so insubstantial, implausible, remote in time that this court lacks subject matter jurisdiction to consider them. *See Olsen v. Aebersold,* 71 F. App'x 7, 9 (10th Cir. 2003).  In their Amended Memorandum in Support of their Motion to Dismiss, the Federal Defendants cite a number of unpublished decisions reflecting dismissal of cases for lack of jurisdiction where allegations were deemed to be implausible, frivolous, or insubstantial. (*See* Doc. 101 at 6-7). The allegations in the present complaint are of just such a nature and accordingly Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction.

> **B.    This Court lacks Subject Matter jurisdiction as the Kansas Department of Health and Environment and state officials are immune from suit under the Eleventh Amendment.**

Defendants KDHE, Secretary Stanek, and Dr. Pezzino assert that the court lacks subject matter jurisdiction over the claims asserted by the Plaintiffs because they are immune from suit under the Eleventh Amendment. The "Eleventh Amendment immunity's primary purpose is to accord states the respect owed them as joint sovereigns," by granting immunity to nonconsenting states to suits in federal court. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citations omitted). "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Id.* (citations omitted).

> Three exceptions exist to a state's sovereign immunity:
>
> First, a party may sue a state in federal court notwithstanding the Eleventh Amendment if the state consents to suit. *Id.* at 1286. Second, a party may sue a state if Congress has abrogated the state's sovereign immunity in a clear and unequivocal manner pursuant to a valid exercise of its power. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a party may sue individual state officers in federal court in their official capacity for prospective injunctive relief. *See Hill,* 478 F.3d at 1255–56.

*Smith v. Kansas*, 574 F. Supp. 2d 1217, 1219-20 (D. Kan. 2008).

Here, the State of Kansas has not waived immunity, and the "Supreme Court has previously held that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195–96 (10th Cir. 1998) (citing *Quern v. Jordan*, 440 U.S. 332, 338–40 (1979)). Thus, Eleventh Amendment immunity bars Plaintiffs' 42 U.S.C. §§ 1983 and 1985 claims against Defendant KDHE as KDHE is an Agency of the State of Kansas. *See id.* (holding that Eleventh Amendment immunity barred plaintiffs' §§ 1981, 1983, and 1985 claims "against Kansas and its state agencies in the federal

4

courts").

The Eleventh Amendment also bars Plaintiffs' claims for money damages against state agencies. *Id.* at 1196.  As Defendant KDHE is an arm of the State of Kansas, which has not waived its Eleventh Amendment immunity for suits brought pursuant to 42 U.S.C. §§ 1983 and 1985, the claims cited by Plaintiff in the Complaint for relief with respect to 42 U.S.C. §§ 1983 and 1985 money damages cannot proceed. *See Bock Associates v. Chronister*, 951 F. Supp. 969 (D. Kan. 1996) (holding that Eleventh Amendment barred federal district court from hearing § 1983 suit against Secretary of Kansas SRS).

Eleventh Amendment immunity applies to Secretary Stanek and Dr. Pezzino when sued in their official capacities, as "a suit against a state official in his or her official capacity … is no different than a suit against the State itself." *Cosgrove v. Kansas Dept. of Social and Rehabilitative Services*, 744 F. Supp. 2d 1178, 1189 (D. Kan. 2010) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).  Further Plaintiffs' complaint fails to seek proper prospective injunctive relief against Defendant Secretary Stanek, Secretary of the KDHE, or Dr. Pezzino because the Complaint alleges no actions on their part, and certainly none that are unconstitutional such as to invoke *Ex parte Young*.  Therefore, Secretary Stanek and Dr. Pezzino are entitled to dismissal of the claims asserted against them in their official capacities based on Eleventh Amendment Immunity.

This Court lacks subject matter jurisdiction as KDHE, Secretary Stanek, and Dr. Pezzino are immune from suit under the Eleventh Amendment. Accordingly, Plaintiffs' Complaint against KDHE should be dismissed for lack of subject matter jurisdiction.

