## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARLA DAVIS, et al.

     Plaintiffs,

 vs.

U.S. DEPARTMENT OF JUSTICE; et. al.,

     Defendants.

Case No.  6:23-CV-1010-JAR-GEB

### DEFENDANTS WICHITA CLINIC P.A. AND ROBERT KENAGY, M.D.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants Wichita Clinic P.A. and Robert Kenagy, M.D. by and through counsel, Mackenzie M. Baxter of Hite, Fanning & Honeyman L.L.P., submit this Memorandum in Support of their Motion to Dismiss. Defendants request the Court dismiss this action with prejudice based on the lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and the failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## I. ALLEGATIONS OF PLAINTIFFS

Plaintiffs Carla and Jalen Davis, proceeding pro se, filed suit against 40 named defendants, including Wichita Clinic P.A. and Dr. Robert Kenagy. Plaintiffs allege the Court has jurisdiction "pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985 seeking injunctive and declaratory relief together with money damages against defendants for past and ongoing violations of the Fourth, Fifth, and Fourteen Amendments of the United States Constitution." DOC 1, ¶ 43. However, plaintiffs have failed to properly plead facts or claims against Wichita Clinic, P.A. or Dr. Kenagy involving events approximately 20 years ago, clearly time barred by statutes of limitations and wholly incurable.

Plaintiffs references to Wichita Clinic, P.A. within the Complaints state:

> Defendant WICHITA CLINIC P.A.(Name changes: Via Christi Clinic, P.A., NOW: ASCENSION MEDICAL GROUP VIA CHRISTI, P.A.) the largest multi-specialty physician practice clinic group in Kansas with the Resident Agent Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614

> On August 20, 2002, Carla Davis was pregnant with her in utero child Jalen Davis and made a health services contract with Wichita Clinic P.A. for OG/GYN care with Clyde Wilson Wesbrook M.D., because she had a trust him as he had delivered a previous child of Carla Davis.

> On October 18, 2022, the pregnant Carla Davis told her contracted health care providers Wichita Clinic P.A. and stock holder Clyde Wilson Wesbrook, "Wants to deliver at St Joe." Meaning St Joseph Hospital in Wichita Kansas.

> Without my knowledge and consent on December 10, 2002, Wichita Clinic allocated my health care services to "Deliver at Wesley medical Center" I was forced to go to Wesley Medical Center under the disguise of a scheduled induction of labor scheduled for January 23, 2003.

*Id.* at ¶ 25, 56, 60, and 61.

Plaintiffs only reference to Dr. Kenagy within the Complaint states:

> Defendant ROBERT KENAGY m.d. (pediatrics) served as Wichita Clinic P.A. Medical Director and Stock Holder; at the same time while serving on the board of directors for Central Plains Health Care Partnership. He is sued in his official and individual capacity. He serves on the Kansas Hospital Association Board of Directors representing Stormont Vail Health with the principle address 1500 Southwest Tenth Avenue, Topeka, Kansas 66604.

*Id.* at ¶ 29.

Plaintiffs allege that after 9/11/2001, the State of Kansas received federal funding to create a Bioterrorism Hospital Preparedness and Coordinating Council. *Id.* at ¶ 46. After citing events in 2002 pertaining to bioterrorism and health laws, plaintiffs allege that on October 18, 2002, Ms. Davis wanted to deliver her child at St. Joseph, "but without my [Ms. Davis'] knowledge and consent on December 10, 2002, Wichita Clinic allocated my health care services

to 'Deliver at Wesley [M]edical Center.'" *Id.* at ¶ 60-61. Plaintiffs claim Ms. Davis was forced to deliver at Wesley "under the disguise of a scheduled induction of labor..." *Id.* Plaintiffs' allege Ms. Davis was given toxic doses of drugs, raped, and stabbed with a needle at Wesley on January 23, 2003. *Id.* at ¶ 63-67. Allegations describe public officials stealing the blood of Jalen Davis at Children's Mercy Hospital and prevention of medical treatment in 2008. *Id.* at ¶ 70. Plaintiff claim Ms. Davis was falsely accused of child abuse and allegedly denied access to medical records due to the records being "in a CONFIDENTIAL status." *Id.* at ¶ 71-72.

## II.    ARGUMENTS AND AUTHORITIES

### A.    Standard for a Fed. R. Civ. P. 12(b)(1) dismissal for lack of subject matter jurisdiction

Fed. R. Civ. P. 12(b)(1) provides that a court may dismiss a complaint based on lack of jurisdiction over the subject matter of the complaint. See *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002). When determining subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations, and has wide discretion to review outside documents. *Id.*; see *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a motion to dismiss, the Court is not required to accept conclusory allegations, unwarranted inferences, or legal conclusions in a complaint. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

"[T]he court has an independent obligation to satisfy itself that subject matter jurisdiction is proper." *Coffman v. CHS Gas & Oil*, No. 18-4031-DDC-GEB, 2018 WL 3616948, at *3 (D. Kan. July 30, 2018), appeal dismissed, No. 18-3168, 2018 WL 7223064 (10th Cir. Nov. 27, 2018). The court "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* (citing *Penteco Corp. Ltd. P'ship v. Union Gas Sys.*,

*Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

###### B.    Standard for a Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim

Despite the leniency afforded to plaintiffs, the Court cannot "take on the responsibility of serving as his attorney in constructing his arguments" or assuming facts not included in the records presented." See *Mays v. Wyandotte County Sheriff's Dep't*, 219 F. App'x 794, 796 (10th Cir. 2011)). Plaintiffs "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Plaintiffs proceeded pro se and thus their pleadings must be construed liberally. DOC 70, Page 1, Footnote 2 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, plaintiffs still bear the burden to allege "sufficient facts on which a recognized legal claim could be based" *Id.* The Court cannot "take on the responsibility of serving as [their] attorney in constructing arguments and searching the record." *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Fed. R. Civ. P. 8 "demands more than naked assertions." *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## III.    ANALYSIS

### A.    Plaintiffs' claims against Wichita Clinic, P.A. and Dr. Kenagy should be dismissed due to the lack of subject matter jurisdiction

Plaintiffs' claims against Wichita Clinic, P.A. and Dr. Kenagy are so unidentifiable, insubstantial, and implausible that this Court lacks subject matter jurisdiction to consider them. Plaintiffs' complaint offers no basis or specificity for any claim against Wichita Clinic, P.A. or Dr. Kenagy, in either his official or individual capacity as "Wichita Clinic Medical Director" (as stated in the caption of the lawsuit), for events so remote in time that they are plainly time-barred. See *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions... or otherwise completely devoid of merit as not to involve a federal controversy"); *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *2-3, 7 (D. Kan. Apr. 2, 2010) (dismissing, as insubstantial, action under FISA and the Patriot Act alleging that former state legislator and other officials unlawfully surveilled plaintiff and "use[d] a 'steroid cocktail' to try and cause [the] death" of plaintiff's spouse, stating "[c]laims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed... for lack of subject matter jurisdiction") (collecting similar cases), aff'd, 391 F. App'x 745 (10th Cir. 2010); *Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012). Plaintiffs' Complaint attempts to imply without any factual support that Wichita Clinic, P.A. and Dr. Kenagy were somehow involved in plaintiffs' bizarre collusion theories and government manipulations - such should be dismissed.

**B.    Plaintiffs' claims against Wichita Clinic, P.A. and Dr. Kenagy should be dismissed due to the failure to state a claim for which relief may be granted**

The plaintiffs' Complaint's Statement of Facts, Claim for Relief, Prayer for Relief, and multiple medical records attached to the Complaint do not explain Wichita Clinic, P.A.'s involvement or state facts supporting a legal claim. See DOC 1, pages 9-31. The plaintiffs' Complaint's Statement of Facts, Claim for Relief, Prayer for Relief, and multiple medical records attached to the Complaint do not even identify Dr. Kenagy, let alone state facts supporting a legal claim against him. *Id.* Plaintiffs' Complaint is insufficient and fails to meet plaintiffs' burden to allege "sufficient facts on which a recognized legal claim could be based." Here, plaintiffs make conclusory allegations about interactions at various facilities, many years ago, without any basis in law as to a colorable claim for redress against Wichita Clinic, P.A. or Dr. Kenagy. Plaintiffs have failed to state what, when, where, why, or how Wichita Clinic, P.A. or Dr. Kenagy were involved in any of the plaintiffs' allegations. Even when construed liberally in their favor, plaintiffs have failed to state with any plausibility a claim or specific facts against Wichita Clinic P.A. or Dr. Kenagy.

**1.    Plaintiffs' claims under 42 U.S.C. 1983 and 42 U.S.C. 1985 are inapplicable to any allegations concerning Wichita Clinic P.A. or Dr. Kenagy**

As best as can be discerned by the undersigned, plaintiffs are attempting to state a cause of action under 42 U.S.C. 1983 and 42 U.S.C. 1985 for alleged constitutional violations by all defendants.[1] These claims fail for multiple legal reasons. "It is not enough to simply refer to a

---

[1] Although it has not been properly claimed, plead, or specified against Wichita Clinic P.A., to the extent plaintiffs' claims could imply a HIPAA or HITECH violation related to failing to proffer records, the Court lacks subject matter jurisdiction. Federal courts have consistently held that there is no private right of action under HIPAA and HITECH. *Freier v. Colorado*, 804 F. App'x 890, 891 (10th Cir. 2020)( "We have previously concluded that HIPAA does not confer a private right of action."); *Wilkerson v. Shinseki*,

federal statute to establish subject-matter jurisdiction." *Haywood v. Kansas*, No. 21-2329-JWB, 2022 U.S. Dist. LEXIS 180980, at *9 (D. Kan. Oct. 3, 2022) (citing See *Blume v. L.A. Superior Courts*, 731 Fed. Appx. 829, 830 (10th Cir. 2018)).

