IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CARLA DAVIS,** *et al.***,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:23-CV-01010-JAR-KGG |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**AMENDED MEMORANDUM IN SUPPORT
OF DEFENDANTS KANSAS HOMELAND SECURITY and DAVID WEISHAAR[1]**

Defendants Kansas Homeland Security ("State") and David Weishaar, Adjutant General, ("TAG") submit the following memorandum in support of their amended motion to dismiss.

**I.   Nature of the Case and Relevant Facts.**

On January 23, 2023, Carla Davis and her adult son, Jalen Davis, filed a Complaint against multiple government agencies, including Kansas Homeland Security and David Weishaar. Plaintiffs bring suit against Defendant Weishaar, he is sued in his official and individual capacity…." (Doc. 1, ¶10.)

It is difficult to summarize the claims brought by these Plaintiffs. The Court, having received several other, similarly styled motions here, is likely already familiar with the facts

---

[1] Defendants originally filed their Motion to Dismiss on Tuesday, March 7th 2023. While filing multiple items that day counsel had several technical issues, and did not initially realize that the MIS for Doc. 114 hadn't been filed. [issue was on counsel's side/Pacer was not the problem]
Because of this delay, defendants are refiling their motion and MIS concurrently as "amended." Counsel files this amended motion and motion support in order to more clearly reset plaintiffs' response deadline. The MIS is substantially similar to another filing, and counsel's error should not otherwise prejudice plaintiffs.

alleged and claims asserted in Plaintiffs' Complaint. That being said, Plaintiffs appear to allege that their constitutional rights were violated in the early 2000's (roughly 20-years ago) when they were subjected to governmental experiments, implanted with devices, and other similar sci-fi themed acts.

Plaintiffs allege actions that are brought pursuant to 42 U.S.C. ¶¶ 1983 and 1985. Plaintiffs state that they seek a declaration vindicating their rights, money damages, and access to medical records and "all the agents that were intruded in their bodies." (Doc. 1, unnumbered para/prayer for relief.)

### II. Arguments and Authorities.

These defendants are entitled to a complete dismissal of all claims alleged against them. As a matter of law: (1) Claims for money damages, intended against the University, must be dismissed because, as an arm of the State of Kansas, Kansas Homeland Security is immune from such claims in federal court; (2) Claims alleged against Defendant Weishaar, in his official capacity, must be dismissed because in this capacity he shares the State's immunity from money damages, and there does not appear to be a clear request for injunctive relief relating to defendant Weishaar in his official capacity; (3) Claims alleged against Defendant Weishaar, in his individual capacity, must be dismissed because qualified immunity protects him from liability for civil damages; and, (4) Plaintiffs' allegations are nonsense, and as such, fail to state a claim as a matter of law.

a. <u>Motion to Dismiss Standards (FRCP 12(b)(1) and (6)</u>

In general, a plaintiff's complaint must contain sufficient factual matter to state a claim that is plausible – not merely conceivable – on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on these Defendants'

motion under FRCP 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. *Iqbal*, 556 U.S. at 679. Plaintiff bears the burden of alleging enough facts to suggest that he is entitled to relief; he must do more than make threadbare recitals of a cause of action accompanied by conclusory statements. *Twombly*, 550 U.S. at 556. The court need not accept a plaintiff's conclusory allegations. *Loggins v. Cline*, 568 F. Supp. 2d 1265, 1268 (D. Kan. 2008).

Defendants are entitled to Eleventh Amendment and Qualified Immunity. Federal courts are courts of limited jurisdiction and must have a statutory or constitutional basis to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Dismissal is appropriate when it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Eleventh Amendment Immunity is jurisdictional in nature. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Plaintiff bears the burden of establishing that jurisdiction is proper. *Montoya*, 296 F.3d at 955; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010).

A Rule 12(b)(1) motion to dismiss requires a court to dismiss any action for which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be pursued as a facial attack or a factual attack. *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). A facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. *Id.* Having raised subject matter jurisdiction, Plaintiffs now have "[t]he burden of establishing subject matter jurisdiction" because they are "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir. 2008).

    b.  <u>David Weishaar and the State are immune from suit pursuant to the Eleventh Amendment</u>

In addition to Plaintiffs' failure to state a claim, dismissal is urged as to defendant Weishaar and the State on grounds of Eleventh Amend. Immunity, as claims for money damages against a state employee in their official capacity are generally barred by the Eleventh Amendment doctrine of sovereign immunity. *Fent v. OK Water Resources Bd.*, 235 F.3d 553, 559 (10th Cir. 2000).

> Generally, the Eleventh Amendment shields from suit state officials acting in their official capacity. *Wares v. VanBebber*, 231 F.Supp.2d 1120, 1124 (D.Kan.2002) … Congress did not intend to abrogate state immunity. *Neal v. Lewis*, 325 F.Supp.2d 1231, 1235 (D.Kan.2004). Thus, when state officials act in their official capacities, they are entitled to absolute immunity. *Id*.

*Hernandez v. Conde*, 442 F.Supp.2d 1141, 1152 (D.Kan.2006). Although, claims for certain prospective equitable relief can be brought against state officials sued in their official capacity, claims for monetary damages are barred. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998).

    c.  <u>Defendant Weishaar is Entitled to Qualified Immunity</u>

In the unlikely event that this Court implies a claim pursuant to 42 U.S.C. § 1983, despite Plaintiffs' failure to state such, the Complaint must fail as a matter of law because qualified immunity bars their claims, as alleged against defendant Weishaar. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). This immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The Tenth Circuit places a presumption in favor of immunity for public officials sued in their individual capacities. *Hidahl v. Gilpin County DSS*, 938

F.2d 1150, 1155 (1991); *Schalk v. Gallemore,* 906 F.2d 491, 499 (10th Cir.1990); *Melton v. City of Oklahoma City*, 879 F.2d 706, 728–29 (10th Cir.1989).

### III. Conclusion

For the reasons outlined above, defendants Kansas Homeland Security and Weishaar, are entitled to a complete dismissal of all claims alleged against them.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
KRIS KOBACH

*/s/ Carrie A. Barney*
Carrie A. Barney, KS #22872
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-6695
Fax:    (785) 291-3767
Email: carrie.barney@ag.ks.gov
*Attorney for Defendants Kansas Homeland Security & Weishaar*

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2023, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent electronic notice to counsel of record and to Plaintiff, by US Mail, postage prepaid on March 10th, 2023, as follows:

Carla Davis
901 N. Belmont
Wichita, KS  67208
*Pro se Plaintiff*

Jalen Davis
901 N. Belmont
Wichita, KS  67208
*Pro se Plaintiff*

*/s/ Carrie A. Barney*
Carrie A. Barney