IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLA DAVIS, et al.,

    Plaintiffs,

    v.

U.S. DEPARTMENT OF JUSTICE, et al.,

    Defendants.

Case No. 23-CV-1010-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiffs Carla Davis and Jalen Davis filed this pro se action on January 23, 2023, broadly alleging civil rights and tort violations against 43 separately named Defendants. Plaintiffs paid the filing fee and caused summons to issue. Many of the served Defendants have now filed motions to dismiss under Fed. R. Civ. P. 12(b) instead of filing an answer.[1] Now before the Court are several motions by Plaintiffs related to these motions to dismiss: Plaintiffs' Request Not to Serve All Defendants Filed Papers (Doc. 127), Plaintiff[s'] Motion for an Extension of Time to File a Response to Defendants The Children's Mercy Hospital and Virgil F. Burry's Motion to Dismiss and Motion for Voluntary Dismissal (Doc. 128), and Plaintiffs' Motion for Extension of Time to Respond (Doc. 154) as to all other pending motions to dismiss, and "[a]ll present and future defendant's [sic] motions to dismiss and answers to complaint filed between the dates of February 21, 2023 through April 21, 2023."[2]

Given Plaintiffs' pro se status, the volume of filings in this case so far, and the need for clarity on the briefing schedule, the Court will not wait for the many Defendants in this matter to

---

[1] *See* Docs. 66, 96, 98, 100, 102, 103, 105, 109, 111, 113, 114, 115, 129, 133.

[2] Doc. 154 at 3.

respond to Plaintiffs' motions; it is prepared to rule. As described more fully below, Plaintiffs' motion not to serve filing papers on all Defendants is granted in part. Plaintiffs' motion for extension of time to respond is also granted in part. As for those motions to dismiss filed before March 20, 2023, Plaintiffs' deadline to respond is extended to May 15, 2023 and Defendants' deadline to reply is extended to June 12, 2023. Plaintiffs must renew their request for additional time to respond to any later-filed dispositive motions.

## I.     Motion Not to Serve All Defendants

Plaintiffs proceed pro se; therefore, the Court construes their pleadings liberally.[3] In this motion, Plaintiffs cite Fed. R. Civ. P. 5(c) and "ask the Court for permission to serve copies of pleading and responses only to the defendant(s) needing a direct response or reply to the pleading, due to a large number of defendants."[4] Plaintiffs misread the governing rule. In a case with "an unusually large number of defendants," Rule 5(c)(1)(A) allows the Court to order that "*Defendants'* pleadings and replies to them need not be served on other defendants." This rule does not apply to written motions.[5] Nor does this rule apply to a plaintiff's pleading.

Under Rule 5(a)(1)(D), a written motion must be served on every party, but the rule does not state that responses and replies must be served on every party. Given the Court's use of electronic filing and the many motions to dismiss that are and will continue to be litigated in this matter, the Court grants Plaintiffs' request to serve papers responsive to the motions to dismiss only on the specific Defendant(s) to which the filing relates in compliance with Rule 5(b).

---

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] Doc. 127 at 1.

[5] *Compare* Fed. R. Civ. P. 5(a)(1)(B) (requiring service on every party for "a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants") *with* Fed. R. Civ. P. 5(a)(1)(D) (requiring service on every party of "a written motion, except one that may be heard ex parte").

Plaintiffs shall include a certificate of service with each responsive filing, indicating the method of service.[6] Plaintiffs are cautioned that the Court's order relieving them from serving all Defendants applies only to documents responsive to motions filed by less than all Defendants. Plaintiffs must serve all Defendants with papers that pertain to all Defendants in this matter. Plaintiffs must also serve pleadings on all Defendants.

## II.     Motions for Extension of Time

In their motions for extension of time, Plaintiffs ask for additional time to respond to the motions to dismiss filed so far, and for an extension of time to respond to all motions and answers that may be filed through April 21, 2023. Plaintiffs seek clarification of their response deadlines and request an extension until August 19, 2023 to respond to all currently pending and upcoming dispositive motions and answers.

Between February 21, 2023 and today, 24 out of 43 Defendants have filed or joined in fourteen separate motions to dismiss Plaintiffs' claims. Plaintiffs anticipate more to come. Under the Court's local rules, Plaintiffs' response deadline to a motion to dismiss is 21 days after the motion is served; Defendants have a 14-day reply deadline after they are served with a response.[7] There is no indication that Plaintiffs have given consent to service by electronic means. Therefore, Plaintiffs are considered to be "served" by mail under Rule 5(b)(2)(C) if a paper is served by "mailing it to the person's last known address—in which event service is

---

[6] As a practical matter, once each of Plaintiffs' documents is filed, all parties will receive notice of and access to the filing. Plaintiffs are reminded that they are entitled, but not required, to register as a filing user in the Court's electronic filing system. *See* D. Kan. R. 5.4.1(c). Electronic filing would change the service requirements discussed in this Order. *See* Fed. R. Civ. P. 5(b)(2)(E) (how service is made when a document is filed electronically); Fed. R. Civ. P. 6(d) (additional time added for certain types of service that does not include electronic filing).

