### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS and <br> JALEN DAVIS <br>             Plaintiff, <br><br> vs. <br><br> U. S. DEPARTMENT OF JUSTICE, et al. <br><br>             Defendants. | ) ) ) ) ) ) ) ) ) ) )    CASE NO.   23-1010-JAR-KGG |

### MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Defendant Board of County Commissioners of Sedgwick County, Kansas, by and through Kevin T. Stamper, Assistant Sedgwick County Counselor, and for its response to the Complaint of Plaintiffs, hereby moves to dismiss the above-captioned action with prejudice to its re-filing, pursuant to F.R.Civ.P. 12(b)(6).

In support of this Motion, this named Defendant does hereby allege and state as follows:

### NATURE OF THE CASE

The Complaint, premised as claims pursuant to 42 U.S.C. §1983 and §1985, posits that a collection of Federal, State, County, and City governmental bodies and officials, a couple of local law firms, and a plethora of health care providers and facilities, jointly coordinated to implant Plaintiff Carla Davis with "an unknown device," also referred to as "weapons of mass destruction" [Doc. 1-1 at 3, 4, 5], on February 4, 2004. [Doc. 1 at 8]. Plaintiff Carla Davis also alleges that all these same actors "incapacitated" her and her unborn child "with toxic does [*sic*] of the drug Fentanyl" on January 23, 2003. [*Id.*] The final accusation potentially constituting a cause of action blames "public officials" for refusing to provide her with medical records from these remote events [*Id.*], while failing to acknowledge that Plaintiff C. Davis attached a variety

1

of her medical records to her Complaint. [Doc. 1-1]. Specific to this moving Defendant, Plaintiffs Davis sue the Board of County Commissioners "in their official and individual capacity." [Doc. 1 at 4].

## ARGUMENTS AND AUTHORITIES

### I.     Plaintiffs' Claims Fail on the Face of the Complaint

Sedgwick County Board of County Commissioners (hereinafter "BOCC") is named as a Defendant in the caption of the Complaint, and then mentioned again in paragraphs 19, 51, 52, and (charitably) 53 of same. [Doc. 1] Paragraph 19 designates BOCC as a Defendant, Paragraph 51 mentions an irrelevant issue relating to an agreement with the KU School of Medicine, Paragraph 52 notes that BOCC approved a contract for bioterrorism preparedness, and Paragraph 53 discusses a previous Sedgwick County Health Officer, whose service ended in 2008. BOCC is not mentioned with specificity anywhere else in the body of Document 1. The Complaint alleges that the BOCC is sued in its official and individual capacities, but fails to designate the constituent members of the Board be either name or number, and omits any mention of actions or inactions undertaken by those persons constituting a violation of the Davis' Constitutional rights. Of the primary allegations raised, that Ms. Davis was drugged, directed to the wrong hospital, raped by a nurse, stabbed by a different person, or implanted with an unknown device, those claims are directed at others, and no participation by BOCC or its membership is stated, or even implied.

Federal Rule of Civil Procedure 8 requires that a Complaint contain short, plain statements of fact in support of the claims raised, and a demand for relief sought. Federal Rule of Civil Procedure 12(b)(6) mandates dismissal of a Complaint when it fails to state causes of action for which relief can be granted. On its face, the Complaint fails to set forth a credible prima facie claim against the BOCC in its official capacity, let alone its constituent members individually, and such should be dismissed at this time. "In general, state actors may only be

2

held liable under § 1983 for their own acts, not the acts of third parties." Robbins v. Oklahoma, 519 F.3d 1242, 1251 (10th Cir. 2008) (citing DeShaney v. Winnebago Cty. Dep't of Social Servs., 489 U.S. 189, 197 (1989)). In their Complaint, Plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Id. (citing Twombly, 550 U.S. at 564 n.10).

To establish § 1983 liability for BOCC as an organization, Plaintiffs are required to allege constitutional violations because of enforcement of a municipal policy or custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978) ("it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983"). A "municipal policy or custom" means a "formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 770 (10th Cir. 2013). Courts have held that § 1983 municipal liability may only be imposed when the enforcement of a such a policy or custom was the "moving force" behind the violation of federally-protected rights. See Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown, 520 U.S. 397, 404 (1997); Monell, 436 U.S. at 694.

