IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CARLA DAVIS**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 23-1010-JAR-KGG |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT BENNETT'S MOTION TO DISMISS**

In accordance with D. Kan. Rule 7.1(a), Defendant Marc Bennett submits this memorandum, through Assistant Attorney General Matthew L. Shoger, in support of his motion under Fed. R. Civ. P. 12(b)(1) and (b)(6). Bennett respectfully requests that this motion be granted and this action be dismissed, and states the following in support.

**NATURE OF THE CASE**

Plaintiffs Carla and Jalen Davis bring § 1983 and § 1985 claims, alleging past and ongoing violations of unspecified constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. (Doc. 1 at ¶ 43.) The Plaintiffs appear to be attempting to allege a conspiracy to use Plaintiffs without their consent as test subjects to research bioterrorism by injecting or inserting into Carla Davis's body various drugs, substances, or devices between 2002 and 2004 (Doc. 1 at ¶¶ 46-68(1))[1], some of which allegedly occurred while Jalen Davis was *in utero* in Carla Davis's womb (Doc. 1 at ¶¶ 56-57, 63). Plaintiffs refer to this as "Bodily intrusion without Due Process." (Doc. 1 at 8.) Based on the exhibits Plaintiffs provide, they apparently believe

---

[1] Plaintiffs include two paragraphs 67 and 68. The "(1)" is meant here to indicate the first paragraph 68.

"weapons of mass destruction" were involved somehow. (Doc. 1-1 at 3-5.)

The Plaintiffs allege an ongoing refusal by unspecified "public officials" to provide Plaintiffs with their medical records. (Doc. 1 at ¶¶ 67(2)-69, 72, 74.) The Plaintiffs further allege that unspecified "public officials" stole Jalen Davis's blood in August 2008 and prevented Jalen Davis from receiving unspecified medical treatment at an unspecified time. (Doc. 1 at ¶ 70.) The Plaintiffs allege that a U.S. Military Social Worker named Michael Dustin (who is not named as a defendant in this lawsuit) attempted to abduct Jalen Davis at an unspecified time, possibly in Korea. (Doc. 1 at ¶ 70.) The Plaintiffs allege that Carla Davis was falsely accused by unspecified persons of child abuse at an unspecified time, which Plaintiffs insist means that unspecified "public officials" need to be investigated by unspecified investigators. (Doc. 1 at ¶ 71.) Plaintiffs make conclusory statements that unspecified actions by unspecified defendants while Jalen Davis was *in utero* were "willful" and "showed a reckless disregard for the sanctity of the life of Carla Davis and [Jalen Davis]." (Doc. 1 at 9, especially ¶ 73.)

Plaintiff brought this lawsuit on January 23, 2023, requesting a declaratory judgment, monetary damages of an unspecified amount, an injunction to provide Plaintiffs with their medical records, and the costs of this action. (Doc. 1 at 9.) Plaintiffs name a plethora of defendants (Doc. 1 at 1-2 and ¶¶ 1-42), including Defendant Marc Bennett in his official capacity as the Sedgwick County District Attorney and in his individual capacity. (Doc. 1 at ¶ 20.) Bennett was served in his official capacity on March 2, 2023, and in his individual capacity on March 11, 2023. (Doc. 139.)

Plaintiffs' claims against Bennett should be dismissed for lack of subject-matter jurisdiction due to lack of a substantial federal claim and due to lack of constitutional standing. To the extent the Court has jurisdiction, it should dismiss Plaintiffs' claims for failure to state a

claim because of untimeliness, lack of personal participation, lack of a precipitating policy, and qualified immunity.

## QUESTIONS PRESENTED

I. Does the Court lack federal question jurisdiction over this case when no substantial federal claim has actually been raised?

II. Do Plaintiffs lack constitutional standing to bring their claims when they fail to allege causation and when it would be impossible for Bennett to fulfill the requested injunction and therefore it would not redress any of the Plaintiffs' alleged injuries?

III. Is Bennett entitled to dismissal of Plaintiffs' claims when they are untimely and barred by the applicable statutes of limitations and repose?

IV. Is Bennett entitled to dismissal of Plaintiffs' claims when Plaintiffs fail to state the requisite personal participation of Bennett?

