IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS & JALEN DAVIS, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF JUSTICE, )<br>et al. )<br>)<br>    Defendants. )<br>   )| Case No. 23-CV-01010 |

**MEMORANDUM IN SUPPORT OF DEFENDANT ANNA STORK-FURY, M.D.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW the Defendant, Anna Stork-Fury, M.D., ("Dr. Fury") and hereby submits this memorandum brief in support of her motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), and 12(b)(6), for an order dismissing Plaintiffs' Civil Complaint for Injunctive and Declaratory Relief with Possible Money Damages for Constitutional Violations ("Complaint") with prejudice. In support of this motion, Dr. Fury states as follows:

**NATURE OF THE CASE**

Plaintiffs' Complaint identifies more than forty defendants. The defendants include a variety of federal, state, county, and municipal agencies and officials, numerous health care providers, and two law firms. Plaintiffs brought this lawsuit on January 23, 2023, requesting a declaratory judgment, monetary damages of an unspecified amount, an injunction to provide Plaintiffs with their medical records, and the costs of this action. (Doc. 1, ¶ 9). The Complaint states that Plaintiffs bring their action pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985.

Following identification of each of the parties to the lawsuit, Plaintiffs' Complaint includes approximately one page of "Statement of Facts." In that section, Plaintiffs describe federal funding of efforts to protect the nation from bioterrorism and enactment of federal legislation on that

1

subject in 2002, and that the State of Kansas received federal funding for such purposes. Plaintiffs also set forth allegations of involvement by various public officials in events related to these bioterrorism preparedness activities at federal, state, and local levels. Finally, Plaintiffs assert (1) that Carla Davis had private health insurance, (2) that she was pregnant in 2002 with her son Jalen Davis, (3) that she received pre-natal care from an obstetrician and medical clinic in Wichita, and finally, (4) that Carla Davis made health care choices for herself that did not get fulfilled (Doc. 1, ¶¶ 55 – 57).

Thereafter, Plaintiffs purport to assert a single claim for relief, titled "Bodily Intrusion without Due Process in Violation of the Fourth, Fifth and 14th Amendments." In this section of the Complaint (paragraphs 58 through 74), Plaintiffs allege events regarding health care associated with Carla Davis's pregnancy with Jalen Davis in 2002, and Jalen's birth in January of 2003. Plaintiffs allege that in 2002, Carla Davis told her obstetrician she wanted to deliver at St. Joseph hospital, but that in 2003 she was forced to deliver at Wesley Medical Center and was admitted there on January 23, 2003 "under the disguise" of a scheduled induction of labor. (Doc. 1, ¶¶ 60, 61). Plaintiffs allege that during this hospitalization, they were incapacitated by toxic doses of Fentanyl; that while so incapacitated, Carla was raped by Anna Stork-Fury, who with gloved hands, penetrated her vagina without medical reason; that Carla was later treated for infectious diseases; that Carla was stabbed deeply in the back with a needle by Tom Yao; that Carla and Jalen were administered toxic doses of antibiotics, when she did not have an infection; and that they suffered personal injuries as a result of the bodily intrusions. (Doc. 1, ¶¶ 63-67).

The Complaint includes allegations that an unknown device was placed in Carla's chest blood vessels in February of 2004 (likely meant to be February, 2005). (Doc. 1, ¶ 68). A medical

record filed by Plaintiffs with their Complaint reflects that Carla Davis underwent heart catheterization on February 2, 2005, following complaints of chest pain. (Doc 1-1, p. 5 of 14).

Plaintiffs allege a refusal of public officials to provide Plaintiffs with diagnostic test results and medical records, interfering with their ability to use their health information, their ability to obtain health care, their ability make social security benefit claims, and in prosecuting an auto accident injury claim. (Doc. 1 at ¶67 (2) - ¶(2)). Plaintiffs also claim that public officials stole the blood of Jalen Davis at Children's Mercy Hospital in 2008, that Carla Davis was falsely accused of child abuse, but found innocent, and of an attempted abduction of Jalen by a social worker. (Doc. 1, ¶¶ 70-71). Plaintiffs allege that unspecified public officials and their cooperators are concealing the unlawful bodily intrusions and serious injuries resulting therefrom. (Id. at ¶ 69.)

