IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLA DAVIS, *et al.*,  )
)
Plaintiffs, )
)
v. ) Case No.: 23-1010-JAR-KGG
)
UNITED STATES DEPARTMENT )
OF JUSTICE, *et al.*, )
)
Defendants. )
_____)

# SHOW CAUSE ORDER

Plaintiffs Carla Davis and Jalen Davis filed their federal court Complaint on January 23, 2023, against more than 40 Defendants requesting injunctive and declaratory relief (and possible monetary damages) for alleged violations of Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (*See generally* Doc. 1.) To date, all but three Defendants have moved to dismiss – Defendants Tom Yao, James Michael Moser, and Gerard Bassell.

Summons and/or alias summons were issued and returned as to these three remaining Defendants. (Docs. 40, 76, and 153 as to Defendant Yao; Docs. 25, 74, and 147 as to Defendant Moser; and Docs. 37 and 42 as to Defendant Bassell.) As

1

discussed herein, however, the Court has concerns as to whether service was properly effectuated on these three Defendants.

Fed.R.Civ.P. 4(e) governs service on an individual within a U.S. judicial district. That subsection states that an individual may be served in a U.S. judicial district by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id*. Because this District Court is located in Kansas, Plaintiffs may follow Kansas law for serving the summons. (*Id*.) Because the Defendants at issue are alleged to be located in California (Yao), Ohio (Moser), and Nevada (Bassell) and service was attempted on them in each of the three listed states, service may be made following the law of those states as well.

Pursuant to Kansas law, service of process may be made on a party outside the state if the party is domiciled in this state or the party "has submitted to the jurisdiction of the courts of this state, such service provides personal jurisdiction over that party … ." K.S.A. §60-308(a). A person submits to jurisdiction in Kansas if, among other events, they do any of the following in Kansas: transact business, commit a tortious act, own, use, or possess real estate, act "as director, manager, trustee or other officer of any corporation organized under the laws of or having a place of business in this state … ." K.S.A. §60-308(b).

Under Kansas law, service may be made "[i]n the same manner as service within this state, by an officer authorized to serve process in this state or in the state where the party is served; or (B) by a party or the party's attorney pursuant to subsection (c) of K.S.A. §60-303." *Id.* Allowable methods of service include return receipt delivery, personal/residential service, or acknowledgment by the party served.[1] K.S.A. §60-303. Return receipt delivery service occurs by "certified mail, priority mail, commercial courier service [such UPS delivery person(s) used as to the three Defendants at issue], overnight delivery service or other reliable personal delivery service to the party addressed," evidenced by written or electronic receipt "showing to whom delivered, the date of delivery, the

---

[1] Other means are available for service for garnishments, inapplicable to the present situation.

address where delivered and the person or entity effecting delivery." K.S.A. §60-303(c).

After return receipt deliver service occurs, the party "must execute and file a return of service ... stat[ing] the nature of the process, to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery." *Id*. The return "must include a copy of the return receipt evidencing delivery." *Id*. If the delivery is returned indicating service was refused, the serving party

> may send a copy of the process and [Complaint] … by first-class mail, postage prepaid, addressed to the party to be served, or may elect other methods of service. If mailed, service is considered to be obtained three days after the mailing. Mailing must be evidenced by a certificate filed with the clerk. If the unopened envelope sent by first-class mail is returned as undelivered for any reason, service is not obtained and the [serving party] must file an amended certificate with the clerk indicating nondelivery. Mere failure to claim the sealed envelope sent by return receipt delivery is not refusal of service within the meaning of this subsection.

*Id*. As discussed regarding particular summonses below, there is no indication Plaintiffs attempted to send the summons and Complaint by first-class mail following refusal of acceptance.

Kansas law also allows for personal and residential service. K.S.A. §60-303(d). To effect service under this method, the serving party may file a written request for personal or residential service with the clerk. Thereafter, "[p]ersonal

service is effected by delivering or offering to deliver a copy of the process and [Complaint] or other document to the person to be served." *Id*. Residential service is effected "by leaving a copy of the process and [Complaint] or other document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." *Id*. If personal or residential service cannot be completed, "service is effected by leaving a copy of the process and [Complaint] or other document at the individual's dwelling or usual place of abode and mailing to the individual by first-class mail, postage prepaid, a notice that the copy has been left at the individual's dwelling or usual place of abode." As discussed regarding particular summonses below, there is no indication Plaintiffs attempted to leave a copy of the summons and Complaint at the Defendants' dwellings and thereafter mailing a notice by first-class mail.

