FILED
U.S. District Court
District of Kansas

MAY 30 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CARLA DAVIS, indv.** | ) | |
| **JALEN DAVIS, indv.** | ) | |
| Plaintiffs, | ) | **CASE No. 6:23-CV-01010-JAR-KGG** |
| v. | ) | |
| **U.S DEPARTMENT OF** | ) | **REQUEST FOR ORAL ARGUMENT** |
| | ) | |
| **JUSTICE; et al** | ) | |
| | ) | |

## PLAINTIFFS' OPPOSITION TO KRIS KOBACH'S MOTION TO DISMISS

**COME NOW**, the plaintiffs, Carla Davis and Jalen Davis, opposing the dispositive motions of defendant, Kris Kobach in his **official and individual capacity** as Kansas Attorney General and as Kansas Secrtary of State he was properly served summons and complaint. Plaintiffs were not serving defendant as a federal official of the Department of Justice, and moves this Court for an order denying the defendant's motions and allow this case to proceed to discovery and jury trial.

This case involves severe conflicts and the court is required to balance the interests when there is a conflict and must determine the reasonableness of the defendants' actions in this matter. The plaintiffs Carla Davis and Jalen Davis bring this case to inform the court to the best of their ability that they are being harmed at the present and will suffer future harm by defendants because plaintiffs' medical records and diagnostic test results have been placed in a confidential status: 1. denying plaintiffs complete access and use of their medical records, 2. along with preventing healthcare providers who have treated the plaintiffs from communicating health concerns and diagnostic test results; 3. therefore preventing effective medical treatment to plaintiffs for over 20 years starting January 23, 2003 to this present date and future dates, under

1 -24

some unusual covert policy or law that defendants refuse to discuss with plaintiffs. Plaintiffs need their personal health information to:

1. Know their health condition and receive effective medical treatment for the injuries and disabilities they have suffered resulting from the humanitarian experimentation conducted on them that was not approved by Congress, while Carla Davis was pregnant with Jalen Davis in utero on January 23, 2003.
2. Use their personal health information for a current no-fault auto accident that occurred on May 19, 2022, that is unresolved in property and bodily injury claims.
3. Use for social security claim sitting idle and unresolved at the Social Security Appeals Counsel for plaintiff Carla Davis.

The actions of defendants is interfering with plaintiffs' life, liberty, property, and happiness. All defendants in this case are clients, a subsidiary firm, business partner, or fiduciary of the law firm Foulston Siefkin. The defendants in this case participated in or supported the Kansas Bioterrorism Hospital Preparedness Programs on January 23, 2003 that caused the foundation harms to plaintiffs. Plaintiffs are seeking from this court due process, for the actions taken by defendants because defendants are violating plaintiffs 'fundamental rights to due process, to privacy and liberty guaranteed by the Fourth, Fourteenth, and Amendments of the United States constitution.

## SUBJECT MATTER JURISDICTION

Regarding subject matter jurisdiction The Foreign Intelligence Surveilliance Court states: "Statutory subject matter jurisdiction over claims seeking access to national security information classified by the Executive Branch lies not with this Court, but with the U.S. District Court." 28 U.S.C. 1331; 5 U.S.C. 552 (a) "The targets of electronic surveillance authorized by this Court, as well as other aggrieved persons, can challenge that surveillance only in a "United States District Court"' 50 U.S.C. 1806 (f). *In re Opinions of this Court Addressing Bulk Collection of Data under the Foreign Intelligence Surveillance Act,* Misc. No. 13-08. Plaintiffs' medical records have been placed in Confidential national security status for over twenty years denying Carla and Jalen Davis access and use of their diagnostic personal health information, thus in effect denying medical treatment to human beings; after these defendants referred plaintiffs to humanitarian experimentation not approved by Congress. This Court has jurisdiction

to remove any Patriot Act tools (administrative subpoenas and gag orders violating the plaintiffs' Fourth Amendment right to privacy, and defendant's right to free speech on this matter. Under 28 U.S.C. 1331, this Court has authority on law and equity matters.

## **Plaintiffs' state a claim against defendant**

Plaintiffs' complaint complies with Federal Rule of Civil Procedure 8 (a) (2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.). "Plaintiffs' complaint also sets "forth factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Detailed factual allegations are not required …" *Bell v. Twombly,* 550 U.S. 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Plaintiffs allegations in their complaint supports constitutional violations of the Fourth, and Fourteenth amendments against these defendants because have a right to privacy in their medical information, and right to due process. Plaintiffs' complaint pleads sufficient factual content accepted as true. When considering a motion to dismiss the Court may consider materials that do not contradict the complaint, as well as material that are necessarily embraced by the pleadings. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589 (1978). The Court "may take judicial notice on its own" and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Plaintiffs make the following factual allegations in their complaint to support present and ongoing violations of their fundamental rights to privacy, liberty, and substantive due process guaranteed by the Fourth and Fourteenth Amendments against this defendant as follows:

> Second # 68 We are being denied effective medical treatment, the inability to use our medical records for evidence in making auto accident injury claims and making social security benefits.
>
> # 69 The public officials and their cooperators are keeping concealed the unlawful bodily injury intrusions and the serious injuries resulting from it.
>
> # 72 The Defendants violated the Constitution, and the violations are ongoing due to the fact that the medical records are in a confidential status, denying plaintiffs access and use for life as a human being.

3 -24

### Defendants do not have Qualified immunity and Eleventh Amendment Immunity

Plaintiff oppose defendant's immunity claim because defendants did not support its immunity claim with a reason or basis for the immunity protection. Plaintiffs make the following factual allegations in their complaint to support present and ongoing violations of their fundamental rights to privacy, and substantive due process guaranteed by the Fourth and Fourteenth Amendments against this defendant as follows:

> Second # 68 We are being denied effective medical treatment, the inability to use our medical records for evidence in making auto accident injury claims and making social security benefits.
>
> # 69 The public officials and their cooperators are keeping concealed the unlawful bodily injury intrusions and the serious injuries resulting from it.
>
> # 72 The Defendants violated the Constitution, and the violations are ongoing due to the fact that the medical records are in a confidential status, denying plaintiffs access and use for life as a human being.

"Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ramirez V. Oklahoma Dep't of Mental Health,* 41 F.3d 584, 592 (10th Cir. 1994) (quoting Harlow v. Fitzgerald, 457U.S. 800, 818 (1982). The key to the qualified immunity inquiry is the "objective reasonableness of the official's conduct in light of the legal rules that were clearly established at the time the action was taken. *Melton v. City of Oklahoma City*, 879 F. 2d 706,727 (10th Cir. 1989) (quotations omitted), modified on other grounds, 928 F.2d 920 (10th Cir. 1991).

Defendant Kansas Attorney General's Office and its Attorney General are causing present and future harm to plaintiffs because they failed to fulfill its duty to respond to harm inflicted on survival victims of weapons of mass destruction that occurred on January 23, 2003 in the State of Kansas. Plaintiffs Carla Davis and Jalen Davis suffer present and future harm due to defendant denying plaintiffs the following fundamental rights:

1. Right to Due Process

The Fourteenth Amendment prohibits any state deprivation of life, liberty, or property without due process of law. The defendant Kansas Attorney's General Office and its Attorney General has not provided plaintiffs a reason for Kansas Insurance Department and it's Insurance Commissioner are depriving plaintiffs Carla Davis and Jalen Davis of their no- fault bodily, injury and property damage claims ,that require use of their medical records as evidence to prove aggravation of pre-existing injuries caused by the weapons of mass destruction, and is causing harm to plaintiffs, Carla Davis and Jalen Davis, for present and future auto accident claims; in violation of the Fourteenth Amendment. The Kansas Insurance Department and its Insurance Commissioner have a history of preventing plaintiff Carla Davis from prevailing on no-fault auto accident that occurred during year 2010 auto accident. In that case plaintiff, Carla Davis medical records were obstructed as evidence to prove her injuries. Defendant Kansas Attorney General's Office and its Attorney General have refused to resolve the matter prior to filing this court case.

Substantive due process is the constitutional guarantee that no person can be arbitrarily deprived of his life, liberty, or property, and provides protection from arbitrary and unreasonable action by government actors. *Babineaux v. Judiciary Commission*, 341So. 2d 396, 400 (La. 1976).

In *Fuentes v. Shevin*, the Supreme Court states, "The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment—to minimize substantively unfair or mistaken deprivations of property, a danger that is especially great when the State seizes goods simply upon the application of and for the benefit of a private party. So viewed, the prohibition

against the deprivation of property without due process of law reflects the high value, embedded in our constitution and political history, that we place on a person's right to enjoy what is his, free of governmental interference." *Fuentes v. Shevin*, 407 U.S. 67 (1972). (See *Lynch v. Household Finance,*. 405 U.S. 538, 405 U.S. 552 (1972). "Any significate taking of property by the State is within the purview of the Due process Clause." *Id.* 407 U.S. 86. "The Court has traditionally insisted that, whatever form opportunity for that hearing must be provided before the deprivation at issue takes place. *Londoner v. County of Denver*, 210 U.S. 373, 210 U.S. 385-386. See *In re Ruffalo*, 390 U.S. 544, 390 U.S. 550-551; *Bell V. Burson*, 402 U.S. 535, 402 U.S.542; *Wisconsin v. Constantineau*, 400 U.S. 433, 400 U.S. 437; *Goldberg v. Kelly*, 397 U.S. 254; *Armstrong v. Manzo*, 380 U.S. at 380 U.S. 551; *Mullane v. Central Hanover Tr. Co., supra,*, at 339 U.S. 313. "Due Process of law is process due according to the law." *Walker v. Sauvinet*, 92 U.S. 90, 93 (1876).

2. Right To Privacy In Medical Records and Bodily Integrity

On October 26, 2001 The U.S. President signed into law the "Uniting and Strengthing America By Providing Appropriate Tool Required to Intercept and Obstruct Terrorism (USA PATRIOT ACT of 2001)" In its' Bulletin 2002-4; April 23, 2002, the Kansas Insurance Department and its' Insurance Commissioner-Kathleen Sebelius, **"advise persons and entities regulated by the Kansas Department of Insurance of new responsibilities under the U.S.A Patriot Act of 2001".** Under the Patriot Act, section 215, covered entities are compelled dis-closure of medical records as tangible things, for bio-terrorism surveillance or investigation under national security exception without the patient being notified, and administrative orders in the form of national security letters and gag orders that prevents recipients (Plaintiffs' health care providers) from discussing the letter's content and

instructions are administered without a court order. Plaintiffs did not know their medical records were under national security confidentiality status until their records were given to them by the deceased attorney Mark Hutton at the law Firm Hutton and Hutton, in Wichita, Kansas.  In *John Doe v. Gonzales* U.S. District Judge Marrero struct down elements of the U.S.A Patriot Act stating that the provision "offends the fundamental constitutional principles of checks and balances and separation of powers." *John Doe v. Gonzales*, 500 F. Supp. 2d 379, 396 (S.D.N.Y. 2007) *Doe v. Ashcroft* , 334 F. Supp. 2d 471 (S.D.N.Y. 2004) The Fourth Amendment prohibits the government from conducting "unreasonable searches and seizures", which generally means that any search or seizure must be performed pursuant to a valid warrant based on probable cause. *United States v. Streifel*, 665 F.2d414 (2d Cir. 1981). The Fourth Amendment's protection against unreasonable searches applies to administrative subpoenas, and extends as well to the orderly taking under compulsion of process. *United States v. Morton Salt Co..*, 338 U.S. 632, 651-52, 70 S. Ct. 357, 94 L. Ed. 401 (1950). While the Fourth Amendment reasonableness standard is permissive in the context of administrative subpoenas, the constitutionality of the administrative subpoena is established on the availability of a neutral tribunal to determine, whether the subpoena complies with the Fourth Amendment's demands. *United States v, Baily (In re Subpoena Duces Tecum)*, 228 F.3d 341, 348 (4th Cir. 2000). This court must be allowed to supervise this case in the matter of Carla Davis and Jalen Davis in which their medical records were seized without their knowledge, and they are being denied indefinite access and use of their personal health information for any purpose. President Clinton's Executive Order 12958, Part 1, Section 1.8 states: *Classification Prohibitions and Limitations*. (a) in no case shall information be classified in order to:

7-24

*(1) conceal violations of law, inefficiency, or administrative error;*

Plaintiffs' Carla Davis and Jalen Davis's medical records should not be classified Confidential under national security to conceal the humanitarian experimentation not approved by Congress, conducted on them on January 23, 2003, without their knowledge and consent. On January 23, 2003, the Kansas Insurance Department and its Insurance Commissioner-Kathleen Sebellius had a meeting of the mind with the indigent and research teaching programs, through Travis Stembridge M.D.- who was appointed by the Kansas Insurance Commissioner to direct the Kansas Healthcare Stabilization Fund. Travis Stembridge was also- KU School of Medicine-Wichita OB/GYN Program Director at Wesley Medical Center, a member of Medical Society of Sedgwick County (MSSC) and its affiliate Central Plains Health Care Partnership, and it's Project Access Program, that conducted the bodily intrusions ( humanitarian experimentation that was not approved by Congress) on the pregnant Carla Davis and her in utero child-Jalen Davis- the plaintiffs, on January 23, 2003.

Public Law 107-188-June 12, 2002, Subtitle D outlines Criminal Penalties Regarding certain Biological Agents and Toxins. (See Complaint # 50)

*(2) prevent embarrassment to a person, organization, or agency.*

The humanitarian experimentation conducted on plaintiffs, the pregnant Carla Davis and her in-utero child Jalen Davis that was not approved by Congress was conducted at the institutional facility -HCA Wesley Medical Center, in Wichita, Kansas. United States Senate Majority Leader William (Bill) Frist, who is also a heart surgeon, was a shareholder in his HCA family co-founded business. He wrote books on bioterrorism- *"When Every Moment Counts: What you need to know about bioterrorism from the Senate's only doctor."* Tennessee Senator William Frist

stated to the President (Honorable George Bush) at the senate congressional hearing on Public Health Security and Bioterrorism Preparedness and Response Act of 2001; Congressional record Vol. 147. No. 178 (Senate-December 20, 2001). "**Since the effectiveness of vaccines, drugs, and therapeutics for many biological agents and toxins often may not ethically be tested in humans, this crucial legislation ensures that the FDA will finalize by a date certain its rule regarding the approval of new priority countermeasures on the basis of animal data.**" (See Complaint # 49)

On January 23, 2003. the life of the pregnant Carla Davis and her in-utero child Jalen Davis was not protected. The were used as guinea pigs for humanitarian experimentation that was not approved by Congress.  Plaintiffs above allegations in their complaint supports constitutional violations of the Fourth, and Fourteenth amendments- Plaintiffs have a right to privacy in their bodily integrity in their medical information, a right to substantial due process when the government deprives them of life, liberty, or property, and the government must provide a sufficient justification for the deprivation.The Court has repeatedly asserted that personal privacy and dignity are "basic to a free society." Accordingly, when bodily intrusions implicate "personal and deep-rooted expectations of privacy" the Court held, *the Fourth Amendment demands "a discerning inquiry into the facts and circumstances to determine whether the intrusion was justifiable. Winston v. Lee,* 470 U.S. 760 (1985).(Quoting *Schemerber v. California*, 384 U.S. 757, 767 (1966). "An essential purpose of the Fourth Amendment is to protect the right to be let alone- the most comprehensive of rights and most valued by civilized men." *Olmstead v. United States*, 277 U.S. 438, 478 (1928). The Court observed that at common law the right to be free from physical interference was "a right of complete immunity." *Union Pac.,Ry Co. v. Botsford*, 141 U.S. 251 (1891). Uncontrolled authority over the bodies of citizens by any private party was eradicated by the Thirteenth Amendment when slavery was eradicated in the United States. *In re Baby Doe*, The Court upheld the right of the pregnant woman to determine the course of treatment for herself and her baby. The woman's right to refuse invasive medical treatment derives from her tight to privacy, bodily integrity…. *In re Baby Doe*, 632 ne2d

9–24

326 Illinois (1994). The fourth Amendment prohibits "unreasonable searches and seizures." Once the Court has determined that a search or seizure has occurred; it ask whether the action was reasonable-to experiment on a pregnamt woman and to conceal the experiment by placing medical records under Patriot Act tools. The Court must test for reasonableness. Reasonableness is the extent to which health or safety is threatened. *Winston v. Lee,* 470 U.S. 760 (1985).

The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the state. *Schmerber v. California*, 384 U.S. 766. The Fourth Amendment protects privacy in medical records. Plaintiffs have a reasonable expectation of privacy in their records. An expectation of privacy is one that society is prepared to accept as reasonable. *O'Connor v. Ortega*, 480 U.S. 715 (1987.) As a society we accept as reasonable an expectation of privacy in our medical records. The reason for this is because medical records contain intimate and private details that people do not wish to have disclose. The reasonable expectation of privacy enjoyed by the patient undergoing diagnostic tests in the hospital is that the results will not be shared…without the patient's consent. *Herring V. Keenan*, 218 F. 3d 1171, 1173 (10th Cir, 2000). *A.L.A v, West Valley City*, 26 F. 3d 989, 990 (10th Cir, 1994) (recognizing there is a constitutional right to privacy regarding disclosure…of the results of …HIV test.) *Lankford v. City of Hobart*, 27 F.3d 477 (10th Cir. 1994). (concluding that sheriff was not entitled to… immunity for a seizure of an employee's medical records because "there is no question that an employees medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection.") It is unconstitutional under the Fourth Amendment to conduct a search and seizure without a warrant anywhere that a person has reasonable expectation of privacy. *Katz v. United States*, 389 U.S. 347 (1967)

The Fourteenth Amendment's due process clause protects individuals from arbitrary intrusions into their medical records. Substantive due process protects privacy in personal

10-24

information- medical records. Maintaining such information as confidential is a fundamental interest. A substantial due process violation has occurred because the plaint's Carla Davis and Jalen Davis interest in their personal health information outweighs the government's interest in breaching it. Malicious invasions of privacy are constitutionally unacceptable even in the face of weak individual privacy interests. *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) The plaintiffs need to access and use their personal health information to sustain life as a human, for effective medical treatment, and to use their medical history to apply for benefits they are entitled. The fundamental right to privacy protects against unwarranted invasions of privacy by governmental entities arms thereof. In *Roe v. Wade*, 410 U.S. 113 (1973), the U.S. Supreme Court acknowledged the doctor-patient relationship is one which evokes constitutional rights of privacy.

The facts of this case can only be assessed after discovery and both parties' submission of evidence regarding the reasonableness of denying access and use of Jalen Davis' personal health information in his medical records. For now, the only facts that matter are those that the plaintiffs have alleged, considered in the light most favorable to it. Even if the defendants believes that its version will "prove to be the true one…that does not relieve defendants of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery." *Banneker Ventures, LLC v. Graham*, 798 F. 3d 1119, 1129 (D.C. Cir. 2015) The Supreme Court Stated, "the issue is…. whether the plaintiff is entitled to offer evidence in support of their claims..." *Scheuer v. Rhodes* 416 U.S. 232, 236 (1974). Therefore, In the matter of immunity defendants' motion should be denied, discovery is necessary to determine if defended is really shielded from immunity in the exceptions above and in any other manner arranged by Congress; because discovery will reveal more into this matter. this case should not be dismissed before discovery and trial. Defendants need to answer the complaint.

11-24

Lack of Constitutional Standing, Redressibility

      Defendant claims that plaintiffs lack constitutional standing. "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies,' " *Allen v. Wright,* 468 U.S. 737, 750 (1984). Defendant's argument fails because plaintiffs do not rely on their past injury, rather they continue to suffer a present, ongoing and future injuries due to the government's continued retention of plaintiff's personal health information and lack of due process for withholding non-fault auto accident claims and social security claims involving bodily injuries affiliated with aggravation and exacerbation of the initial injuries caused by the humanitarian experimentation that was not approved by congress documented in the medical records. Plaintiffs satisfy redressability requirement when they show that a favorable decision will relieve their injury. Plaintiffs need not show that a favorable decision will relieve every injury of the plaintiffs. *Larson v. Valente,* 456 U.S. 228, 243 n. 15 (1982). Plaintiffs have established an injury that is continuing and redressable; their injury is neither hypothetical nor speculative and is ripe for determination by this court and jurisdiction for this court is proper. "In many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm.,* 220 F. 3d 1138 (9th Cir. 2000)." Plaintiffs face a realistic danger of sustaining a direct injury" as a result of the covert law that has plaintiffs' medical records in a confidential status denying plaintiff's access and use for any necessary purposes including medical treatment and use for bodily injury claims of auto accident and social security claims. *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979). It is reasonable to assume that defendant will act lawfully as Kansas Attorney General and make all reasonable efforts to advise the state agencies to stop violating plaintiffs' rights to due process before taking away plaintiff's right to no-fault auto accident claims, right to privacy and liberty in their medical records and in making decisions on their bodies.. This is sufficient to confer standing in this case. *Larson v. Valente,* 456 U.S. 228, 243 n. 15 (1982).

## 42 U.S.C 1985 (2)

Plaintiffs have a claim against these defendants under 42 U.S.C 1985 (2) which states:

"…or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating in any manner, **the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person…, to the equal protection of the laws.**"

To state a claim under 42 U.S.C. 1985(2), both the Court of Appeals and the U.S. Supreme Court concluded that Section 1985(2) claims do not require that the conspiracy be motivated by racial or perhaps otherwise class based invidiously discriminating animus to prove a violation of rights under Section 1985(2). *In Kush v. Rutledge*, 460 U.S. 719 103 S. Ct. 1483, 75 L. ED. 2D 413 (1983). Section 1985 (2) divided into two clauses, prevents obstruction of justice and protects an individual's right to equal protections of the laws. The essential purpose of section 1985(2) was to ensure the effective operation of the state and federal judiciary as well as provide an unhindered avenue of redress to those injured. *Rutledge v. Arizona Bd. Of Regents* 660 F. 2d 1345, 1355 (9th Cir. 1981). *McCord v. Baily* 636 F. 2d 606, 615 (D.C. Cir. 1980), cert denied, 451 U.S. 983 (1981). *Brawer v. Horowitz* 535 F. 2d 830, 839, (3rd Cir. 1976). The Kansas Attorney General Office and its Attorney General are obstructing justice for both plaintiff's Jalen Davis and Carla Davis, by not fulfilling its law enforcment duty to protect children and adults from serious crimes caused by weapons of mass destruction used in humanitarian experimentation that was not approved by Congress, and concealing the injuries in the medical records as evidence, denying plaintiffs access and use of their medical records for any purpose.

## Federal Question Jurisdiction and standing

This Court has subject- matter jurisdiction in civil actions (all suits of a civil nature, at common law or in equity) arising under the Constitution, laws, or treaties of the Unites States. 28 U.S.C. 1331. This case of plaintiffs- Carla Davis and Jalen Davis has standing and invoke federal-question jurisdiction because plaintiffs present a substantial federal question. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). Plaintiffs' complaint is not implausible, frivolous, devoid of merit, insubstantial, foreclosed by prior decisions of this Court, or other wise completely devoid of

13-24

merit as not to involve a federal controversy as defendant Kansas Attorney General claims with hostility. The "primary purpose" of federal question jurisdiction "is to ensure the availability of a forum designed to minimize the danger of hostility toward, and specially suited to the vindication of, federally created rights." 15 *Moore's Federal Practice* par. 103.03. Federal law includes an act of Congress or a regulation issued under an act of Congress. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 643, (2002). Federal law generally includes An Act of Congress, an administrative regulation, or an executive order made pursuant to an Act of Congress. 13D Wright & Miller section 3563, pp. 220-22.

1.Plaintiff's complaint has foundation and is based on defendants violating Acts of Congress as follows:

Complaint # 48 On June 12, 2002 the Honorable President George Bush signed H.R. 3448- Public Health Security and Bioterrorism Preparedness and Response Act of 2002, and it became **Public Law No: 107-188.**

Complaint # 50 Public Law 107-188-June 12, 2002 Subtitle D outlines Criminal Penalties Regarding certain Biological Agents and Toxins.

Complaint # 59 The Fourth Amendment of the U.S. Constitution affords individuals the right to be secure in their persons…papers, and effects against unreasonable searches.

Complaint # 62 The second # 67 The public officials refused to give my child Jalen Davis and I results of Diagnostic tests and our medical records are in an ongoing Confidential status, without the inability to use our health information for any reason.

Complaint # 63 On January 23, 2003, my in-utero child and I was incapacitated with toxic doses of the drug Fentanyl.

Complaint # 64 I was raped when Anna Stork-Furry, after I was incapacitated, penetrated my vagina *without* a necessary medical reason. Her hands were pre-gloved when she came into the room, and her hand was cupped holding something in it. I was unable to question what was in her hand due to incapacitation. Later I was treated for infectious disease of my entire body. (See

Complaint # 65 Tom Yao, stabbed me deeply in my lower back with a needle, causing severe pain.

Complaint # 66 My medical billing shows that my in-utero child and I was administered toxic doses of antibiotics, when I did not have an infection. I was administered toxic doses of Bupivacaine and other drugs *without* a medically necessary reason.

Complaint # 67 I suffered serious injuries as a result of the bodily intrusions.

Complaint # 73 The Defendants actions were willful, and defendants showed a reckless disregard for the sanctity of the life of Carla Davis and her in-utero human child.

Complaint # 74 Due process of the …and Fourteenth Amendment guarantees plaintiffs a full blown fair hearing of this matter, and the right to access of their personal health information, and the right to use their health information to make insurance claims and be approved for social security benefits.

2. Plaintiff's complaint is based on President Clinton's Executive Order 12958, Part 1,

Section 1.8 states: *Classification Prohibitions and Limitations*. (a) in no case shall

information be classified in order to:

*(3) conceal violations of law, inefficiency, or administrative error;*

Complaint # 62 The second # 67 The public officials refused to give my child Jalen Davis and I results of Diagnostic tests and our medical records are in an ongoing Confidential status, without the inability to use our health information for any reason.

# 69 The public officials and their cooperators are keeping concealed the unlawful bodily injury intrusions and the serious injuries resulting from it.

Complaint # 72 The Defendants violated the Constitution, and the violations are ongoing due to the fact that the medical records are in a confidential status, denying plaintiffs access and use for life as a human being.

When determining whether a claim arises under federal law, a court will "examine the 'well pleaded' allegations of the complaint and ignore potential defenses: ' [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). Plaintiffs ask this Court to ignore the defenses of this defendant because plaintiffs have well pleaded allegations in their complaint.

A court will have federal question jurisdiction over a plaintiff's claim that turns on an issue of federal law even if the plaintiff does not explicitly plead the federal issue in the complaint. "A plaintiff cannot avoid federal court simply by omitting a necessary federal question in the complaint; in such a case the necessary federal question will be deemed to be alleged in the complaint." 15 *Moore's Federal Practice* para. 103.43. Complete preemption is "a

specific application of the artful pleading doctrine." 15 *Moore's Federal Practice* para. 103.43. A complaint must be considered 'necessarily federal in character' even if the plaintiff does not show a federal cause of action on the face of the complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 22-23 (1983). "The complaint will still raise a federal question for any cause of action that "comes within the scope" of the preempting federal cause of action. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23-24 (1983). (citing *Avco Corp v. Aero Lodge No. 735, Int'l Assn of Machinists,* 290 U.S. 557 (1968); *Freeman v. Burlington Broadcasters, Inc..* 204 F. 3d 311, 317 (2d Cir. 2000) *Wayne v. DHL Worldwide Express,* 294 F. 3d 1179, 1183 (9th Cir. 2002).

      Plaintiffs complaint request declaratory relief as follows:
Declare the Defendant's violations of the U.S. Constitution were willful.
This declaratory judgment action satisfies the well-pleaded complaint because the declarartory action requested raises the federal issue in plaintiffs" complaint. *Ameritech Benefits Plan Comm. v. Commc'n Workers of Am.,* 220 F. 3d 814, 818 (7th Cir. 2000); *Republican Party of Guam v, Gutierrez,* 277 F. 3d 1086 (9th Cir. 2002) (discussing well-pleaded complaint rule and declaratory judgements).

      Plaintiffs have standing because they have been directly affected and they have fundamental rights to privacy, liberty, and substantive due process free from government encroachment, protected by the Fourth, and Fourteenth Amendments in regard to these defendants. The Constitutional laws of the Fourth and Fourteenth Amendments are injected into the plaintiffs' well-pleaded complaint and is central to the dispute of defendants concealing humanitarian experimentation that was not approved by Congress, by placing national security Confidential status on the plaintiffs'- Carla Davis and Jalen Davis medical records-denying them access and use of their personal health information for any purpose. This case arises under federal law because federal law created the cause of action. *Grable & Sons Medal Prods.,Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005)

## **Plaintiffs' claims are not barred by statues of limitations**

      Congress do not have a statue of limitations specified for claims arising under the Fourth, and Fourteenth Amendments, 42 U.S.C 1983 and 1985. The Supreme Court has never declared that the courts must adopt a state's statute of limitations period. In *County of Oneida Indian Nation*, 470 U.S. 226, 239-44 (1985), the Court held that no limitation should apply to the action. Federal limitations period controls over shorter state period. *Engel v. Davenport*, 271 U.S. 33, 38-39 (1926). The federal court in non-diversity cases acts as part of the national system and therefore possess the ability to formulate federal common law. The Court may suspend or toll the limitation period. *Holmberg v. Armbrecht*, 327 U.S. 392, 394-95 (1946).

      Equitable estoppell also applies to Carla Davis and Jalen Davis' claims in that plaintiffs' medical records have been placed in a confidential status concealing the physical injuries they received as a result of the humanitarian experimentation not approved by Congress, plaintiffs have been denied access and use of their personal health since August 2008, 15 years to date and future dates. (See Complaint Attached Exhibit __A__ ). In *Glus v. Brooklyn Eastern District Terminal* (1959), 359 U.S. 231,79 S. Ct. 760, 3 L. Ed.2d 770, a case involving "estoppel", the Supreme Court held that defendant's wrongful acts allow tolling
The Defendants violated the Constitution and the violations are <u>ongoing due to the fact that medical records are in a CONFIDENTIAL status, denying plaintiffs access and use for life as a human being.</u>

      Plaintiffs' claims are not time barred. In *Barrett v. United States*, the court held that a claim…as a result of having been subjected to a secret chemical warfare experiment did not accrue for over twenty years. The court stressed the following factors as proof of concealment: the Army's use of classification of materials to keep the testing program secret; its campaign to prevent disclosure by threatening prosecution under the Espionage Act; and its efforts to put incriminating documentary evidence "beyond subpoena power." *Barrett v. United States*, 689 F. 2d 324 (2d Cir, 1982) *Smith v. Nixon*, 606 F. 2d 1183 (D.C. Cir. 1979), cert. denied 453 U.S. 912 (1981). The seizure, confidential classification, denials of access and use of plaintiffs' Carla Davis and Jalen Davis medical records along with concealment of wrongdoing justifies the

defendants are wrong in stating that this claim is time-barred. Plaintiffs' right to privacy has been violated in regard to their personal health information in their medical records in violation of the Fourth Amendment.

Plaintiffs ask the Court to deny defendants' statue of limitations argument. Defendants should not escape without providing plaintiff Jalen Davis access and use of his personal health information, or revealing the law preventing access and use of the medical records, this lack of

information is causing harm now and future harm. Until the medical records are released or the law preventing release, there is no statue of limitations to this matter.

Conclusion

Plaintiffs ask this court to remove any administrative subpoenas including national security letters and gag orders that prevent defendants from exercising free speech in this case, and violating plaintiff's fundamental rights. Subject matter jurisdiction is correct and plaintiffs' state a valid claim against these defendants. Defendants need to answer the complaint, and the case need discovery, and trial by jury as requested in plaintiff's complaint; therefore defendant's motion should be denied. (Exhibit B)

Respectfully Submitted,

*Jalen Davis / C.D.*

Jalen Davis and Carla Davis
901 N. Belmont
Wichita, Kansas 67208
316-691-8804 (phone)
Email: cardav01292021@yahoo.com

18-24

## CERTIFICATE OF SERVICE

On this ___30th___ day of May 2023, a copy of the foregoing document was filed with the court and placed in the U.S. postal mail to attorney of the state defendant Kris Kobach:

Matthew L. Shoger
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612

*Jalen Davis*

19-24