IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLA DAVIS and
JALEN DAVIS,

           Plaintiffs,

vs.                                           Case No. 6:23-cv-1010-JAR-KGG

U.S. DEPARTMENT OF JUSTICE, et al.,

           Defendants.

**REPLY IN SUPPORT OF MOTIONS TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) & 12(b)(6)**

The United States, the Federal Defendants,[1] former United States Attorney Duston Slinkard, in his individual capacity,[2] and Chief Judge Eric Melgren, in his individual capacity,[3] file this reply in support of their motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a plausible claim under Rule 12(b)(6). Plaintiffs' complaint fails as a matter of law because it fails to establish a jurisdictional basis for the Court to consider their claims. Plaintiffs admit in their response that they are seeking relief for violations of the Fourth, Fifth and Fourteenth Amendment. Such claims, otherwise known as constitutional torts, are clearly barred by sovereign immunity. Moreover, Plaintiffs' claims are mere conjecture, and so insubstantial that they cannot form the basis of a credible claim.

---

[1] As discussed in the Amended Motion and Memo to Dismiss (Docs. 100-101), the Federal Defendants are comprised of the United States Department of Justice; U.S. Attorney General Merrick B. Garland only in his official capacity; U.S. Department of Health and Human Services; Xavier Becerra, Secretary of Health and Human Services only in his official capacity; Duston Slinkard, United States Attorney for the District of Kansas only in his official capacity; and U.S. District Court Judge Eric Melgren, as former United States Attorney for the District of Kansas only in his official capacity.

[2] On March 10, 2023, Kate E. Brubacher was sworn in as the United States Attorney for the District of Kansas. Duston Slinkard is now the First Assistant United States Attorney (FAUSA) for the District.

[3] Presumably, Chief Judge Melgren was named as a Defendant based upon his prior role as United States Attorney for the District of Kansas from March 2002 to September 2008.

**Procedural History**

As more fully discussed in the Overview section of the Federal Defendants' opening brief (Doc. 101, pp. 1-2), the Plaintiffs allege their Fourth, Fifth and Fourteenth Amendment rights were violated during events that occurred between January 2003 and August 2008.

The Federal Defendants filed an Amended Motion to Dismiss and Memorandum in Support seeking dismissal pursuant to Rules 12(b)(1) and 12(b)(6). (Docs. 100 and 101.) Duston Slinkard, in his individual capacity, and Chief Judge Eric Melgren, in his individual capacity, also filed a Motion to Dismiss and Memorandum in Support asserting similar arguments as those made in the Federal Defendants' motion. (Docs. 133 and 134.) Additionally, the brief asserted that Section 1983 claims could not be raised as both FAUSA Slinkard and Chief Judge Melgren are federal employees, not state actors and that a viable *Bivens* claims was not plead. The brief closed by showing that former United States Attorney Eric Melgren and FAUSA Slinkard enjoy absolute immunity as a federal prosecutor and that likewise Chief Judge Melgren is protected by judicial immunity for any alleged acts during his time with the judiciary.

Plaintiffs filed a combined response, the Plaintiffs' Opposition. (Doc. 241.) Highly summarized, Plaintiffs allege that their claims should proceed as their Fourth Amendment right to freedom from unreasonable searches and seizures and their Fifth Amendment right to due process were violated when medical records were classified and withheld. Notably, Plaintiffs also concede that they are *not* asserting either *Bivens* claims or FTCA claims. (Doc. 241, p. 2.) They also argue that their claims are not time barred as Kansas law does not apply or that, alternatively, any limitations period should be tolled. (*Id.*, p. 6-7.)

**Analysis**

I.     **PLAINTIFFS' CLAIMS AGAINST THE FEDERAL DEFENDANTS SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1).**

2

### A. Plaintiffs' Baseless and Delusional Claims Should be Dismissed for Lack of Subject Matter Jurisdiction or Failure to State a Plausible Claim.

Plaintiffs' clearly baseless allegations are so fantastic or delusional that this Court lacks subject matter jurisdiction over their claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Even construed liberally, Plaintiffs' claims against the Federal Defendants are supported only by fantastic or delusional scenarios and do not allow for a plausible inference that the Federal Defendants committed any act or omission for which they would be potentially liable for the alleged injuries. Additionally the Plaintiffs' claims are clearly baseless because the Federal Defendants are undeniably immune from suit.

### B. Plaintiffs Failed To Identify Any Waiver Of Sovereign Immunity.

Constitutional tort claims against the United States or its officers in their official capacity are barred by sovereign immunity unless specifically waived. *See FDIC v. Meyer*, 510 U.S. 471, 477-478 (1994). Specifically, Plaintiffs' claims against the United States for Fourth, Fifth, and Fourteenth Amendment violations are barred by sovereign immunity and cannot proceed without waiver. *Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (affirming dismissal of alleged Fourth, Fifth, and Fourteenth Amendment violations against the United States because sovereign immunity for constitutional torts not waived); *Ascot Dinner Theatre, Ltd. v. Small Bus. Admin.*, 887 F.2d 1021, 1031 (affirming alleged First Amendment violation is barred as constitutional tort claim without necessary waiver of sovereign immunity). Actions under the Federal Torts Claim Act (FTCA) are potential remedies for certain torts committed by the United States or its employees. Because Section 1983 claims are only against state actors, Plaintiffs' only avenue for recovery from the individual defendants is a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In Plaintiffs' Opposition, Plaintiffs expressly disavow that they are asserting either *Bivens* claims or actions under the FTCA.

(Doc. 241, p. 2). Consequently, Plaintiffs, as the captains of their own Complaint and legal arguments, have foreclosed asserting any possible viable claim in this case against the Federal Defendants or FAUSA Slinkard or Chief Judge Melgren.

In the Complaint and Plaintiffs' Opposition, Plaintiffs assert 28 U.S.C. § 1331 as the basis for the Court having jurisdiction over this matter. *Compl.* at ¶ 44. Generalized statutes granting a court jurisdiction do not independently waive sovereign immunity. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015). Plaintiffs also assert 28 U.S.C. §§ 1343(a)(1)-(2), (4) as legal basis for the Court having jurisdiction of their claims, but they are again wrong. "This language [in Section 1343] does not by itself include any waiver of the sovereign immunity of the United States." *Salazar v. Heckler*, 787 F.2d 527, 528 (10th Cir. 1986) (affirming dismissal of action due to plaintiff's reliance on 28 U.S.C. § 1343(a)(4) and failure to identify another basis for jurisdiction). Plaintiffs, who bear the burden of proving subject matter jurisdiction, fail to expressly identify any waiver of sovereign immunity that would permit their claims to proceed against the Federal Defendants.

**C.     Plaintiffs Do Not Assert Viable § 1983 claims.**

Plaintiffs' § 1983 claims against FAUSA Slinkard, in his individual capacity, and Chief Judge Melgren, in his individual capacity, are barred because neither party qualifies as a state actor. *See Shepherd v. Robbins*, 55 F.4th 810, 813 (10th Cir. 2022) ("Congress enacted 42 U.S.C. § 1983 as the vehicle to remedy a state actor's violation of a person's federal rights."). Plaintiffs' conjecture that the Federal Defendants, Duston Slinkard, and Chief Judge Eric Melgren qualify as state actors because they acted with state and local officers is insufficient to demonstrate a valid § 1983 claim. *See Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121,1126 (10th Cir. 2000) (affirming grant of summary judgment due to plaintiff's failure to provide specific facts showing

4

agreement and concerted actions by defendants taken in advance); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (affirming district court dismissal of Section 1983 claim because pleadings included no specific facts and claim of conspiracy was conclusory).

### D. Plaintiffs' Claims Are Barred By The Statute Of Limitations.

The claims against all Federal Defendants in all capacities should be dismissed because it is plainly evident from the pleadings that the applicable statute of limitations has expired. Despite Plaintiffs' assertions that their claims are not time-barred, their Complaint asserts claims barred by the two year statute of limitations in 28 U.S.C. § 2401(b) and the two year statute of limitations for asserting a *Bivens* claim. *Hamilton v. City of Overland Park, Kan.*, 730 F.2d 613, 614 (10th Cir. 1984). As to Plaintiffs' contention that their claims are saved by equitable tolling, Plaintiffs' allegations fail to show the defendants acted in bad faith or how that bad faith prevented Plaintiffs from complying with the statute of limitations. *See Shrum v. Cooke*, 60 F.4th 1304, 1308-09 (10th Cir. 2023) (affirming dismissal of Section 1983 claims in part due to plaintiff's failure to present support for equitable tolling); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (observing that equitable tolling requires a litigant to establish they have been pursuing their rights diligently, and that some extraordinary circumstance stood in their way).

### Conclusion

Plaintiffs' claims against the Federal Defendants, Duston Slinkard, in his individual capacity, and Chief Judge Eric Melgren, in his individual capacity, should be dismissed for lack of subject matter jurisdiction as wholly implausible. Alternatively, Plaintiffs' claims are barred by sovereign immunity or fail to state a viable *Bivens claims*. Plaintiffs' implausible claims that show no personal involvement by any Federal Defendant are also time-barred.

Respectfully submitted,

KATE E. BRUBACHER
United States Attorney

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
Ks. S.Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: chris.allman@usdoj.gov

Attorney for the Federal Defendants, Former United States Attorney Duston Slinkard, and U.S. District Court Judge Eric Melgren as former United States Attorney for the District of Kansas

CERTIFICATE OF SERVICE

I certify that on June 9, 2023, this document was electronically filed with the Clerk of the Court by using the CM/ECF system and a paper copy was sent to the Plaintiffs by U.S. mail addressed as follows:

Carla Davis
901 N. Belmont
Wichita, KS 67208

Jalen Davis
901 N. Belmont
Wichita, KS 67208

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney