IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS, and <br> JALEN DAVIS, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> CHILDREN'S MERCY HOSPITAL, <br> and VIRGIL F. BURRY, M.D., et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 6:23-CV-1010-JAR-KGG <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CIVIL COMPLAINT

**COME NOW**, the Defendants, Children's Mercy Hospital and Virgil F. Burry, M.D. (hereinafter "Defendants"), by and through undersigned counsel, and submit Defendants' Reply Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Civil Complaint. In support thereof, Defendants state as follows:

### I.  Introduction

On January 23, 2023, Plaintiffs Carla Davis and Jalen Davis (collectively, "Plaintiffs") filed a Complaint against a collection of unaffiliated Defendants, including the Defendants who bring this Motion, claiming violations of Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights against these Defendants. [ECF 1].

On February 21, 2023, these Defendants filed their Motion to Dismiss Plaintiffs' Civil Complaint for Failure to State a Claim or, in the Alternative, Motion for Involuntary Dismissal with Prejudice for Failure to Prosecute (hereinafter, "Motion to Dismiss"). [ECF 66].

On May 30, 2023, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss (hereinafter, "Opposition"). [ECF 239]. This filing continues to rely on fantastic hypotheticals that

1

still fail to establish why Plaintiffs' claims against these Defendants, who are private actors, should not be dismissed for the reasons set forth in Defendants' underlying Motion to Dismiss. To maintain their action against these Defendants, more is required that mere conjecture. Accordingly, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice.

**II.     Argument**

>    a. *Plaintiffs' Purported Factual Allegations do not Support a Plausible Claim Upon Which Relief Can Be Granted*

In Plaintiffs' Opposition, Plaintiffs fail to demonstrate a plausible claim against these Defendants. By admission, Plaintiffs are attempting to state a cause of action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for alleged constitutional violations against non-state actors Children's Mercy Hospital and Dr. Burry by claiming they failed to proffer Jalen Davis' medical records when requested. [ECF 239 at 8]. In support of these allegations, Plaintiffs make arbitrary references to case law and statutes, none of which demonstrate how Plaintiffs have made a plausible claim against these Defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. [ECF 239 at 6-8].

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). In order to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim that relief is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "[T]he mere metaphysical possibility that

2

some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims*." Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A court is prohibited from construing a plaintiff's pleadings "so liberally that it becomes [Plaintiff's] advocate." *Bragg v. Chavez*, No. CIV 07-0343 JB/WDS, 2007 WL 5232464, at *25 (D.N.M. Aug. 2, 2007) (Browning, J.).

When considering the standard upon which this Court is meant to rule, it is clear that, Plaintiffs cannot solely rely upon conjecture in their Complaint. Rather, a clear and plausible claim against each Defendant is necessary in order to survive a Motion to Dismiss. On its face, nothing contained within Plaintiffs' Complaint sufficiently establishes a plausible claim against these Defendants. While Plaintiffs make arbitrary references to case law and statutes in their Opposition, none of those cases support inference that Defendants acted in concert as a state actor when they were alleged to have failed to proffer Jalen Davis' medical records. [ECF 239 at 6-8]. Even when construed liberally in their favor, Plaintiffs' allegations still fail to go beyond the threshold requirement necessary to establish a claim. For these reasons, Plaintiffs' Complaint should be dismissed.

i. *Claims under 42 U.S.C. § 1983 are Limited to State Actors*

Neither Children's Mercy Hospital nor Dr. Burry can be considered state or governmental actors. In spite of Plaintiffs' protestations, nothing contained within the Complaint or the Opposition addresses this fatal issue.

When a plaintiff seeks to prove state action of a private actor for purposes of liability under § 1983, the Complaint must specifically present facts tending to show agreement between the public and private actors that demonstrate that they were in concert and shared a common

unconstitutional goal against the Plaintiff. *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121,1126 (10th Cir. 2000). In the absence of a clear and plausible claim setting forth this relationship, Plaintiffs' § 1983 claims against Defendant Virgil F. Burry, M.D., in his individual capacity, and Defendant Children's Mercy Hospital, are barred as neither Defendant qualifies as a state actor. *See Shepherd v. Robbins*, 55 F.4th 810, 813 (10th Cir. 2022) ("Congress enacted 42 U.S.C. § 1983 as the vehicle to remedy a state actor's violation of a person's federal rights.").

When viewing all of the Plaintiffs' pleadings, in their totality, it is clear that Plaintiffs' Complaint fails to demonstrate or factually plead how either Defendant can be considered state actors pursuant to § 1983. Furthermore, Plaintiffs failed to present any specific facts that tend to show agreement and concerted action. [See ECF 1, ¶¶ sic 70, 72, 73, 76]. Instead, the Complaint contains only a single conclusory statement upon which Plaintiffs' claim establish concert by alleging that "public officials stole the blood of Jalen Davis at Children's Mercy Hospital …" [ECF 1, ¶ sic 72]. Setting aside the plausibility of Plaintiffs' claim, which strains the bounds of reason, such an allegation does not establish concert. Even if construed broadly and given all benefit of the doubt, Plaintiffs' Complaint fails to show that these Defendants deprived either Plaintiff, Carla or Jalen Davis, of any constitutional right while operating under color of state law. Instead, Plaintiffs' entire claim rests on a conclusory allegation that is not borne out in the facts set forth by the Complaint.

Because Plaintiffs' Complaint rests entirely on a conclusory assumption that Defendants Children's Mercy Hospital and Virgil F. Burry, M.D., are state actors, Plaintiffs' Complaint fails to set forth a claim viable claim upon which relief can be granted. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (affirming district court dismissal of Section 1983 claim because pleadings included no specific facts and claim of

conspiracy was conclusory). Accordingly, the Court must dismiss these Defendants from the lawsuit with prejudice.

> ii. *Plaintiffs' Argument Pursuant to 42 U.S.C. § 1985(2) Should be Disregarded as it Raises Issues That Were Not Formally Pled or Contained in their Complaint.*

Plaintiffs' argument set forth in their Opposition claiming a violation of § 1985(2) is improper as there is nothing contained within Plaintiffs' Complaint that supports such a position and this Court's review must be confined to the allegations contained in the initial Complaint. Plaintiffs' argument concerning an alleged 42 U.S.C. § 1985(2) violation should be wholly disregarded as there is no reference to an § 1985(2) contained within the Complaint. Again, the sufficiency of a Complaint must rest on its contents alone. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). Because Plaintiffs' Complaint does not reference or establish any claim allegation a § 1985(2) claim, Plaintiffs' Opposition concerning the same should be disregarded.

> iii. *In the Alternative, Plaintiffs' Argument Pursuant to 42 U.S.C. § 1985(2) Fails as a Matter of Law Because Plaintiffs' Failed to Adequately Set Forth Facts Showing Concert and Racial Animus.*

To the extent this Court takes Plaintiffs' Opposition into consideration, which Defendants reiterate it should not, Plaintiffs' Complaint fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1985, a plaintiff must allege a conspiracy of two or more persons aimed at either preventing a federal officer from performing her duties (*id*. § 1985(1)); intimidating a party, witness, or juror involved in a case (*id*. § 1985(2)); obstructing justice to deny a person equal protection of the laws (id.); or depriving a person of her rights and privileges to deny her equal protection of the laws (*id.* § 1985(3)). 42 U.S.C. § 1985.

To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983). "Conclusory allegations that the defendants acted in concert or conspired without specific factual allegations to support such assertions are insufficient ...." *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1248 (D.N.M. 2012).

As more thoroughly set forth in the § 1983 discussion, Plaintiffs' Complaint and Opposition fail to provide any factual allegation to support a finding that either Defendant acted in concert to promote a conspiracy. Again, Plaintiffs' claim that their allegation that "public officials stole the blood of Jalen Davis at Children's Mercy Hospital …" to support such assertions is insufficient. [ECF 1, ¶ sic 72].

Plaintiffs' § 1985(2) argument also fails because the second part of section 1985(2), which Plaintiffs appear to predominantly rely for their position "prohibits any conspiracy to obstruct a state judicial proceeding with the intent to deprive another of equal protection of the laws." *Archuleta*, 898 F. Supp. 2d at 1247. "[A] violation of the second part requires a showing that the conspirators intended to deprive the injured party of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725, (1983). "The 'equal protection' language included in the second clause of § 1985(2) requires an allegation of class-based animus for the statement of a claim." *Griffin v. Breckenridge*, 403 U.S. 88, 102, (1971).

It cannot be understated that there is no allegation that these Defendants' actions were of a discriminatory animus towards individuals of a specific class or race. Plaintiffs' Complaint is completely devoid of such allegations. In the absence of these required factual allegations,

6

Plaintiffs' Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983(2).

b. *Plaintiffs' Claims are Barred by the Statute of Limitations*

On January 23, 2023, Plaintiffs filed their cause of action against the Defendants in the United States District Court of Kansas. [ECF 1]. As a result, this matter is currently pending in the United States District Court of Kansas. In their Complaint, Plaintiffs agreed that venue and jurisdiction are proper in this Court. [ECF 1 at 6, ¶ 44-45]. Now, Plaintiffs seek to toll the statute of limitations by asserting that Missouri law is applicable in this case.

Plaintiffs' reliance on Missouri law is erroneous and Kansas law is to be applied as federal courts that sit in diversity apply "the choice of law principles of the state in which it sits." *Morrison Knudsen Corp. v. Group Improvement Techniques, Inc.*, 532 F.3d 1063, 1077 n. 12 (10th Cir.2008). In Kansas, where this Court sits, K.S.A. § 60-513(a)(7) is applicable because Kansas "applies its own statutes of limitations" in cases where choice of law principles are at issue. *Garcia v. Int'l Elevator Co., Inc.*, 358 F.3d 777, 779 (10th Cir.2004).

This deference to the forum state of the sitting Court becomes even more apparent when viewed within the context of 42 U.S.C. §§ 1983 and 1985 claims. In *Lyons v. Kyner*, the 10th Circuit reaffirmed that statute of limitations for claims under 42 U.S.C. § 1983 are to be "drawn from the personal-injury statute of the state in which the federal district court sits." *Id.,* 367 F. App'x 878, 881 (10th Cir. 2010); *citing*, *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir.2008). The Court went on to find that similar application and deference to the forum state's statute of limitations is to be given to those claims arising under 42 U.S.C. § 1985. *Id.,* at 881-82; *citing Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir.1996); *Kaster v. Iowa*, 975 F.2d 1381, 1382

(8th Cir.1992); *McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir.1991); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 79 (3d Cir.1989).

Taking all of these findings into consideration, it is clear that Plaintiffs claims are time barred pursuant to K.S.A. § 60-513(a)(7). Plaintiff Carla Davis was not now, or at any material time to this cause of action as set forth by the Complaint, a patient of these Defendants. There is simply no legal theory based on the purported facts set forth in the Complaint for Ms. Davis to personally bring a claim against these Defendants.

As set forth in the Complaint, Jalen Davis' allegations are limited to the interactions with the Defendants in August of 2008. [ECF 1] In 2008, Mr. Davis was a minor child. [ECF 1]. Pursuant to K.S.A. § 60-515(a)[1], Mr. Davis had one year to file his cause of action upon reaching the age of majority. Jalen Davis reached the age of majority on January 23, 2021. Pursuant to K.S.A. § 60-515(a), Mr. Davis was required to file his cause of action against these Defendants' no later than January 23, 2022. Plaintiffs' Complaint was filed was filed on January 23, 2023 – roughly one year after the statute had formally run. [ECF 1]. Therefore, Jalen Davis has failed to timely prosecute his claims against the Defendants as they are barred in whole or part by the statute of limitations under K.S.A. §§ 60-513(a)(7) and 60-515(a) and should be dismissed under K.S.A. § 60-241.

### III.  Conclusion

For the reasons stated above, Defendants Children's Mercy Hospital and Virgil F. Burry, M.D., respectfully request the Court dismiss them from the lawsuit with prejudice or dismiss Plaintiffs' Complaint with prejudice.

---

[1] Actions that accrued while a party was a minor must be brought within one (1) year after they reach the age of eighteen (18) pursuant to K.S.A. § 60-515(a).

Respectfully submitted,

*/s/ BK Christopher*
BK Christopher			KS #16387
Matthew R. Klose		KS# 27360
HORN AYLWARD & BANDY LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Ph: (816) 421-0700
Fax: (816) 421-0899
bchristopher@hab-law.com
mklose@hab-law.com
**ATTORNEYS FOR DEFENDANTS CHILDREN'S MERCY HOSPITAL AND VIRGIL F. BURRY, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2023, a copy of the above and foregoing document was filed in the court's electronic filing system notifying all parties and counsel of record and was sent to the following individuals in the manner prescribed below:

**VIA U.S. MAIL & E-MAIL**
Carla Davis and Jalen Davis
901 N. Belmont
Wichita, Kansas 67208
Email: cardav01292021@yahoo.com
**PLAINTIFFS PRO SE**

*/s/BK Christopher*
Attorney