**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CARLA DAVIS**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | Case No. 23-1010-JAR-KGG |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANT KOBACH'S REPLY IN SUPPORT OF MOTION TO DISMISS,

Defendant Kris W. Kobach submits, through Assistant Attorney General Matthew L. Shoger, this Reply in further support of his Motion to Dismiss. (Doc. 111.) Kobach asserts that Plaintiffs Carla and Jalen Davis do not overcome his legal arguments. Accordingly, Kobach's motion should be granted in its entirety. Kobach incorporates herein, as if set forth in full, the arguments and authorities in his Memorandum in Support. (Doc. 112.) Kobach's motion should be granted for the reasons previously stated.[1]

**I.  Plaintiffs admit they have not brought any federal capacity claims against Kobach.**

The Plaintiffs and Kobach agree that the Court need not consider any claims against Kobach "as a federal official." (*See* Doc. 244 at 1; Doc. 112 at 10-11 & n.4.)

**II.  Plaintiffs continue to make conclusory allegations and fail to specify the actions specific defendants such as Kobach have taken.**

Even though Plaintiffs exceeded the fifteen-page limit under D. Kan. Rule 7.1(d) by three

---

[1] However, Kobach makes one correction to page 12: although state law provides the limitations period for § 1983 and § 1985 claims, accrual of the action – and thus when the limitations period begins to run – is controlled by federal law. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Accrual occurs upon knowledge (or constructive knowledge) of the injury. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). But the difference is immaterial here because Plaintiffs do not allege that they failed to immediately discover any of their alleged injuries.

pages, Plaintiffs still have not explained anywhere in these pages what it is Kobach is alleged to have done. Much of Plaintiffs' response simply copies and pastes from the Complaint, which of course fails to answer the question just as much as the Complaint did before. Plaintiffs also make some vague assertions that they appear to believe connect Kobach to their alleged injuries.

First, Plaintiffs claim that "All defendants in this case are clients, a subsidiary firm, business partner, or fiduciary of the law firm Foulston Siefkin." (Doc. 244 at 2.) Even if true, that would not be illegal. Nor would it show involvement by any defendant in any harm alleged.

Second, Plaintiffs claim that "The defendants in this case participated in or supported the Kansas Bioterrorism Hospital Preparedness Programs on January 23, 2003 that caused the foundation harms to plaintiffs." (Doc. 244 at 2.) Many of the defendants who are sued in their official capacities, such as Kobach, were not even in office then. And even if true, Plaintiffs have not specified *how* any of the defendants participated in or supported the program. Even if the defendants did participate in or support the program in general and the program somehow caused harm to Plaintiffs, that would not mean that any of the defendants participated in the harm itself.

Third, Plaintiffs blame their inability to muster any plausible facts supporting their claims on hypothetical "administrative subpoenas including national security letters and gag orders that prevent defendants from exercising free speech in this case." (Doc. 244 at 18.) But even if this far-fetched creative assertion was true, nothing would have kept Plaintiffs from providing to the Court whatever evidence leads them to believe such a bizarre theory. Plaintiffs have provided some medical record items with a stamp that says "CONFIDENTIAL: NOT FOR RE-RELEASE." Perhaps Plaintiffs believe that "confidential" always relates to national security, but that is simply not true. *Everyone's* medical records are confidential because they contain sensitive personal health information. Confidential simply means "meant to be kept secret;

2

imparted in confidence." Confidential(1), Black's Law Dictionary (11th ed. 2019). People trust medical professionals to keep their sensitive personal health information in confidence, secret from everyone else. And "not for re-release" simply designates that when a person other than the patient receives the patient's medical records – such as the attorney whom Plaintiffs apparently received these records so marked from (Doc 244 at 7) – that person does not also receive authority to then re-disclose (to "re-release") those records to others. *See, e.g.,* 42 C.F.R. § 2.32.

Fourth, Plaintiffs make up various duties of the Kansas Attorney General's Office. Plaintiffs claim that "Defendants Kansas Attorney General's Office and its Attorney General are causing present and future harm to plaintiffs because they failed to fulfill its duty to respond to harm inflicted on survival victims of weapons of mass destruction that occurred on January 23, 2003 in the State of Kansas." (Doc. 244 at 4.) Plaintiffs make several other claims that the Kansas Attorney General's Office is not fulfilling its duties. (Doc. 244 at 5, 12-13.) The Kansas Attorney General's Office is not actually a defendant in this case, but only the Attorney General himself. Regardless, these are not actual duties of the Office or Attorney General. The Attorney General represents the state, not the Plaintiffs. The Attorney General has no duty to act on behalf of the Plaintiffs, at least in the ways Plaintiffs insist. And even if he did, Plaintiffs have not cited any authority for why failure to fulfill such a duty would expose him to liability in a lawsuit.

### III.    Plaintiffs' arguments fundamentally misunderstand the law.

Plaintiffs claim that they state a claim against Kobach because the Court must accept their factual allegations as true (Doc. 244 at 3), but have ignored that they have completely failed to allege any facts supporting the involvement of Kobach in the first place. Plaintiffs have only made conclusory allegations regarding his supposed involvement.

Plaintiffs appear to claim that immunity doctrines only apply if a plaintiff says a defendant's actions were unreasonable and if the plaintiff says they have experienced harm.

3

(Doc. 244 at 4.) That would render the concept of immunity meaningless. Rather, the appropriate standard has been stated in Kobach's memorandum in support as well as by other defendants.

Plaintiffs say that redressability is met if a plaintiff alleges an ongoing injury – here, that various parties are not providing Plaintiffs with their personal health information. (Doc. 244 at 12.) But that conflates the different injuries alleged and completely ignores that Kobach has no access to or authority over Plaintiffs' medical records. And Plaintiff still fails to allege causation.

Plaintiffs say that Section 1985(2) claims do not require class-based animus. (Doc. 244 at 13.) Here, Plaintiffs are actually almost correct. But they fail to recognize that Section 1985(2) has two subparts, and the relevant subpart here quoted by Plaintiffs *does* require class-based animus. *Smith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976) ("a racial, or perhaps otherwise class-based, invidiously discriminatory animus *must* be behind the conspirators' action for a cause of action *under that portion of s 1985(2) following the semicolon*" (emphasis added)); *see also Kush v. Rutledge*, 460 U.S. 719, 726 (1983) ("it is clear that Congress did *not* intend to impose a requirement of class-based animus on persons seeking to prove a violation of their rights *under the first clause of § 1985(2)*" (emphasis added)).

Plaintiffs confuse the Court potentially having jurisdiction (which it does not due to immunity, insubstantiality, and lack of standing) with stating a claim under which relief can be granted. (Doc. 244 at 15.) And Plaintiffs insist that if the Court has jurisdiction then no affirmative defenses apply at the dismissal stage, which is plainly not the law.

Plaintiffs say actions under § 1983 and § 1985 do not have a statute of limitations. (Doc. 244 at 17.) They cite *Oneida Cnty, v. Oneida Indian Nation of New York State*, 470 U.S. 226 (1985), which says state limitations periods are not borrowed "with respect to Indian land claims." *Id.* at 241. Plaintiffs do not bring an Indian land claim, so *Oneida Cnty.* is irrelevant.

4

Plaintiffs cite *Engel v. Davenport*, 271 U.S. 33, 38-39 (1926), which says when a federal law specifies its own limitations period, then state limitations periods are not borrowed. The statutes here do not specify a limitations period, so *Engel* is irrelevant. Plaintiffs cite *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231 (1959), which tolled a limitations period when the defendant "had induced the delay by representing to petitioner that he had seven years in which to sue." *Id.* at 231-32. Plaintiff says *Glus* broadly supports equitable tolling for all "wrongful acts," not just estoppel, which rather nonsensically would eliminate all statutes of limitations completely (because all lawsuits attempt to allege wrongful acts). Here, no representations were made upon which estoppel could be based, so *Glus* is irrelevant. Plaintiffs cite *Barrett v. United States*, 689 F.2d 324 (1982), and *Smith v. Nixon*, 606 F.2d 1183, (D.C. Cir. 1979), in which the plaintiffs not only sufficiently alleged but proved with evidence cover-ups that allowed tolling. *Barrett*, 689 F.2d at 327-30; *Nixon*, 606 F.2d at 1186 & n.7, 1190. Here, plaintiff has even not plausibly alleged, much less provided evidence of, any cover-up, so no tolling is warranted.

## CONCLUSION

As stated above, Kobach's motion should be granted for the reasons previously stated in Kobach's memorandum in support of the motion (Doc. 112).

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendant Kris W. Kobach*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 16th day of June, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which sent electronic notice to counsel of record, with copies also to be sent to Plaintiffs by means of first-class mail on June 19, 2023, postage prepaid, addressed to:

Carla Davis
901 N. Belmont
Wichita, KS 67208
*Plaintiff, pro se*

Jalen Davis
901 N. Belmont
Wichita, KS 67208
*Plaintiff, pro se*

               */s/ Matthew L. Shoger*
               Matthew L. Shoger
               Assistant Attorney General