## II. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs must set forth a complaint that contains a short and plain statement of the claim showing that the pleader is entitled to relief. Further, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Additionally, a Complaint must allege sufficient facts to make it clear who did what to whom. To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff, when the defendant did it, how the defendant's action harmed the plaintiff and what specific legal right the plaintiff believes the defendant violated. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Complaints in which plaintiffs assert that their rights "were violated" or that defendants "infringed" on his rights are insufficient. *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2008).

In considering a motion to dismiss, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of the truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 557). Therefore,

6

allegations which are "no more than conclusions are not entitled to an assumption of truth." *Id.* (citing *Twombly*, 550 U.S. at 557).  Although the court must assume that the complaint's factual allegations are true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal* at 678. "The tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### A.    *Plaintiffs fail to state a claim against KDHE.*

Plaintiffs have failed to meet the standards set forth in the Federal Rules of Civil Procedure. Plaintiffs' assert no specific claims against KDHE and the only mention of KDHE in Plaintiffs' complaint is to a purported contract between KDHE and Sedgwick County.  Plaintiffs make no further allegations or discernible connections between the alleged contract and how Plaintiffs' claim their rights were infringed upon.  Without sufficient facts to make clear as to who did what to who or any discernible, specific claims against KDHE, the complaint against KDHE should be dismissed.  Accordingly, Plaintiffs' Complaint against KDHE should be dismissed for their failure to state a plausible claim against KDHE.

### B.    *Plaintiffs fail to state a claim against Secretary Janet Stanek and Dr. Gianfranco Pezzino.*

Plaintiffs' complaint contains no allegations of conduct by either Secretary Stanek or Dr. Pezzino in the Plaintiffs' Complaint in their official or individual capacities, beyond identifying them as defendants. Indeed, are no allegations indicating that they were in any way involved in any of the events described in the statements of fact in Plaintiffs' complaint. Similarly, there are no allegations in the Claim for Relief portion of their Complaint indicating any involvement by

7

either of these Defendants in any of the purported constitutional violations. Beyond having been identified among the many defendants in the suit, neither Secretary Stanek or Dr. Pezzino are mentioned again in the Complaint in either their official or individual capacity. Plaintiffs have failed to state a claim against Secretary Stanek and Dr. Pezzino in both their official and individual capacities. Any such claims against Secretary Stanek and Dr. Pezzino individually must also be dismissed due to failure to state a claim.

### III.    PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiffs' purported claims in their Complaint that allegedly relate to the actions of KDHE, Secretary Stanek, and Dr. Pezzino are barred by the statute of limitations.  The 42 U.S.C. §§ 1983 and 1985 claims asserted by Plaintiffs are subject to a two-year statute of limitations. *See Lyons v. Kyner*, 367 F. App'x 878, 882 (10th Cir. 2010) ("[W]e apply Kansas's two-year statute of limitations for personal injury actions to Lyons's § 1983 claim and his § 1985(3) claim.").

### CONCLUSION

As Plaintiffs' Complaint fails to demonstrate subject matter jurisdiction in this court and fails to state a claim upon which relief can be granted, it should be dismissed with prejudice as to these Defendants. Moreover, the Complaint is barred by the statutes of limitations.

Respectfully submitted,

*/s/ Katelyn Radloff*
Katelyn Radloff, #27430
Kansas Department of Health and Environment
1000 SW Jackson, Suite 560
Topeka, Kansas 66612
Tel: (785) 296-0088
Fax: (785) 559-4272
Katelyn.Radloff@ks.gov
***Attorney for the Kansas Department of Health and Environment, Secretary Stanek, and Dr. Gianfranco Pezzino.***

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of March, 2023 a true and correct copy of the above and foregoing was filed with the Clerk of Court via CM/ECF which will send notification of such filing to the following:

      Any Party or Counsel who has entered an appearance; and

      And a copy was sent via United States mail, postage prepaid and properly addressed to Plaintiffs as follows:

      Carla Davis
      901 N. Belmont
      Wichita, KS 67208
      **Plaintiffs Pro Se**

      Jalen Davis
      901 N. Belmont
      Wichita, KS 67208
      **Plaintiffs Pro Se**

                                      */s/ Katelyn Radloff*
                                      Katelyn Radloff, #27430