In the context of these causes of action, "[t]o constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (quoting *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)). "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Alleging an inadvertent failure to provide adequate medical care is not enough. *Hurd v. McBryde*, No. 09-CV-03222, 2010 U.S. Dist. LEXIS 111905, 2010 WL 4180645, at *3 (D. Kan. Oct. 20, 2010). Further, the Tenth Circuit has stated that § 1985(3) is intended "to provide redress for victims of conspiracies impelled by a commingling of racial and political motives." *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985). "[I]n the absence of allegations of class based or racial discriminatory animus, the Tenth Circuit has consistently held that § 1985(3) claims should be dismissed." *Id.*

Plaintiffs have not alleged facts to show any relationship between Wichita Clinic, P.A. or Dr. Kenagy and any State provided privilege or right. There is nothing plead about what or how

---

606 F.3d 1256, 1269 n.4 (10th Cir. 2010); *Link v. Lawrence Mem'l Hosp.*, No. 22-cv-2111-EFM, 2022 U.S. Dist. LEXIS 191052, at *12 (D. Kan. Oct. 19, 2022).

Wichita Clinic, P.A. or Dr. Kenagy were responsible for any of the plaintiffs' claims, any role as

a state actors, or any conduct or personal participation in any alleged violations. Plaintiffs have

failed to set forth facts alleging that Wichita Clinic, P.A. or Dr. Kenagy were acting under color

of state law. Plaintiffs failed to plead any facts suggestive of a conspiracy enacted and/or

furthered by Wichita Clinic, P.A. or Dr. Kenagy. Plaintiffs also failed to state any allegation of

class or racial discriminatory animus by Wichita Clinic, P.A. or Dr. Kenagy.

### 2. Plaintiffs' claims against Wichita Clinic, P.A. or Dr. Kenagy are barred by the statutes of limitations

Plaintiffs' claims are time-barred because Plaintiffs filed and served the defendants in

2023 for actions allegedly connected to Wichita Clinic, P.A. or Dr. Kenagy in December 2002.

In Kansas, a cause of action is not commenced until filing and service. *Davila v. Vanderberg*, 4

Kan. App. 2d 586, 588 (1980). Pursuant to K.S.A. § 60-513(a)(7), actions arising out of the

rendering of or failure to render professional services by a health care provider, not arising on

contract, must be brought within two (2) years. See also *Bledsoe v. Jefferson Cnty., Kansas*, 275

F. Supp. 3d 1240, 1256 (D. Kan. 2017) ("Because plaintiff's § 1983 claims arose in Kansas, the

court applies Kansas's two-year statute of limitations for personal injury actions to his claims.

See Kan. Stat. Ann. § 60–513(a)(4)."), aff'd in part, dismissed in part sub nom. *Bledsoe v.

Vanderbilt*, 934 F.3d 1112 (10th Cir. 2019). The same is true for plaintiffs' 1985 claims. See

*Lyons v. Kyner*, 367 F. App'x 878, 882 (10th Cir. 2010) ("[W]e apply Kansas's two-year statute

of limitations for personal injury actions to Lyons's § 1983 claim and his § 1985(3) claim.").

Kansas Courts have long recognized that orders of dismissal for want of prosecution rest

in the judicial discretion of the district courts in order that they may control their dockets,

eliminate procrastination and delay, and expedite the orderly flow of business, subject, however,

to statutory notice requirements; such orders will not be reversed on appeal in the absence of a clear showing of abuse of judicial discretion. *Namelo v. Broyles*, 103 P.3d 486, 33 Kan.App.2d 349, rev. denied (2004).

Because plaintiff Ms. Davis' "allegations" against Wichita Clinic, P.A. and Dr. Kenagy allegedly occurred in December 2002, the applicable two-year statute of limitations has clearly expired for any of plaintiffs' claims under K.S.A. 60-513. See DOC 1, ¶ 25, 29, 56, 60, and 61. The Complaint failed to state any allegations involving Wichita Clinic, P.A. and/or Dr. Kenagy and plaintiff Jalen Davis. Because the claims against the Wichita Clinic, P.A. and/or Dr. Kenagy are clearly barred by the statute of limitations under K.S.A. 60-513, by multiple years, such should be dismissed pursuant to K.S.A. 60-241.

## IV.   CONCLUSION

Defendants request that the Court dismiss this action with prejudice. Although dismissals under Fed. R. Civ. P. 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a Court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d at 1109–10 (10th Cir. 1991). Defendants request that the Court dismiss this action with prejudice based on plaintiffs' lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Further, plaintiffs' claims are barred by the applicable statute of limitations, and permitting the case to proceed would be futile.

/s/ Mackenzie M. Baxter _____
Mackenzie M. Baxter, #27909
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-mail: baxter@hitefanning.com
*Attorneys for Wichita Clinic PA and*
*Robert Kenagy, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2023, I electronically filed the foregoing

with the clerk of the court by using the CM/ECF system which will send a notice of electronic

filing to all counsel of record.

/s/ Mackenzie M. Baxter _____
Mackenzie M. Baxter, #27909