[7] D. Kan. R. 6(d)(2).

complete upon mailing."[8]  And under Rule 6(d), when service is made by mail under Rule 5(b)(2)(C), three days are added after the period of time would otherwise expire.  Therefore, Plaintiffs' response deadline runs three days from the date each Defendant(s) mailed the applicable motion.

This means that Plaintiffs' response to the earliest-filed motion to dismiss—the February 21, 2023 motion by Defendants Children's Mercy Hospital and Burry—is due on March 17, 2023.  Plaintiffs timely filed their request for an extension of time well before this deadline,[9] so the Court considers it in conjunction with Plaintiffs' subsequent motion to extend their time to respond to all current and upcoming motions to dismiss.

Plaintiffs are entitled to additional time to respond to the motions to dismiss if they show good cause.[10]  Good cause requires the moving party to show that the deadline "cannot be met despite [the movant's] diligent efforts."[11]  Here, Plaintiffs seek additional time based on: (1) the need for additional time to review the motions given the complexity of the case; (2) the volume of motions to which they must respond; (3) the fact that Plaintiffs anticipate more motions to come from the Defendants who have been served more recently; (4) Plaintiffs' health condition, of which they do not elaborate; (5) "[l]imited public legal resources"; and (6) the fact that an extension will not interfere with the administration of justice.

The Court finds that these reasons constitute good cause to extend Plaintiffs' response deadline to the motions to dismiss, but not for the length of time requested.  An extension until

---

[8] Fed. R. Civ. P. 5(b)(2)(C).

[9] *See* D. Kan. R. 6.1(a) (requiring a motion for extension of time be filed at least three days before the deadline).

[10] Fed. R. Civ. P. 6(b)(1)(A).

[11] *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

August would unduly prolong this matter. While the Court gives weight to the fact that Plaintiffs are pro se and have upcoming response deadline to many motions, it must also consider that these motions are necessitated by Plaintiffs' decision to litigate this case against so many Defendants. The Court must also weigh the fact that the grounds for dismissal cited in most of Defendants' motions, such as immunity from suit or lack of jurisdiction, are threshold issues that the Court should rule on promptly. Many of the issues raised in these motions overlap, which should expedite Plaintiffs' work on responding to them.

Judicial efficiency is also important, and the Court must manage the large amount of filings in this case given the number of parties and briefs anticipated over the coming weeks. Thus, the Court imposes the following deadlines for **all currently pending motions to dismiss** (Docs. 66, 96, 98, 100, 102, 103, 105, 109, 111, 113, 114, 115, 129, 133):

> **Plaintiffs' response(s):**          May 15, 2023.
> **Defendants' replies, if any:**      June 12, 2023

The Court declines to rule on Plaintiffs' request to extend their deadlines for motions that are not yet filed. The Court does not know whether or exactly when any future motion to dismiss will be filed. Accordingly, it cannot determine the reasonableness of any future request for extension of time at this time. Plaintiffs must either comply with the response deadlines under the federal and local rules for any upcoming motion, or request an extension of time, which the Court will consider. Plaintiffs must familiarize themselves with the federal and local rules applicable to the pending motions and their response obligations to them. They are expected to follow these rules despite their pro se status.[12] Notably, under the Court's local rules, "[i]f a response is not filed by the applicable deadline, the court will consider and decide

---

[12] *Smith v. Jones*, 606 F. App'x 899, 901 (10th Cir. 2015); *Smith v. Hollinghead*, No. 20-3179-SAC, 2022 WL 2355401, at *2 (D. Kan. June 30, 2022).

the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[13] This Court's website includes helpful links for pro se litigants, including links to the federal and local rules.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Request Not to Serve All Defendants Filed Papers (Doc. 127) is **granted** as to papers responsive to the motions to dismiss. Plaintiffs, however, must serve all Defendants with pleadings and with papers that pertain to all Defendants in this matter.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff[s'] Motion for an Extension of Time to File a Response to Defendants The Children's Mercy Hospital and Virgil F. Burry's Motion to Dismiss and Motion for Voluntary Dismissal (Doc. 128) is **granted**, and Plaintiffs' Motion for Extension of Time to Respond (Doc. 154) as to all other pending motions to dismiss is **granted in part and denied in part.**

The Court extends Plaintiffs' response deadline as to all currently pending motions to dismiss (i.e. all motions to dismiss filed by March 20, 2023) until **May 15, 2023**. The Court extends the reply deadline for all pending motions to dismiss until **June 12, 2023**. Plaintiffs must file a new motion for extension of time if they seek additional time to respond to any motion filed after March 20, 2023.

**IT IS SO ORDERED.**

Dated: March 20, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13] D. Kan. R. 7.1(c).