There is a presumption in favor of qualified immunity for public officials acting in their individual capacities. Hidahl v. Gilpin County Dep't of Social Services, 938 F.2d 1150, 1155. This defense provides "protection to all but the plainly incompetent and those who knowingly violate the law." Id., quoting Malley v. Briggs, 475 U.S. 335, 341 (1986.) A concise explanation of the qualified immunity standard was recently set forth in Alexander v. Bouse, No. 17-2067-CM-JPO, p. 5, 2018 WL 1083256 (D. Kan. Feb. 28, 2018):

> Qualified immunity is a defense to individual capacity claims. "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014)

> (quoting Ashcroft, 563 U.S. at 735). A right is not "clearly established" under the law "unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." Id. This means that "existing precedent must have placed the statutory or constitutional question confronted by the official 'beyond debate.'" Id. Qualified immunity protects public employees from the burdens of litigation as well as liability. A.M. v. Holmes, 830 F.3d 1123, 1135 (10th Cir. 2016).
>
> When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Id. (emphasis in original). If the plaintiff fails to prove either part of this test, the defendant is entitled to qualified immunity.

Even if Plaintiffs' allegations are construed as ones where the dozens of named defendants conspired in different aspects of the constitutional violations, her claims against BOCC and its members must fail as a matter of law. The Tenth Circuit has evaluated similar cases. In Hunt v. Bennett, 17 F.3d 1263 (10th Cir. 1994), the Court rejected a conspiracy allegation because "Hunt fail[ed] to allege specific facts showing agreement and concerted action among" the allegedly conspiring defendants. Id. at 1266. Plaintiff Carla Davis has not stated, implicitly or explicitly, how in any way, she was damaged by any act or inaction of the BOCC. Accordingly, the vague claims of the Plaintiffs Davis are not well pled and fail to state any claim for which relief can be granted.

## II.  Plaintiffs' Claims Would Be Time-Barred

42 U.S.C. §1983 and §1985 claims are not substantive, but a vehicle for addressing Constitutional violations by those acting under the color of state law. Accordingly, both statutes import the applicable law of the state where the alleged action arises. In examining the applicable law, Judge Sam Crow set forth an extensive citation to encapsulate the issue, stating:

> The applicable statute of limitations in §§ 1983 and 1985 actions is determined from looking at the appropriate state statute of limitations and governing tolling principles. See Hardin v. Straub, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." Brown v. Unified School Dist. 501, Topeka Public Schools, 465 F .3d 1184, 1188 (10th Cir.2006) (citations omitted).

4

> The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. See <u>Alexander v. Oklahoma</u>, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir.2004), *cert. denied*, 544 U.S. 1044 (2005).
>
> While the length of the limitations period is governed by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id*. at 388 (internal quotation marks and citation omitted). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." <u>Fogle</u>, 435 F.3d at 1258 (internal quotation marks and citation omitted)

<u>Hawkins v. Lemons</u>, 2009 WL 2475130 (2009) (Not designated for publication).

Here, Plaintiffs complain of a variety of purported physical "abuse" sustained by Carla Davis and by virtue of her pregnancy, also the unborn Jalen Davis.  By her own admission in the Complaint, the conduct ostensibly serving as the gravamen of Plaintiffs' case occurred in 2002, 2003, and perhaps in 2008.  The two-year statute of limitations has long since extinguished the outlandish claims set forth by the Davises, and as a result, same are time-barred.

## **CONCLUSION**

For reasons set forth above, Defendant Sedgwick County BOCC move the Court for an Order dismissing the claims set forth herein, with prejudice to their re-filing,  and for all other and further relief as the Court may deem fair, just, and equitable in the premises.

Respectfully submitted,

/s/ *Kevin T. Stamper*

Kevin T. Stamper, S.C.# 18824
Attorney for Board of County Commissioners of
Sedgwick County, Kansas
Office of the County Counselor
Assistant County Counselor
100 N. Broadway, Suite 650
Wichita, Kansas 67202
Tel: 316.660.9340
Fax: 316.660.9351
Kevin.Stamper@sedgwick.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 23nd day of March, 2023, I electronically filed the foregoing **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF** with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to Any Party or Counsel who has entered an appearance; and a copy was sent via United States mail, postage prepaid and properly addressed to Plaintiff as follows

Carla Davis
Jalen Davis
901 N. Belmont
Wichita, KS  67208
*Pro se plaintiffs*

Respectfully submitted,

/s/ *Kevin T. Stamper*

Kevin T. Stamper, S.C.# 18824
Attorney for Board of County Commissioners of
Sedgwick County, Kansas
Office of the County Counselor
Assistant County Counselor
100 N. Broadway, Suite 650
Wichita, Kansas 67202
Tel: 316.660.9340
Fax: 316.660.9351
Kevin.Stamper@sedgwick.gov

6