V. Is Bennett entitled to dismissal of Plaintiffs' official capacity claims when they fail to allege that an official policy or custom caused injury with the requisite state of mind?

VI. Is Bennett entitled to qualified immunity when Plaintiffs have not shown that his actions as alleged violated clearly established law?

## ARGUMENTS AND AUTHORITIES

### *Standard on Motion to Dismiss for Lack of Subject-Matter Jurisdiction*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Plaintiffs, as the parties invoking the Court's jurisdiction, bear the burden of showing its existence. *Id*. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at

3

any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018). A federal court must generally "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) can take the form of either a facial attack, looking only to the factual allegations of the complaint, or a factual attack, presenting evidence to challenge the court's jurisdiction. *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). For a facial attack, the same standards apply to the motion as are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action. *Id.*; *see also Garling v. EPA*, 849 F.3d 1289, 1293 & n.3 (10th Cir. 2017) ("the trial court must apply a standard patterned on Rule 12(b)(6)"). To the extent a factual attack is made, the Court is not required to assume the truth of the complaint's factual allegations for purposes of resolving the jurisdictional issue, but "may consider materials outside the complaint to resolve disputed jurisdictional facts." *Williams v. United States*, 780 F. App'x 657, 660 (10th Cir. 2019); *see also Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (saying that resolving disputed jurisdictional facts only converts the motion to a summary judgment motion if "resolution of the jurisdictional question is intertwined with the merits").

***Standard on Motion to Dismiss for Failure to State a Claim***

On a Rule 12(b)(6) motion to dismiss – or a facial attack under 12(b)(1), as mentioned above – a court must accept as true all well-pleaded factual allegations in the complaint, *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), but a complaint must also contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Brownback v. King*, 141 S. Ct. 740, 749 (2021) ("a plaintiff must plausibly allege all jurisdictional elements"). "A claim has facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Garling*, 849 F.3d at 1293 & n.3 (applying *Twombly* and *Iqbal* to a facial attack on subject-matter jurisdiction under Rule 12(b)(1)).

The court need not accept as true those allegations that state only legal conclusions. *Iqbal*, 556 U.S. at 678. Under this standard, a plaintiff's claim must cross the line from "conceivable to plausible," and "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). Similarly, courts do not assume the role of an advocate for the *pro se* litigant by constructing arguments or searching the record for potentially viable theories. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A *pro se* litigant is expected to construct his or her own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this circuit. *Id.* at 840-41.

I. **Plaintiffs' claims should be dismissed for lack of subject-matter jurisdiction due to lack of a substantial federal claim and lack of constitutional standing.**

   A. **The lack of a substantial federal claim means no federal question has actually been raised, so this Court lacks subject-matter jurisdiction over this case.**

Although the absence of a valid cause of action does not normally implicate subject-

5

matter jurisdiction, the absence of an *arguable* claim does. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). When the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," then the complete lack of a federal claim means the district court lacks federal question jurisdiction. *Id.*; *see also* 28 U.S.C. §§ 1331, 1343 (only providing jurisdiction if an action arising under federal law is presented). "[C]onstitutional insubstantiality for this purpose has been equated with such concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'" *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015).

If plaintiffs purport to bring a claim under § 1983 but do not identify a federal right that the defendants invaded nor allege facts showing that the defendants acted under color of state law, then the purported § 1983 claim does not support the district court's exercise of federal jurisdiction over the lawsuit. *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003). Similarly, if plaintiffs purport to bring a claim under § 1985(3) but do not allege a motive based on racial or class-based discrimination – as is required for a § 1985(3) claim, *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)) – then the purported § 1985 claim fails to provide a basis for federal jurisdiction. *Tiner v. Cockrell*, 756 F. App'x 482, 483 (5th Cir. 2019). The same is true for an obstruction of justice claim under § 1985(2). *See Smith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976).

Here, plaintiffs purport to bring a claim under § 1983 but do not identify a federal right that defendants invaded nor allege facts showing that defendants acted under color of state law, so the purported § 1983 claim does not support this Court's exercise of federal jurisdiction over this lawsuit. Plaintiffs also purport to bring a § 1985 claim. Plaintiffs do not allege that an officer was prevented from performing duties (*see* § 1985(1)) or that a party, witness, or juror was

6

intimated (*see* § 1985(2)), so Plaintiffs appear to be relying for their § 1985 claim either on a deprivation of rights or privileges under subsection (3) or on an obstruction of justice under subsection (2). But Plaintiffs do not allege a motive based on racial or class-based discrimination, so the purported § 1985 claim under either subsection fails to provide a basis for federal jurisdiction.

### B. Plaintiffs lack constitutional standing for their claims against Bennett because of lack of causation and lack of redressability.

As the Supreme Court has explained:

> Article III, § 2, of the Constitution extends the "judicial Power" of the United States only to "Cases" and "Controversies." We have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process. . . . Standing to sue is part of the common understanding of what it takes to make a justiciable case.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The "irreducible constitutional minimum of standing" contains a triad of three requirements: injury in fact, causation, and redressability. *Id.* at 102-03. This triad "constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103.

1. *Lack of causation for all of Plaintiffs' claims*

For the second prong of the standing inquiry, causation, "there must be . . . a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id.* Here, aside from being named in the caption and generically described in paragraph 20 of the complaint, Bennett is not mentioned anywhere else in the complaint. Plaintiffs do not complain of any conduct by Bennett, much less conduct that could be fairly traced and connected to Plaintiffs' injuries. Therefore, Plaintiffs lack constitutional standing to bring any claims against Bennett because they have not plausibly alleged causation by Bennett.

  2. *Lack of redressability for the requested injunction*

For the third prong of the standing inquiry, redressability, the relief sought must serve to either reimburse the plaintiff for losses or to eliminate lingering effects of losses. *See id.* at 105-06. "Relief that does not remedy the injury suffered" does not count. *Id.* at 107. And "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). A party may lack standing to bring an injunction even when the party has standing to bring claims for other kinds of relief. *See City of Los Angeles. v. Lyons*, 461 U.S. 95, 109 (1983).

Here, the Plaintiffs request that the Court issue an injunction for unspecified defendants to provide them with their medical records. Plaintiffs have not plausibly alleged that Bennett has access to Plaintiffs' medical records or that he has any authority to produce their medical records or to cause others to produce them. Plaintiffs have also not alleged any facts from which such an inference could be drawn. So an injunction against Bennett to provide their medical records would be pointless, impossible to fulfill, and would not actually redress any alleged injuries. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) ("the court . . . will not be blind to evidence that compliance [with a court order] is . . . factually impossible"). Therefore, the Plaintiffs lack constitutional standing to request such an injunction against Bennett because it fails the redressability prong of the standing inquiry.

## II. **Alternatively, the Court should dismiss Plaintiffs' claims for failure to state a claim because of untimeliness, lack of personal participation, lack of a precipitating policy, and qualified immunity.**

### A. Bennett is entitled to dismissal of Plaintiffs' claims because they are untimely and barred by the applicable statutes of limitations and repose.

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right

8

sued upon has been extinguished." *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The plaintiff then "has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4. For § 1983 claims, the forum state's statute of limitations for personal injury actions applies. *Jenkins v. Chance*, 762 F. App'x 450, 454 (10th Cir. 2019) (citing *Owens v. Okure*, 488 U.S. 235, 240-41 (1989)). If the forum state has multiple statutes of limitations for personal injury actions, the general or residual statute of limitations for personal injury actions applies. *Id.* (citing *Owens*, 488 U.S. at 249-50).

In Kansas, the two-year statute of limitations under K.S.A. 60-513(a)(4) applies to § 1983 and § 1985 claims.[2] That statute of limitations is subject to a ten-year statute of repose, which states "in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." K.S.A. 60-513(b). The statute of repose "begins to run . . . when the defendant completes the last original wrongful act." *Deters v. Nemaha-Marshall Elec. Coop. Ass'n*, 56 Kan. App. 2d 1170, 1183 (2019).

For persons such as minors who are under legal disability at the time a cause of action arose, the statute of limitations in Kansas is adjusted to allow bringing the action within one year after the person's disability is removed. K.S.A. 60-515(a). But this adjustment is subject to an eight-year statute of repose, which states "no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the

---

[2] *M.A.C. v. Gildner*, 853 F. App'x 207, 209 (10th Cir. 2021) (citing *Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984)) (addressing § 1983 claims); *E.H. v. Kan. Dep't for Child. and Fams.*, 494 P.3d 304 (table opinion), 2021 WL 4127704, at *6 (Kan. Ct. App. Sept. 10, 2021) (citing *Lyons v. Kyner*, 367 F. App'x 878, 882 (10th Cir. 2010)) (addressing § 1985 claims).

cause of action." *Id.* This means that "[f]or most tort claims . . . an injury suffered by a child at the age of, say 8, would no longer be actionable by the time the child turned 18. *H.B. v. M.J.*, 315 Kan. 310, 314 (2022).

Here, Plaintiffs bring § 1983 and § 1985 claims, so the two-year statute of limitations and ten-year statute of repose from K.S.A. 60-513(a)(4) and (b) apply. Although Plaintiffs do not mention when or how Bennett was involved in their alleged injuries, the latest date Plaintiffs point to in general is August 2008. (Doc. 1 at ¶ 70.) August 2008 was over 14 years ago. Therefore, Plaintiffs' claims are barred by the applicable statutes of limitations and repose.

Plaintiff Jalen Davis was a minor when any causes of action arose. He was born in 2003 and is now at least 19 years old. (*See* Doc. 1 at ¶¶ 56-57, 61, 63 (Jalen was *in utero* in late 2002 and early 2003).)[3] His legal disability of being a minor was removed over a year ago when he turned 18. Therefore, Jalen Davis's claims are not helped by the one-year statute of limitations and the eight-year statute of repose under K.S.A. 60-515(a) for claims that arose while a plaintiff was under legal disability, as Jalen Davis's claims are barred under those statutes of limitations and repose as well.

To the extent the Plaintiffs may allege an ongoing injury with regard to being denied records (Doc. 1 at ¶¶ 67(2)-69, 72, 74), the Plaintiffs still fail to state a claim for the reasons stated in the following sections.

**B. Bennett is entitled to dismissal of Plaintiffs' claims because Plaintiffs fail to state the requisite personal participation of Bennett.**

"Liability under § 1983 requires personal participation in the unlawful acts." *Beedle v.*

---

[3] Federal Rule of Civil Procedure 5.2 discourages the undersigned counsel from providing Jalen Davis's precise birth date in a publicly filed document, but the fact that Jalen is at least 19 years old is clear from the face of the complaint.

*Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005). "Section 1983 does not authorize liability under a theory of respondeat superior." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Neither does § 1985. *Saviour v. City of Kan. City*, No. 90-2430-L, 1992 WL 135019, at *7 (D. Kan. May 15, 1992) (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979)). Rather, Plaintiffs must show an "affirmative link" between a defendant's actions and their alleged constitutional injury. *Schneider*, 717 F.3d at 767. To establish the affirmative link, Plaintiffs must show: (1) personal involvement; (2) sufficient causal connection; and (3) culpable state of mind. *Id.*

Here, Defendant Bennett cannot be liable under Plaintiffs' claims because he was not personally involved in their injury. Aside from being named in the caption and generically described in paragraph 20 of the complaint, Bennett is not mentioned anywhere else in the complaint. Plaintiffs do not allege that Bennett acted at all, much less acted in a way that made him personally involved in their injury, in a way that made him cause their injury, or with a culpable state of mind. Therefore, Plaintiffs fail to state a claim against Bennett because they fail to state that he personally participated in their injury.

C. **Bennett is entitled to dismissal of Plaintiffs' official capacity claims because Plaintiffs fail to allege that an official policy or custom caused injury with the requisite state of mind.**

A suit against a government official in their official capacity "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). So a suit against a county official is a suit against the county. *See id.* Although local government units can be sued as "persons" under § 1983 and § 1985, they "cannot be held liable . . . on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (addressing § 1983 claims); *Saviour v. City of Kan. City*, No. 90-2430-

11

L, 1992 WL 135019, at *7 (D. Kan. May 15, 1992) (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979)) (addressing § 1985 claims). "Congress did not intend to impose liability on a [local government unit] unless *deliberate* action attributable to the [local government unit] itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997) (emphasis in original). Accordingly, "a plaintiff must identify a government's policy or custom that caused the injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). The plaintiff must also "show that that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Id.* The plaintiff therefore must show three elements: (1) official policy or custom, (2) causation, and (3) state of mind. *Id.*

Here, Plaintiffs allege two agreements that could potentially be considered policies or customs of Sedgwick County, one involving an "infectious disease control consultative program" and another "providing implementation of bioterrorism planning and preparedness." (Doc. 1 at ¶¶ 51-52.) Plaintiffs have not alleged that either of these agreements caused anything to happen at all, much less plausibly alleged that these agreements caused an injury to Plaintiffs. Plaintiffs have also not alleged facts to make it plausible that these agreements would almost inevitably lead to a constitutional injury or that the unspecified individuals who made or maintained these agreements did so with deliberate indifference to such a consequence. Therefore, Plaintiffs fail to meet the required elements and fail to state a claim against Sedgwick County or against Bennett in his official county capacity.

**D. Bennett is entitled to dismissal for failure to state a claim because Plaintiffs have not overcome qualified immunity by showing that any alleged conduct violated clearly established law.**

Qualified immunity protects from civil liability government officials whose actions do

not violate clearly established statutory or constitutional rights of which a reasonable person would have known.[4] *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Qualified immunity is an affirmative defense that can be raised in a motion to dismiss or in a motion for summary judgment. *Id.* (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). When a § 1983 defendant raises the qualified immunity defense, it creates a presumption that the defendant is immune from suit. *Janny v. Gamez*, 8 F.4th 883, 913 (10th Cir. 2021).

To overcome this presumption, the burden shifts to the plaintiff to show (1) the defendant's alleged conduct violated a federal constitutional right, and (2) that right was clearly established at the time of the alleged violation. *Id.*; *see also Grissom v. Roberts*, 902 F.3d 1162, 1167-68 (10th Cir. 2018) ("only if the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant . . . " (comma omitted)). The right must be clear from applicable case law, *Colbruno v. Kessler*, 928 F.3d 1155, 1161 (10th Cir. 2019), and must be defined with specificity, *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019). For the plaintiff to satisfy this "heavy two-part burden," *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877-78 (10th Cir. 2014), "the complaint must isolate the allegedly unconstitutional acts of each defendant; otherwise the complaint does not provide adequate notice as to the nature of the claims against each and fails for this reason." *Matthews v. Bergdorf*, 889 F.3d 1136, 1144 (10th Cir. 2018). The Tenth Circuit has found it to be error to improperly place the burden on the defendants to establish their entitlement to qualified immunity. *Id.*

---

[4] Federal statutory rights enforceable under § 1983 are limited in number. *See City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124-25 (2005) ("a few § 1983 claims are based on statutory rights"). They are not relevant to this case, so the rest of this memorandum refers only to "constitutional rights" as shorthand for the full phrase "statutory or constitutional rights."

13

Here, Bennett is entitled to qualified immunity[5] because there was no clearly established law within this Circuit, or a robust consensus of cases outside of it, that any alleged actions violated clearly established law, particularized to the facts of this case. Specifically, Plaintiffs have not shown any law that put Bennett on notice that serving as "Sedgwick County District Attorney" somehow violated federal law. Because qualified immunity applies, the Court should dismiss the claims for failure to state a claim. (At the very least, the burden now shifts to Plaintiffs, and Plaintiffs must be specific. Plaintiffs must identify specific conduct and demonstrate that the alleged conduct violates specific, clearly-established constitutional rights.)

## CONCLUSION

For the above reasons, Defendant Marc Bennett requests that the Court dismiss Plaintiffs' claims against him due to lack of subject-matter jurisdiction or, in the alternative, for failure to state a claim.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendants Bennett and Kobach*

---

[5] Prosecutorial immunity does not appear relevant at this time because Plaintiffs do not allege any actions by Bennett, much less any actions "intimately associated with the judicial process." *See Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (emphasis omitted).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which sent electronic notice to counsel of record, with copies also sent to Plaintiffs by means of first-class mail, postage prepaid, addressed to:

Carla Davis
901 N. Belmont
Wichita, KS 67208
*Plaintiff, pro se*

Jalen Davis
901 N. Belmont
Wichita, KS 67208
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General