The Complaint then includes conclusory allegations that the Defendants violated the constitution due to the fact that Plaintiffs' medical records are in a confidential status, and that Defendants' actions were willful or showed reckless disregard for Plaintiffs. (Doc. 1 at ¶¶ 72, 73).

## ARGUMENTS AND AUTHORITIES

Dr. Stork-Fury is entitled to dismissal of Plaintiffs' claims with prejudice on several bases. First, pursuant to Rule 12(b)(6), Plaintiffs' Complaint fails to state a claim against Defendant Dr. Stork-Fury upon which relief can be granted. Second, pursuant to Rule 12(b)(1), as a result of the lack of specific allegations and the implausible nature of the claim, Plaintiffs cannot establish subject matter jurisdiction in this court. Third, dismissal pursuant to Rule 12(b)(6) is appropriate because the Complaint reveals on its face that the statute of limitations on any purported claims against these Defendants has long ago expired. Finally, Plaintiffs have not properly served Defendant Dr. Stork-Fury with process, entitling her to dismissal pursuant to Rule 12(b)(5).

While Plaintiffs purport to assert claims against Dr. Stork-Fury in both her official and individual capacities, they fail to allege any official capacity of Dr. Stork-Fury.  Dr. Stork-Fury, as a medical student, does not constitute an official of the KU School of Medicine for purposes of a claim in an official capacity. There have been no factual allegations to the contrary. Nonetheless, any such claims would actually be claims against KU School of Medicine, as "[a] suit against a state official in his or her official capacity. . . is no different than a suit against the State itself." *Cosgrove v. Kansas Dept. of Social and Rehabilitative Services,* 744 F. Supp. 2d 1178, 1189 (D. Kan. 2010) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, (1989)). ". . . an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 165-66 (citing *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985)).

Even if an "official capacity" claim were possible, the KU School of Medicine is separately named as a defendant, and has itself separately responded to Plaintiffs' Complaint through its counsel. (See Doc. 113 and Doc. 117). While Dr. Stork-Fury believes the principles discussed in this motion are equally dispositive of any official capacity suit against Dr. Stork-Fury, this motion concerns Plaintiffs' claims against her in her individual capacity.

## I. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A. Legal Standards Applicable to Motion to Dismiss for Failure to State a Claim.

When reviewing a motion to dismiss, the Court is not required to accept conclusory allegations, unwarranted inferences, or legal conclusions in a complaint. *Dry v.United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). The Court does not defer to allegations in the complaint that constitute legal questions, because those issues are within the purview of the Court. *Id.* at 1257.

Plaintiffs are proceeding pro se. [A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Id.* at 1110; *see also Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). However, it is not the proper function of the district court to assume the role of the advocate for the pro se litigant. *See Hall*, 935 F.2d at 1110.

A pro se litigant must comply with the Federal Rules of Civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"), *quoting Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). "Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Rule 8(a)(1) of the Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The claim must be "*plausible on its face*." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis

5

added). A plaintiff's complaint must include more than labels, legal conclusions, and formulaic recitations of the cause of action's elements. *Id*. at 545. To state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim that relief is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Tenth Circuit has further clarified this standard by holding that the "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a *reasonable likelihood* of mustering factual support for these claims." *Ridge at RedHawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis added); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In this case, Plaintiffs were also required to plead facts sufficient to state a § 1983 or § 1985 claim against Dr. Stork-Fury. The basic requirements for stating § 1983 and § 1985 claims are well-established:

> To state a § 1983 claim, a plaintiff must allege (1) a deprivation of a right, privilege, or immunity secured by the U.S. Constitution or laws of the United States (2) that was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155- 57 (1978). A § 1985 claim must, at a minimum, allege a conspiracy to interfere with civil rights, among other elements. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (discussing § 1985(3)). Boilerplate allegations of constitutional violations and conspiracy are insufficient to state a claim under either § 1983 or § 1985. See *O'Connor v. St. John's Coll.*, 290 F. App'x 137, 141 (10th Cir. 2008) ("Section 1985(3) conspiracy claims cannot stand on vague and conclusory allegations; but rather, must be pled with some degree of specificity."); *see also Hunt v. Bennett*, 17 F.3d 1263, 266 (10th Cir. 1994) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

*Yankey v. Brasser*, No. 22-1036-JWB-ADM, 2022 WL 1272131, at *3 (D. Kan. Feb. 17, 2022).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). A § 1985 claim requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Allen v. Briggs*, 331 F. App'x 603, 605 (10th Cir. 2009). Moreover, specific details of conspiracy must be pled. See *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994).

### B. There are insufficient allegations in Plaintiffs' Complaint to state a claim against Dr. Stork-Fury.

Plaintiffs' Complaint fails to meet the above-stated standards. Plaintiffs do not state how any alleged acts or omissions of Dr. Stork-Fury have any relation to their constitutional claims. Thus, Plaintiffs have failed to state a plausible § 1983 claim against Dr. Stork-Fury in her individual capacity by failing to sufficiently allege how Dr. Stork-Fury deprived their rights. Plaintiffs' Complaint also includes no allegation of conduct under color of state law. As such, it is clear that Plaintiffs' Complaint fails to state any claim for relief against Dr. Stork-Fury.

Plaintiffs have also not pleaded any factual allegations indicating that Dr. Stork-Fury had a racial or class-based discriminatory animus against them. In fact, Plaintiffs have not pleaded that they are members of a protected class at all. Moreover, conspiracy claims must be pled with specificity, rather than by a mere conclusory allegation, which is the most that can be said of Plaintiffs' Complaint. Thus, Plaintiffs have failed to state a plausible § 1985 claim against Dr. Stork-Fury for these reasons as well.

To the extent the Complaint in this action involves allegations of refusal to release Plaintiffs' medical records, there is no basis to infer that Dr. Stork-Fury had, or could have had, any involvement in those matters. There is no allegation in the Complaint that Dr. Stork-Fury

possesses any medical records of these Plaintiffs. Certainly, there is no allegation that Plaintiffs have ever requested medical records from Dr. Stork-Fury, or that such a request was refused. There is clearly no basis to infer that Dr. Stork-Fury has acted in any manner that could serve as the basis for the constitutional claims asserted. Plaintiffs' Complaint should, therefore, be dismissed as to Dr. Stork-Fury for failure to state a claim upon which relief can be granted.

## II. NO FEDERAL QUESTION HAS BEEN RAISED, SO THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER THIS CASE.

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Plaintiffs, as the parties invoking the Court's jurisdiction, bear the burden of showing its existence. *Id*. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018). A federal court must generally "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Although the absence of a valid cause of action does not normally implicate subject-matter jurisdiction, the absence of an *arguable* claim does. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). When the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," then the complete lack of a federal claim means the district court lacks federal question jurisdiction. *Id.*; *see also* 28 U.S.C. §§ 1331, 1343 (only providing jurisdiction if an action arising under federal law is presented). "[C]onstitutional insubstantiality for this purpose has been equated with such

concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'" *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015). If Plaintiffs purport to bring a claim under § 1983 but do not identify a federal right that Dr. Stork-Fury invaded, nor allege facts showing that Dr. Stork-Fury acted under color of state law, then the purported § 1983 claim does not support the district court's exercise of federal jurisdiction over the lawsuit. *Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003). Similarly, if Plaintiffs purport to bring a claim under § 1985(3) but do not allege a motive based on racial or class-based discrimination – as is required for a § 1985(3) claim, *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)) – then the purported § 1985 claim fails to provide a basis for federal jurisdiction. *Tiner v. Cockrell*, 756 F. App'x 482, 483 (5th Cir. 2019).

Here, Plaintiffs purport to bring a claim under § 1983 but do not identify a federal right that Dr. Stork-Fury invaded, nor allege facts showing that Dr. Stork-Fury acted under color of state law. Thus, the purported § 1983 claim does not support this Court's exercise of federal jurisdiction over this lawsuit. Plaintiffs also purport to bring a § 1985 claim. Plaintiffs do not allege that an officer was prevented from performing duties (*see* § 1985(1)) or that the due course of justice was obstructed (*see* § 1985(2)), so Plaintiffs appear to be relying on a deprivation of rights or privileges under subsection (3) for their § 1985 claim. Yet, Plaintiffs do not allege a motive based on racial or class-based discrimination. Thus, the purported § 1985(3) claim again fails to provide a basis for federal jurisdiction.

Of course, the burden of establishing subject-matter jurisdiction in on Plaintiffs. Here, Plaintiffs have failed to present sufficient allegations in their Complaint to allow this Court to find existence of subject matter jurisdiction. First, there is no allegation of any specific action purported to have been taken under color of state law, or any alleged discriminatory motive. Given the overall

9

implausibility of the Plaintiffs' claims, there is no basis from which this court can find subject matter jurisdiction exists.

In their Memorandum in Support of their Motion to Dismiss (Doc. 101), Defendants cite a number of unpublished decisions reflecting dismissal of cases where, like here, the allegations are implausible, devoid of merit, and express wild conspiracy theories. (See Doc. 101 at 6-7). The allegations in the present complaint are of just such a nature, and Courts have dismissed such actions for lack of subject matter jurisdiction. The circumstances of Plaintiffs' Complaint in this action urges the same result, entitling Dr. Stork-Fury to a dismissal pursuant to rule 12(b)(1).

### III. PLAINTIFFS' CLAIMS ARE BARRED BY EXPIRATION OF THE STATUTE OF LIMITATIONS AND THE STATUTE OF REPOSE.

Even if Plaintiffs were able to state a claim against Dr. Stork-Fury, Plaintiffs' claims are clearly time-barred. While the Complaint lacks clarity in many respects, it does reflect the timing of the events from which Plaintiffs' lawsuit arises, and it is clear that more than a decade has passed since those events occurred. As to Dr. Stork-Fury, approximately 20 years have passed since any possible involvement of Dr. Stork-Fury.

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The plaintiff then "has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4.

Plaintiffs' purported constitutional claims are subject to a two-year statute of limitations. *See Bledsoe v. Jefferson Cnty., Kansas*, 275 F. Supp. 3d 1240, 1256 (D. Kan. 2017) (applying Kansas's two-year statute of limitations to section 1983 claims for personal injury actions to his

claims), *aff'd in part, dismissed in part sub nom., Bledsoe v. Vanderbilt*, 934 F.3d 1112 (10th Cir. 2019). The same is true for Plaintiffs' 1985 claims. *See Lyons v. Kyner*, 367 F. App'x 878, 882 (10th Cir. 2010) ("[W]e apply Kansas's two-year statute of limitations for personal injury actions to Lyons's § 1983 claim and his § 1985(3) claim.").

To the extent Plaintiffs purport to assert a claim arising out of medical care by Dr. Stork-Fury, such claims are also subject to a two-year limitations period. See K.S.A. 60-513(a)(7)(establishing a two years limitations period on actions arising out of the rendering or failure to render professional services). Plaintiffs' Complaint includes factual allegations involving health care provided to Plaintiffs in 2003, and asserts that Dr. Stork-Fury was a medical student in 2003. Thus, to the extent Plaintiffs' claims against Dr. Stork-Fury arise out of professional services by health care providers, such claims are clearly subject to a two-year limitations period.

As discussed at pages 1-3 of this Motion, the medical events alleged by Plaintiffs occurred from roughly 2002 to 2008. This action was filed in January of 2023, clearly well beyond the applicable limitations period. Even taking into account that Jalen Davis was a minor at the time of the events alleged in the Complaint, the statute of limitations on his claim has also clearly expired.

K.S.A. 60-515(a) provides as follows:

> If any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age. . ., such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such actions shall be commenced by or on behalf of any person under the disability more than 8 years after the time of the act giving rise to the cause of action.

K.S.A. 60-515(a). Plaintiffs' claims are barred by the eight-year statute of repose imposed by K.S.A. 60-515(a). This statute expressly prohibits any action commenced "more than 8 years after the time of the act giving rise to the cause of action." This is true notwithstanding any disability

arising from Jalen Davis's status as a minor. Here, the health care related facts asserted in the Plaintiffs' Complaint span a period of time from 2002 to 2008, considerably more than 8 years prior to the filing of the Complaint in this case. As such, the Complaint clearly reveals that Plaintiffs' claims have long been barred by the eight-year statute of repose in K.S.A. 60-515(a).

Application of K.S.A. 60-515(a) bars Jalen Davis's claims on anther basis as well. According to Wesley Medical Center records attached as exhibits to the Plaintiffs' Complaint, Jalen Davis was born January 23, 2003. As such, he reached the age of majority on January 23, 2021. To the extent that any viable claim remained at the time he reached the age of majority, he had one year from that date in which to bring the claim pursuant to K.S.A. 60-515(a). The Complaint in this action was filed January 23, 2023, a full two years after Jalen Davis reached the age of majority, and is therefore time-barred.

If there were any question of the timing of the events complained of in this action, one need only look to a prior lawsuit filed by Carla Davis in 2012. The petition in that auto accident lawsuit was filed July 25, 2012. (Exhibit 1, Petition in Sedgwick County, Kansas case number 12 CV 2597). As it is a matter of public record, this Court may take judicial notice of it. *Hastey on behalf of YRC Worldwide, Inc. v. Welch,* 449 F. Supp. 3d 1053, 1060 (D. Kan. 2020). As can be seen in that petition, Ms. Davis alleged, in 2012, some of the very same events set forth in the Complaint in the present action.  Clearly, not only did the events alleged in Plaintiffs' current Complaint occur more than a decade ago, but they were known to Mrs. Davis for more than a decade prior to filing of the present action. In summary, it is clear that any claims Plaintiffs purport to assert herein are barred by expiration of the statutes of limitations. As such, permitting Plaintiffs' claims against these Defendants would be futile and a waste of judicial resources.

**IV.     THIS COURT LACKS PERSONAL JURISDICTION OVER DR. STORK-FURY DUE TO LACK OF PERSONAL SERVICE OF PROCESS.**

Plaintiffs have failed to serve process on Dr. Stork-Fury in a manner meeting the requirements for service under applicable law.

> A Rule 12(b)(5) motion challenges the mode or lack of delivery of a summons and complaint. Objections to the sufficiency of process must be specific and point out in what manner the plaintiff has failed to satisfy the service provision utilized. When a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service. A pro se party is not relieved of her obligation to comply with the service of process requirements under Fed. R. Civ. P. 4.

*Lewis v. Wyandotte/Leavenworth Area on Aging*, No. 10-2109-JWL, 2010 WL2735563, at *2 (D. Kan. July 9, 2010) (citations omitted). In federal court, a party does not waive the defense of insufficient service of process by joining it with other arguments or by presenting evidence on the merits of the case. *Smith v. TFI Fam. Servs., Inc.*, No. 17-2235-JWB, 2019 WL 1556250, at *3 (D. Kan. Apr. 10, 2019). Accordingly, special limited appearances are not required. *Id.*

**A.  Individual capacity claims require service on a defendant as an individual.**

"Without personal service in accordance with Rule 4(e), the district court is without jurisdiction to render a personal judgment against a defendant." *Scherer v. United States*, 241 F. Supp. 2d 1270, 1281 (D. Kan. 2003), *aff'd,* 78 F. App'x 687, 690 (10th Cir. 2003). Even if service is properly made on a defendant in his official capacity, service can be improper on that defendant in his individual capacity, requiring dismissal of the individual capacity claims. *Id.* at 1282 (citing *Bartels v. Hecker*, 46 F.3d 1150 (table opinion), 1995 WL24911, at *2 (10th Cir. Jan. 23, 1995)). Under Federal Rule of Civil Procedure 4(e), service on an individual must be made according to a method allowed by state law or by personal delivery to the individual or to an agent authorized to receive service for the individual in their individual capacity. *See also* Fed. R. Civ. P. 4(i)(3) (requiring service on the individual when suing a federal officer in their individual capacity).

13

Here, the purported service on Dr. Stork-Fury was completed by hand delivery to Ashley Roberts at College Hill Obstetrics & Gynecology, 3233 East 2nd Street, Wichita, KS 67208, according to the return of service filed by Plaintiffs (Doc. 151). Kansas law does not allow service for individual capacity claims to be made by hand delivery on a different individual at an individual's business address. *See* K.S.A. 60-303. Neither does Rule 4. Therefore, no sufficient service has been made on Defendant Stork-Fury in her individual capacity, and Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(5).

### B. The Court should dismiss claims for improper service when they would also be dismissed under Rule 12(b)(6).

Although courts have discretion to extend the time for a plaintiff to serve a defendant, claims can properly be dismissed when the claims also fail under Rule 12(b)(6). *Wanjiku,* 173 F. Supp. 3d at 1231-32 (citing *Ngiendo v. Soc. Sec. Admin.*, 547 F. App'x 913, 914 (10th Cir. 2013)). Claims can be dismissed on both Rule 12(b)(5) and 12(b)(6) grounds. *Id.* Here, as discussed above, Plaintiffs' claims also fail under Rule 12(b)(6), so the Court should dismiss the Plaintiffs' claims against Dr. Stork-Fury under Rule 12(b)(5) and 12(b)(6).

### CONCLUSION

Because Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and in fact, fails to demonstrate subject matter jurisdiction in this Court, it should be dismissed with prejudice as to Dr. Stork-Fury. Moreover, the Complaint itself reveals that that any purported claim by Plaintiffs against Dr. Stork-Fury is barred by expiration of the applicable limitations period and the statute of repose, and permitting the case to proceed would be futile.

Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an

opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d at 1109–10 (10th Cir. 1991) (citations omitted). Finally, the failure to properly serve Dr. Stork-Fury with process provides additional grounds for dismissal under all of the circumstances.

Defendant Dr. Stork-Fury respectfully prays that her motion be granted, and that she be dismissed from this action with prejudice.

Respectfully submitted,

/s/Brian L. White
Brian L. White, SC# 20767
Mark R. Maloney, SC# 14134
Rebecca E. Bergkamp, SC# 28239
Hinkle Law Firm, L.L.C.
1617 N. Waterfront Pkwy., Ste. 400
Wichita, KS  67206-6639
(316) 267-2000 Telephone
(316) 264-1556 Facsimile
bwhite@hinklaw.com mmaloney@hinklaw.com
rbergkamp@hinklaw.com
***Attorneys for Defendant Anna Stork-Fury, M.D.***

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record and which was served by placing the same in the U.S. mail, first-class postage prepaid, addressed to the following:

Carla Davis
Jalen Davis
901 N. Belmont
Wichita, KS 67208
cardav01292021@yahoo.com
***Pro se Plaintiffs***

/s/Brian L. White
Brian L. White, SC# 20767
***Attorneys for Defendant Anna Stork-Fury, M.D.***