Personal or residential process "must be made by a sheriff within the sheriff's county, by the sheriff's deputy, by an attorney admitted to the practice of law in Kansas, by a person licensed as a private detective pursuant to K.S.A. 75-7b01 *et seq*., … or by a person appointed as a process server by a judge or clerk of the district court." *Id*. Plaintiffs used UPS delivery in their attempts to effect residential or personal service as to these three Defendants, not an individual authorized under K.S.A. §60-303(d)(3). When the person attempting to be served (or their authorized agent) refuses to accept process, "the offer of the duly

5

authorized process server to deliver the process, and the refusal, is sufficient service of process." *Id*.

The time limit to effect service is governed by Fed.R.Civ.P. 4(m), which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." That period may be extended upon a showing of good cause for the failure to complete service in a timely manner. *Id*. As stated above, the Complaint was filed on January 23, 2023 (Doc. 1), meaning the ninety days for service to be timely effectuated on these three Defendants has passed.

Within the context of these rules, the Court will review the summons returns for these three Defendants. Each will be discussed in turn, including the law of the relevant other states, where applicable.

**A.     Tom Yao**

Plaintiffs have returned three summonses for Defendant Yao – Docs. 40, 76, and 153. All of the summonses identified Defendant Yao as a medical student at the Kansas University School of Medicine, Wichita Anesthesia Program with a "principal address" of 17130 Van Buren Blvd #311, Riverside, CA  92504-5905. (Doc. 40, at 1.) They also indicate Defendant Yao is being sued in is "official and individual capacity … ." (*Id*.) As an initial matter, Plaintiffs have failed to

establish any type of "official capacity" in which they may sue this Defendant as a medical student.

The original summons for Defendant Yao was served on Kansas Attorney General Kris Kobach on January 31, 2023, and filed on February 10, 2023. (*See* Doc. 40, at 2.) Serving the summons for Defendant Yao, a medical student apparently residing in California, in his individual capacity on the Kansas Attorney General is clearly improper to effectuate service.

The second and third attempts at service on Defendant Yao took place in California. Pursuant to California law,

> [a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.
> The date upon which personal delivery is made shall be entered on or affixed to the face of the copy of the summons at the time of its delivery. However, service of a summons without such date shall be valid and effective.

Cal. Civ. Proc. Code § 415.10.

Plaintiffs' second attempt to serve the summons on Defendant Yao occurred on February 10, 2023, and filed with the Court on February 21, 2023. (*See* Doc. 76, at 2.) That summons was delivered by the United Parcel Service to the 17130 Van Buren Blvd address in Riverside, California, which is indicated to be a residential address. (*Id.*, at 1-2.) The return summons indicates that service was

7

refused. (*Id.*, at 2-3.) There is no indication, however, that the delivery was in fact presented to Defendant Yao or that he was the person who refused it. Rather, the summons that was returned to the Court (unexecuted), indicates that the delivery was made to the front desk at that address to an individual named "Brianna." (*Id.*) This attempt did not effectuate service under California or Kansas law.

California law also allows for substitute service if attempts at personal service are unsuccessful. "The plaintiff may effect substitute service of a summons and complaint by leaving a copy of the documents at the defendant's 'usual place of business' with a person at least 18 years old who is 'apparently in charge of his or her office [or] place of business,' and [then] mailing a copy of the documents to the same place." ***Rodriguez***, 187 Cal. Rptr. 3d, at 232 (quoting Cal Civ. Proc. Code § 415.20, subd. (b).)

As for the third attempt at service (Doc. 153), the returned summons indicates that the papers were "delivered" to "Tom Yao MD" at Riverside Community Hospital, 445 Magnolia Avenue in Riverside, California. (*Id.*, at 2.) This occurred on March 14, 2023, and was filed with the Court on March 15, 2023. (*Id.*) The shipment details, however, indicate that the delivery was signed for by a person named "Liza," not Defendant Yao. (*Id.*, at 2.)

Pursuant to California law, a plaintiff "may serve individual defendants through substitute service," such as the defendants' usual place of business, "when

they cannot be personally served with reasonable diligence." ***Rodriguez v. Cho***, 187 Cal. Rptr. 3d. 227, 232 (citing Cal. Civ. Proc. Code § 415.20, subd. (b) and ***American Express Centurion Bank v. Zara***, 131 Cal.Rptr.3d 99, 103). "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence. '" ***American Express Centurion Bank***, 131 Cal.Rptr.3d, at 103.) The Court notes that Plaintiffs only attempted service on Defendant Yao at his residence on one occasion (Doc. 76) before attempting to serve him elsewhere. Thus, Plaintiffs did not exercise reasonable diligence before attempting substitute service.

Even assuming Plaintiffs had exercised reasonable diligence before trying to serve Yao at his usual place of business, this service was still improper under California law. "The plaintiff may effect substitute service of a summons and complaint by leaving a copy of the documents at the defendant's 'usual place of business' with a person at least 18 years old who is 'apparently in charge of his or her office [or] place of business,' and [then] mailing a copy of the documents to the same place." ***Rodriguez***, 187 Cal. Rptr. 3d, at 232 (quoting Cal Civ. Proc. Code § 415.20, subd. (b).)

There is no indication that "Liza" – the person who signed for the delivery – was at least18 years old or "apparently in charge" of this place of business. Further, there is no indication that Plaintiffs subsequently mailed a copy of the

9

documents to Defendant Yao at Riverside Community Hospital. This attempt also fails to comply with Kansas law as there is no provision for service at the recipient's place of business and no subsequent first-class mailing was attempted. The Court, therefore, cannot establish that Plaintiffs have effectuated service on Defendant Yao pursuant to Fed.R.Civ.P. 4(e), Kansas law, and/or California law within 90 days of filing the Complaint, as required by Fed.R.Civ.P. 4(m).

**B.      James Michael Moser, MD**

Plaintiffs have returned to the Court three summonses for Defendant Moser – Docs. 25, 74, and 147. All three summonses identified Defendant Moser as the "State of Kansas lead physician of public health, Executive Director of Kansas Health Preparedness and Response to Bioterrorism program/Chairman of Kansas Bioterrorism Coordinating Counsel." (Doc. 25, at 1.) The summonses indicate Defendant Moser is sued in his official and individual capacity. (*Id*.) He is identified as an M.D. of pediatrics who is or was the "State of Kansas lead physician of public health, Executive Director of Kansas Health Preparedness and response to Bioterrorism program/Chairman of Kansas Bioterrorism Coordinating Counsel sued in his official and individual capacity … ." (*Id*.) His address is listed as the Kansas Department of Health and Environment ("KDHE") on 1000 SW Jackson, #300, Topeka, Kansas 66612. (*Id*.)

As to the first summons, Plaintiffs attempted to serve Defendant Moser via the office of the Kansas Attorney General. (Doc. 25, at 2.) The Court takes judicial notice that Dr. James Moser has not held the position alleged with he State of Kansas. There is no indication that this Defendant would be represented by the Kansas Attorney General. Thus, service was not effectuated by delivering the summons and Complaint to the Attorney General's office.

Plaintiffs' next attempt at serving Defendant Moser was addressed to "James Michael Moser MD" at the KDHE Division of Health on 1000 SW Jackson Street in Topeka, Kansas. The delivery was signed for by a person identified as "STRAIT" on the delivery notification. (Doc. 74, at 2.) As stated above, however, Dr. James Moser has not held a position with the State of Kansas – at the KDHE or otherwise. The Court has no indication that Defendant Moser can be served at the KDHE offices. The Court, therefore, cannot establish that Plaintiffs have effectuated service on Defendant Moser pursuant to §60-303(c).

The final attempt at serving Defendant Moser was made at a residential address in Akron, Ohio. (Doc. 147, at 2.) The delivery was returned to sender, with the stated reason for return indicated as "receiver did not want, refused delivery." (*Id.*, at 3, 6.)

Refusal of service under Ohio law is governed by Rule 4.6 of the Ohio Rules of Civil Procedure. Subsection (C) of that Rule states:

> If attempted service of process by United States certified or express mail or by commercial carrier service within or outside the state is refused, and the certified or express mail envelope or return of the commercial carrier shows such refusal, or the return of the person serving process by personal service within or outside the state or by residence service within the state specifies that service of process has been refused, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket.  **If the… serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk.  The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk.**  Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing.  The clerk shall endorse this answer date upon the summons which is sent by ordinary mail.  Service shall be deemed complete when the fact of mailing is entered of record.  Failure to claim United States certified or express mail or commercial carrier service is not refusal of service within the meaning of this division.  This division shall not apply if any reason for failure of delivery other than 'Refused' is also shown on the United States certified or express mail envelope.

Ohio R. Civ. Pro. 4.6(C) (emphasis added).

      Plaintiffs have not complied with this Rule as there has been no written request for mail service to Defendant Moser at this Ohio residential address, even assuming what is listed is his actual residential address.  The Court, therefore,

cannot establish that Plaintiffs have effectuated service on Defendant Moser pursuant to Fed.R.Civ.P. 4(e), Kansas law, and/or Ohio law within 90 days of filing the Complaint, as required by Fed.R.Civ.P. 4(m).

**C.    Gerard Bassell, MD**

Plaintiffs have returned two summonses for Defendant Gerard Bassell, MD – Docs. 37 and 42.  Both summonses identified Defendant Bassell as the "KU School of Medicine Anesthesia Program Director" who is being sued in his official and individual capacities.  (*Id.*)  The address listed on both subpoenas is 213 N Stephanie Street, Suite G, #348, Henderson, Nevada 89074.  (*Id.*)

With the first summons, Plaintiffs attempted to serve Defendant Bassell – as the Anesthesia Program Director for the KU medical school – via the office of the Kansas Attorney General.  (Doc. 37, at 2.)  Not all agencies have the legal capacity to sue or be sued.  ***Lindenman v. Umscheid, et al.***, 255 Kan. 610, 628, 875 P.2d 964 (1994) (holding that the Kanas City, Kansas – Wyandotte County Department of Health has no capacity to sue or be sued).  In fact, "[s]ubordinate government agencies, in the absence of statutory authorization, ordinarily do not have the capacity to sue or be sued."  *Id.* (citing ***Hopkins v. State***, 237 Kan. 601, 606, 702 P.2d 311 (1985)).

Simply stated, the KU School of Medicine, Department of Anesthesia does <u>not</u> have the capacity to sue or be sued.  Thus, no official capacity claim exists

13

against Defendant Bassell and the issue of effecting service on Defendant Bassell with the Kansas Attorney General's office is moot.

The second attempt to serve Defendant Bassell (Doc. 42) indicates that the papers were "delivered" to "Gerald Bassell" at 213 N. Stephanie St., Suite G, #348, in Henderson, Nevada on February 10, 2023, which was filed with the Court on February 13, 2023. (*Id*., at 2.)  The address on Plaintiffs' summons appears to be for a United Parcel Service store in Henderson, Nevada, not an address associated with Defendant Bassell.  Further, the delivery receipt filed with the Court indicates that the delivery was "Signed By:  UPS STORE," rather than identifying the person who signed.  (*Id*.)

Under Nevada law, if a defendant does not voluntarily appear, the plaintiff is responsible for "obtaining a waiver of service under Rule 4.1, if applicable; or having the summons and complaint served" in a timely manner and pursuant to Nev.R.Civ.P. Rule 4.2, 4.3, or 4.4.  Nev.R.Civ.P. 4(c)(1).  Rules 4.2(a) is applicable to this situation and states that service may be made on an individual:

> (1) by delivering a copy of the summons and complaint to the individual personally;
>
> (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or

> (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Nev. R. Civ. P. 4.2(a).  Based on the above, the Court cannot establish that Plaintiffs have effectuated service on Defendant Moser pursuant to Fed.R.Civ.P. 4(e), Kansas law, and/or Nevada law within 90 days of filing the Complaint, as required by Fed.R.Civ.P. 4(m).

## Conclusion

More than 90 days have now passed since Plaintiffs filed their Complaint. The Court's docket contains no indication that Plaintiffs have properly served Defendants Yao, Moser, and Bassell with a summons and a copy of the Complaint. Accordingly, the Court orders Plaintiffs to show cause in writing **within three (3) weeks of receipt of this Order**, why the Court should not **recommend to the District Court** that the claims against Defendants Yao, Moser, and Bassell be **dismissed, without prejudice**, pursuant to Fed.R.Civ.P. 4(e) and (m) and all applicable state laws.

IT IS SO ORDERED.

Dated this 2nd day of May, 2023, at Wichita, Kansas.

/S Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE