FILED
U.S. District Court
District of Kansas

JUN 26 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS, indv. ) | |
| JALEN DAVIS, indv. ) | |
| Plaintiffs, ) | CASE No. 6:23-CV-01010-JAR-KGG |
| v. ) | |
| U.S DEPARTMENT OF ) | REQUEST FOR ORAL ARGUMENT |
| JUSTICE; et al ) | |
| _____ ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT, MARK BENNETT'S MOTION TO DISMISS

**COMES NOW**, the plaintiffs, Carla Davis and Jalen Davis, opposing the dispositive motion of defendant, Mark Bennett and moves this Court for an order denying the defendant's motion and allow this case to proceed to discovery and jury trial.

This case involves severe conflicts and the court is required to balance the interests when there is a conflict and must determine the reasonableness of the defendants' actions in this matter. The plaintiffs Carla Davis and Jalen Davis bring this case to inform the court to the best of their ability that they are being harmed at the present and will suffer future harm by defendants because plaintiffs' medical records and diagnostic test results have been placed in a confidential status: 1. denying plaintiffs complete access and use of their medical records, 2. along with preventing healthcare providers who have treated the plaintiffs from communicating health concerns and diagnostic test results; 3. therefore preventing effective medical treatment to plaintiffs for over 20 years starting January 23, 2003 to this present date and future dates, under some unusual covert policy or law that defendants refuse to discuss with plaintiffs. Plaintiffs need their personal health information to:

1. Know their health condition and receive effective medical treatment for the injuries and disabilities they have suffered resulting from the humanitarian experimentation conducted



      on them that was not approved by Congress, while Carla Davis was pregnant with Jalen Davis in utero on January 23, 2003.
2. Use their personal health information for a current no-fault auto accident that occurred on May 19, 2022, that is unresolved in property and bodily injury claims.
3. Use for social security claim sitting idle and unresolved at the Social Security Appeals Counsel for plaintiff Carla Davis.

The actions of defendants are interfering with plaintiffs' life, liberty, property, and happiness. All defendants in this case are clients, a subsidiary firm, business partner, or fiduciary of the law firm Foulston Siefkin. The defendants in this case participated in or supported the Kansas Bioterrorism Hospital Preparedness Programs on January 23, 2003 that caused the foundation harms to plaintiffs. Plaintiffs are seeking from this court due process, for the actions taken by defendants because defendants are violating plaintiffs 'fundamental rights to due process, to privacy and liberty guaranteed by Fourth and Fourteenth Amendment of the United States Constitution.

1. **<u>Plaintiffs' state a claim against this defendant</u>**

      Plaintiffs' complaint complies with Federal Rule of Civil Procedure 8 (a) (2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.). "Plaintiffs' complaint also sets "forth factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Detailed factual allegations are not required …" *Bell v. Twombly,* 550 U.S. 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Plaintiffs allegations in their complaint supports constitutional violations of the Fourth, and Fourteenth amendments against this defendant because plaintiffs have a right to privacy in their medical information, and right to due process. Plaintiffs' complaint pleads sufficient factual content accepted as true. When considering a motion to dismiss the Court may consider materials that do not contradict the complaint, as well as material that are necessarily embraced by the pleadings. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589 (1978). The Court "may take judicial notice on its own" and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Plaintiffs make the following factual allegations in their complaint to support present and ongoing violations of their fundamental rights to privacy,

liberty, and substantive due process guaranteed by the Fourth and Fourteenth Amendments against this defendant as follows:

Complaint # 20 Defendant MARK BENNETT is Sedgwick County District Attorney being sued in his official and individual capacity…

Complaint # 46 After 9/11 the Bush administration took steps to protect the nation from terrorism and the **State of Kansas received federal funding to create Bioterrorism Hospital Preparedness and Coordinating Council.** (See Attached Exhibit____A____).

Complaint # 48 On June 12, 2002 The Honorable Present George Bush signed the H.R.3448-Public and Bioterrorism Preparedness and Response Act of 2002, and it became **Public Law No.: 107-188.**

Complaint # 49 Tennessee Senator William Frist stated to the President (Honorable George Bush) at the senate congressional hearing on Public Health Security and Bioterrorism Preparedness and Response Act of 2001; Congressional record Vol. 147. No. 178 (Senate-December 20, 2001). "**Since the effectiveness of vaccines, drugs, and therapeutics for many biological agents and toxins often** may not **ethically be tested in humans, this crucial legislation ensures that the FDA will finalize by a date certain its rule regarding the approval of new priority countermeasures on the basis of animal data.**"

**Complaint # 50 Public Law 107-188-June 12, 2002 Subtitle D outlines Criminal Penalties Regarding certain Biological Agents and Toxins**

Complaint # 51 On July 17, 2002 Sedg. County Commissioners made an agreement with KU School of Medicine to provide infectious disease control consultative program. (See Attached Exhibit____B____).

Complaint # 52 On July 31, 2002 Sedgwick County Commissioners approved a contract with KDHE providing implementation of bioterrorism planning and preparedness. (See Attached Exhibit____C____).

Complaint # 53 Dr. Doren Fredrickson served as Sedgwick County Health Officer from 2002-2008 until his death. He "used both epidemiology and pediatrics skills for primary care research, health services research, and **maternal and child public health research**." See *Doren Fredrickson Commitment to public health award nomination form* on Sedgwick County website.

Complaint # 55 Consumer **Carla Davis had private pay health insurance** with Blue Cross Blue Shield of Maryland then later Blue Cross Blue Shield of Kansas. (See Attached Exhibit____H____).

Complaint # 59 **The Fourth Amendment of the U.S. Constitution affords individuals the right to be secure in their persons,.. papers, and effects against unreasonable searches.**

Complaint # 62 **When I arrived at Wesley Medical Center I did not know that I was placed in the hands of** indigent **and research training programs.**

3 - 68

Complaint # 63 On January 23, 2003, **my in-utero child and I was incapacitated with toxic doses of the drug Fentanyl**. (See Attached Exhibit___D___).

Complaint # **64 I was raped when Anna Stork-Furry, after I was incapacitated, penetrated my vagina *without* a necessary medical reason.** Her hands were pre-gloved when she came into the room, and her hand was cupped holding something in it. **I was unable to question what was in her hand due to incapacitation. Later I was treated for infectious disease of my entire body.** (See Attached Exhibit___E___).

Complaint # 65 Tom Yao, **stabbed me deeply in my lower back with a needle**, causing severe pain.

Complaint # 66  My medical billing shows that **my in-utero child and I was administered toxic doses of antibiotics, when I did not have an infection. I was administered toxic doses of Bupivacaine and other drugs *without* a medically necessary reason**. (See Attached Exhibit___F___).

Complaint The first # 67 I suffered serious injuries as a result of the bodily intrusions. (See Attached Exhibit___G___).

Complaint The second # 67 The public officials refused to give my child Jalen Davis and I results of **Diagnostic test** and our medical records are **in an ongoing Confidential status, without the ability to use our health information for any reason.** (See Attached Exhibit___H___).

Complaint The first # 68 On February 4, 2004 **at Wesley Medical Center an unknown device was placed in my chest blood vessels *without* my knowledge and consent.** (See Attached Exhibit___I___)

Complaint The second # 68 We are being denied effective medical treatment, inability to use our medical records for evidence in making auto accident injury claims and making social security benefits.

Complaint # 69 **The public officials and their cooperators are keeping concealed the unlawful bodily intrusions and serious injuries resulting from it.**

Complaint #71 **The mother Carla Davis was falsely accused of child abuse, was investigated and found innocent. The public officials need to be investigated also, because Carla Davis did not harm her child.** (See Attached Exhibit___J___).

Complaint # 72 The **Defendants violated the Constitution and the violations are ongoing due to the fact that medical records are in a CONFIDENTIAL status, denying plaintiffs access and use for life as a human being.** (See Attached Exhibit___H___).

Complaint # 73 The Defendant's actions were willful and Defendants showed a reckless disregard for the sanctity of the life of Carla Davis and her in-utero human child.

Complaint #74 *Due process of the Fifth and Fourteenth Amendment guarantees plaintiffs a full blown fair hearing of this matter,* and the right to access of their personal health

information, and the right to use their health information to make insurance claims and be approved for social security benefits.

## 2. Subject matter jurisdiction

Regarding subject matter jurisdiction The Foreign Intelligence Surveilliance Court states: "Statutory subject matter jurisdiction over claims seeking access to national security information classified by the Executive Branch lies not with this Court, *but with the U.S. District Court."* 28 U.S.C. 1331; 5 U.S.C. 552 (a) "The targets of electronic surveillance authorized by this Court, as well as *other aggrieved persons*, can challenge that surveillance *only in a "United States District Court"'* 50 U.S.C. 1806 (f). *In re Opinions of this Court Addressing Bulk Collection of Data under the Foreign Intelligence Surveillance Act,* Misc. No. 13-08. Plaintiffs' medical records have been placed in Confidential national security status for over twenty years denying Carla and Jalen Davis access and use of their diagnostic personal health information, thus in effect denying medical treatment to human beings. This Court has jurisdiction to remove any Patriot Act tools (administrative subpoenas and gag orders violating the plaintiffs' Fourth Amendment right to privacy, and defendant's right to free speech on this matter. Under 28 U.S.C. 1331, this Court has authority on *law and equity matters.*

## 3. Federal Question Jurisdiction and standing

This Court has subject- matter jurisdiction in civil actions (all suits of a civil nature, at common law or in equity) arising under the Constitution, laws, or treaties of the Unites States. 28 U.S.C. 1331. This case of plaintiffs- Carla Davis and Jalen Davis has standing and invoke federal -question jurisdiction because plaintiffs present a substantial federal question. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). Plaintiffs' complaint is not implausible, frivolous, devoid of merit, insubstantial, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy as defendant Mark Bennett claims with hostility. The "primary purpose" of federal question jurisdiction "is to ensure the availability of a forum designed to minimize the danger of hostility toward, and specially suited to *the vindication of, federally created rights."* 15 *Moore's Federal Practice* par. 103.03. Federal law


5-68

includes an act of Congress or a regulation issued under an act of Congress. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 643, (2002). Federal law generally includes An Act of Congress, an administrative regulation, or an executive order made pursuant to an Act of Congress. 13D Wright & Miller section 3563, pp. 220-22.

1.Plaintiffs' complaint has foundation and is based on defendants violating Acts of Congress as follows:

Complaint # 48 On June 12, 2002 the Honorable President George Bush signed H.R. 3448- Public Health Security and Bioterrorism Preparedness and Response Act of 2002, and it became **Public Law No: 107-188.**

Complaint # 50 Public Law 107-188-June 12, 2002 Subtitle D outlines Criminal Penalties Regarding certain Biological Agents and Toxins.

Complaint # 59 The Fourth Amendment of the U.S. Constitution affords individuals the right to be secure in their persons…papers, and effects against unreasonable searches.

Complaint # 62 The second # 67 The public officials refused to give my child Jalen Davis and I results of Diagnostic tests and our medical records are in an ongoing Confidential status, without the inability to use our health information for any reason.

Complaint # 63 On January 23, 2003, my in-utero child and I was incapacitated with toxic doses of the drug Fentanyl.

Complaint # 64 I was raped when Anna Stork-Furry, after I was incapacitated, penetrated my vagina *without* a necessary medical reason. Her hands were pre-gloved when she came into the room, and her hand was cupped holding something in it. I was unable to question what was in her hand due to incapacitation. Later I was treated for infectious disease of my entire body. (See

Complaint # 65 Tom Yao, stabbed me deeply in my lower back with a needle, causing severe pain.

Complaint # 66 My medical billing shows that my in-utero child and I was administered toxic doses of antibiotics, when I did not have an infection. I was administered toxic doses of Bupivacaine and other drugs *without* a medically necessary reason.

Complaint # 67 I suffered serious injuries as a result of the bodily intrusions.

Complaint # 73 The Defendants actions were willful, and defendants showed a reckless disregard for the sanctity of the life of Carla Davis and her in-utero human child.

Complaint # 74 Due process of the …and Fourteenth Amendment guarantees plaintiffs a full blown fair hearing of this matter, and the right to access of their personal health information, and the right to use their health information to make insurance claims and be approved for social security benefits.

2. Plaintiff's complaint is based on President Clinton's Executive Order 12958, Part 1, Section 1.8 states: *Classification Prohibitions and Limitations.* (a) in no case shall information be classified in order to:

***(1) conceal violations of law, inefficiency, or administrative error;***

Complaint # 62 The second # 67 The public officials refused to give my child Jalen Davis and I results of Diagnostic tests and our medical records are in an ongoing <u>Confidential status,</u> without the inability to use our health information for any reason.

# 69 The public officials and their cooperators are keeping concealed the unlawful bodily injury intrusions and the serious injuries resulting from it.

Complaint # 72 The Defendants violated the Constitution, and the violations are ongoing due to the fact that the medical records are in a <u>confidential status,</u> denying plaintiffs access and use for life as a human being.

When determining whether a claim arises under federal law, a court will "examine the 'well pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). Plaintiffs ask this Court to ignore the defenses of this defendant because plaintiffs have well -pleaded allegations in their complaint.

A court will have federal question jurisdiction over a plaintiff's claim that turns on an issue of federal law *even if the plaintiff does not explicitly plead the federal issue in the complaint.* "A plaintiff cannot avoid federal court simply by omitting a necessary federal question in the complaint; *in such a case the necessary federal question will be deemed to be alleged in the complaint.*" 15 *Moore's Federal Practice* para. 103.43. Complete preemption is "a specific application of the artful pleading doctrine." 15 *Moore's Federal Practice* para. 103.43. A complaint must be considered 'necessarily federal in *character'* even if the plaintiff does not show a federal cause of action on the face of the complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 22-23 (1983). "The complaint will still raise a federal question for any cause of action that "comes within the scope" of the preempting federal cause


7-68

of action. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23-24 (1983). (citing *Avco Corp v. Aero Lodge No. 735, Int'l Assn of Machinists,* 290 U.S. 557 (1968); *Freeman v. Burlington Broadcasters, Inc.,* 204 F. 3d 311, 317 (2d Cir. 2000) *Wayne v. DHL Worldwide Express,* 294 F. 3d 1179, 1183 (9th Cir. 2002).

Plaintiffs' complaint request declaratory relief as follows:
Declare the Defendant's violations of the U.S. Constitution were willful.
This declaratory judgment action satisfies the well-pleaded complaint because *the declaratory action requested raises the federal issue in plaintiffs' compla*int. *Ameritech Benefits Plan Comm. v. Commc'n Workers of Am.,* 220 F. 3d 814, 818 (7th Cir. 2000); *Republican Party of Guam v. Gutierrez,* 277 F. 3d 1086 (9th Cir. 2002) (discussing well-pleaded complaint rule and declaratory judgements).

Plaintiffs have standing because they have been directly affected and they have fundamental rights to privacy, liberty, and substantive due process free from government encroachment, protected by the Fourth, and Fourteenth Amendments in regard to this defendant. The Constitutional laws of the Fourth and Fourteenth Amendments are injected into the plaintiffs' well-pleaded complaint and is central to the dispute of defendant concealing humanitarian experimentation that was not approved by Congress, by placing national security Confidential status on the plaintiffs'- Carla Davis and Jalen Davis medical records-denying them access and use of their personal health information for any purpose and denying plaintiffs access to justice and fair treatment *by refusing to investigate, acquiesce, or refer the case to outside federal investigative agencies.* This case arises under federal law because federal law created the cause of action. *Grable & Sons Medal Prods.,Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005).

4. **Lack of Constitutional Standing, Redressability**

Defendant claims that plaintiffs lack constitutional standing. "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies,' " *Allen v. Wright,* 468 U.S. 737, 750 (1984). Defendant's argument fails because plaintiffs do not rely on their past injury, rather they continue to suffer a present, ongoing and future



injuries due to the government's continued retention of plaintiff's personal health information and <u>lack of due process</u> *for withholding a criminal investigation involving allegations of unlawful toxic fentanyl drug administration to the pregnant Carla Davis and her in-utero child Jalen Davis, rape allegations of Carla Davis and physical injuries caused by the humanitarian experimentation that was not approved by Congress documented in the medical records.*

Plaintiffs satisfy redressability requirement when they show that a favorable decision will relieve their injury. Plaintiffs need not show that a favorable decision will relieve every injury of the plaintiffs. *Larson v. Valente,* 456 U.S. 228, 243 n. 15 (1982). Plaintiffs have established an injury that is continuing and redressable; their injury is neither hypothetical nor speculative and is ripe for determination by this court and jurisdiction for this court is proper. "In many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm.,* 220 F. 3d 1138 (9th Cir. 2000)." Plaintiffs face a realistic danger of sustaining a direct injury" as a result of the covert law that has plaintiffs' medical records in a confidential status denying plaintiff's access to justice and fair treatment as survival crime victims, access and use for any necessary purposes including medical treatment and use for bodily injury claims of auto accident and social security claims. *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979). It is reasonable to assume that defendant will act lawfully as Sedgwick County District Attorney with home rule power and make all reasonable efforts investigate, acquiesce, and refer to federal agencies criminal acts that do not have a statute of limitations, to advise the state agencies to stop violating plaintiffs' rights to due process before taking away plaintiffs' right to privacy and liberty in their medical records and in making decisions on their bodies. This is sufficient to confer standing in this case. *Larson v. Valente,* 456 U.S. 228, 243 n. 15 (1982).

### 5. **Defendant is not entitled to Qualified Immunity and is liable**

Sedgwick County has developed a custom or policy to *form fiduciary partnerships that are conflicting of interest relationships with health care professionals*, medical facilities, state/federal agencies (KDHE AND KU School of Medicine-Wichita), DOJ-Bureau of Justice Assistance), Wesley Medical Center, and sponsoring indigent program Project Access/ Central Plains Health Care Partnership (Robert Kenagy M.D.-year 2002-2007 Central Plains board

9-68

member and Wichita Clinic P.A. Medical Director) that is causing present and future harm to plaintiffs by placing the medical profession's unethical research and experimentation interests above the oath of the Sedgwick County District Attorney- Mark Bennett to "...support the Constitution of the United States…" K.S.A. 54-106, and the Fourth and Fourteenth Amendments which guarantees fundamental rights to privacy and substantive due process to plaintiffs- Carla Davis and Jalen Davis. Forming these deliberate fiduciaries and conflicting of interests relationships are the "moving force" behind violations of plaintiffs' Fourth and Fourteenth Amendment fundamental rights to privacy and substantive due process. *Bd. of County Comm'rs of Bryan County v. Brown,* 520 U.S. 897, 403-404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). *Monell v. New York City of Social Servs,* 436 U.S. 658, 694 (1978). K.S.A. 21-3440 (**Injury to a pregnant woman**) (See Attached Exhibits __K__ ).

Sedgwick County, Kansas is self-governing and has home rule power under K.S.A. 19-101 and 101a, "The board of county commissioners may transact all county business and perform all powers of local legislation and administration it deems appropriate subject to limitations, restrictions, and prohibitions. Police power is generally recognized in the more limited sense of governmental power over matters affecting public health, safety and morals. *Dodger's Bar and Grill, Inc. v. Johnson County Board of County Commissioners*, 32 F. 3d 1436 (10th Cir. 1994). Police power is an inherent power of the sovereign and is essential to protect members of the community from injury. *Ray v. State Highway Commission,* 196 Kan. At 22-23, *cert. denied* 385 U.S. 820, 87 S. Ct. 43, 17 L. Ed. 2d 57 (1966). By its nature, the exercise of police power is free from any liability for compensation for resulting losses <u>as long as it is exercised within constitutional limits.</u> "Any exercise of police power is subject to the test of reasonableness. Further, no police power ordinance or resolution may impair or violate person rights or property rights. In addition, it is said that police power regulations must not be oppressive, unreasonable or unnecessarily interfere with natural or common rights. A more stringent test may be used if a <u>fundamental constitutional right is affected by the regulation.</u> *Local Government Powers: Police Power and Home Rule* section3.08 **D. Test of Reasonableness- Other tests.** *Schleifer v. City of Charlottsville,* 159 F. 3d 843 (4th



Cir.) (1998). (See Attached Exhibit __L__). Defendant Mark Bennett as Sedgwick County District Attorney and predecessor Sedgwick County District Attorney Nola Foulston abused home rule and police power to <u>conceal</u> unlawful humanitarian experimentation on the pregnant Carla Davis and her in-utero child that was not approved by Congress on January 23, 2003, by denying plaintiffs' access to justice violating their right to substantive due process guaranteed by the Fourteenth Amendment. (See Attached Exhibits __M__). The U.S. Supreme Court held in *Monell v. New York City of Social Servs*, that municipalities and other local governmental bodies are "persons" within the meaning of 1983 that states, "Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State, or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suite in equity, or other proper proceeding for redress…" *Monell v. New York City of Social Servs*, 436 U.S. 689 (1978).

"Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability for civil damages *insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."* Ramirez V. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 592 (10th Cir. 1994) (quoting Harlow v. Fitzgerald, 457U.S. 800, 818 (1982) The key to the qualified immunity inquiry is the "objective reasonableness of the official's conduct in light of the legal rules that were clearly established at the time the action was taken. *Melton v. City of Oklahoma City*, 879 F. 2d 706,727 (10th Cir. 1989) (quotations omitted), modified on other grounds, 928 F.2d 920 (10th Cir. 1991).

The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the state. *Schmerber v. California*, 384 U.S. 766. The Fourth Amendment protects privacy in medical records. Plaintiffs have a reasonable expectation of privacy in their records. An expectation of privacy is one that society is prepared to accept as

reasonable. *O' Connor v. Ortega*, 480 U.S. 715 (1987.) As a society we accept as reasonable an expectation of privacy in our medical records. The reason for this is because medical records contain intimate and private details that people do not wish to have disclose. The reasonable expectation of privacy enjoyed by the patient undergoing diagnostic tests in the hospital is that the results will not be shared…without the patient's consent. *Herring V. Keenan*, 218 F. 3d 1171, 1173 (10th Cir, 2000). *A.L.A v. West Valley City*, 26 F. 3d 989, 990 (10th Cir, 1994) (recognizing there is a constitutional right to privacy regarding disclosure…of the results of …HIV test.) *Lankford v. City of Hobart*, 27 F.3d 477 (10th Cir. 1994). (concluding that sheriff was not entitled to… immunity for a seizure of an employee's medical records because "there is no question that an employees medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection.") It is unconstitutional under the Fourth Amendment to conduct a search and seizure without a warrant anywhere that a person has reasonable expectation of privacy. *Katz v. United States*, 389 U.S. 347 (1967)

The Fourteenth Amendment's due process clause protects individuals from arbitrary intrusions into their medical records. Substantive due process protects privacy in personal information-medical records. Maintaining such information as confidential is a fundamental interest. A substantial due process violation has occurred because the plaint's Carla Davis and Jalen Davis interest in their personal health information outweighs the government's interest in breaching it. Malicious invasions of privacy are constitutionally unacceptable even in the face of weak individual privacy interests. *County of Sacramento v. Lewis,* 523 U.S. 833, 849 (1998) The plaintiffs need to access and use their personal health information to sustain life as a human, for effective medical treatment, and to use their medical history to apply for benefits they are entitled. The fundamental right to privacy protects against unwarranted invasions of privacy by

12-68

governmental entities arms thereof. In *Roe v. Wade*, 410 U.S. 113 (1973), the U.S. Supreme Court acknowledged the doctor-patient relationship is one which evokes constitutional rights of privacy. The Fourteenth Amendment prohibits any state deprivation of life, liberty, or property without due process of law. The defendant Mark Bennett has not provided survival plaintiff crime victims – Carla Davis and Jalen Davis a reason for with holding justice by not conducting a criminal investigation, acquiesce, or referring case out to federal agencies for investigation of the crimes committed against them. "The Court has traditionally insisted that, whatever form opportunity for that hearing must be provided before the deprivation at issue takes place. *Londoner v. County of Denver*, 210 U.S. 373, 210 U.S. 385-386. *See In re Ruffalo*, 390 U.S. 544, 390 U.S. 550-551; *Bell V. Burson*, 402 U.S. 535, 402 U.S.542; *Wisconsin v. Constantineau*, 400 U.S. 433, 400 U.S. 437; *Goldberg v. Kelly*, 397 U.S. 254; *Armstrong v. Manzo*, 380 U.S. at 380 U.S. 551; *Mullane v. Central Hanover Tr. Co., supra.,* at 339 U.S. 313. "Due Process of law is process due according to the law." *Walker v. Sauvinet*, 92 U.S. 90, 93 (1876).

    Plaintiffs allegations in their complaint supports constitutional violations of the Fourth, and Fourteenth amendments- Plaintiffs have a right to privacy in their bodily integrity in their medical information, a right to substantial due process when the government deprives them of life, liberty, or property, *and the government must provide a sufficient justification for the deprivation.* The Court has repeatedly asserted that personal privacy and dignity are "basic to a free society." Accordingly, when bodily intrusions implicate "personal and deep-rooted expectations of privacy" the Court held, *the Fourth Amendment demands "a discerning inquiry into the facts and circumstances to determine whether the intrusion was justifiable. Winston v. Lee,* 470 U.S. 760 (1985).(Quoting *Schemerber v. California*, 384 U.S. 757, 767 (1966). "An essential purpose of the Fourth Amendment is to protect the right to be let alone- the most

comprehensive of rights and most valued by civilized men." *Olmstead v. United States*, 277 U.S. 438, 478 (1928). The Court observed that at common law the right to be free from physical interference was "a right of complete immunity." *Union Pac.,Ry Co. v. Botsford*, 141 U.S. 251 (1891). Uncontrolled authority over the bodies of citizens by any private party was eradicated by the Thirteenth Amendment when slavery was eradicated in the United States. *In re Baby Doe*, The Court upheld the right of the pregnant woman to determine the course of treatment for herself and her baby. The woman's right to refuse invasive medical treatment derives from her tight to privacy, bodily integrity.... *In re Baby Doe*, 632 ne2d 326 Illinois (1994).

The "<u>unborn</u>" is found in United States Supreme Court cases to <u>be a person, and "unborn children have protectable interests in life, health, and wellbeing."</u> *Webster v. Reprod. Health Servs.,* 492 U.S. 490, 501, 109 S. Ct. 3040, 3047, 106 L. Ed 2d 410 (1989); *Root v. Ry. Co.,* 105 U.S. 189, 216 (1881); *Croxall v. Sherered,* 72 U.S. 268, 285-86, 18 L.Ed. 572 (1866); *Knotts v. Stearns,* 91 U.S. 638, 640-41, 23 L.Ed. 252 (1875); *Prewit v. Wilson,* 103 U.S. 22, 24, 26 L.Ed. 360 (1880); *Doe v. Considine,* 73 U.S. (6Wall.) 458, 477 (1868); *Gaines v. Hennen,* 65 U.S. 553, 592, 16 L.Ed. 770 (1860). On January 23, 2003, the in utero unborn Jalen Davis was a person within the meaning of the Fourteenth Amendment to the United States Constitution and have claims against this defendant along with his mother Carla Davis for violations of their fundamental rights to privacy of their bodies and being forced to a facility that had an abortionist- George Tiller on their ob/gyn staff, making plaintiff guinea pigs for humanitarian experimentation not approved by Congress. (Exhibit __M__).

Substantive Due process provides protection from arbitrary and unreasonable actions by government actors. *Babineaux v. Judiciary Commission*, 341 So. 2d 396, 400 (La. 1976). To experiment and to test for national security, substantive due process asks, Whether the government's deprivation of a person's life, liberty, and property is justified by a sufficient purpose? The Fourth Amendment prohibits "unreasonable searches and seizures." Once the Court has determined that a search or seizure has occurred; it ask whether the action was

14-68

reasonable-to experiment on a pregnamt woman and to conceal the experiment by placing medical records under Patriot Act, and to conceal the experiment by denying justice to the plaintiffs by not performing a criminal investigation. The Court must test for reasonableness. Reasonableness is the extent to which health or safety is threatened. *Winston v. Lee,* 470 U.S. 760 (1985). Plaintiffs ask the Court to deny immunity to defendants and allow these defendants to answer the complaint to satisfy substantial due process in this matter.

### 6. 42 U.S.C 1985 (2)

Plaintiffs have a claim against this defendant under 42 U.S.C 1985 (2) which states:

"…or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating in any manner, **the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person…, to the equal protection of the laws.**"

To state a claim under 42 U.S.C. 1985(2), both the Court of Appeals and the U.S. Supreme Court concluded that Section 1985(2) claims do not require that the conspiracy be motivated by racial or perhaps otherwise class based invidiously discriminating animus to prove a violation of rights under Section 1985(2). *In Kush v. Rutledge*, 460 U.S. 719 103 S. Ct. 1483, 75 L. ED. 2D 413 (1983). Section 1985 (2) divided into two clauses, prevents obstruction of justice and protects an individual's right to equal protections of the laws. The essential purpose of section 1985(2) was to ensure the effective operation of the state and federal judiciary as well as provide an unhindered avenue of redress to those injured. *Rutledge v. Arizona Bd. Of Regents* 660 F. 2d 1345, 1355 (9th Cir. 1981). *McCord v. Baily* 636 F. 2d 606, 615 (D.C. Cir. 1980), cert denied, 451 U.S. 983 (1981). *Brawer v. Horowitz* 535 F. 2d 830, 839, (3rd Cir. 1976). Sedgwick County District Attorney Mark Bennett in his official and individual capacities are obstructing justice for both plaintiff's Jalen Davis and Carla Davis, by not fulfilling its law enforcement duty to protect children and adults from serious crimes caused by weapons of mass destruction used in humanitarian experimentation that was not approved by Congress, and concealing the injuries in the medical records as evidence, denying plaintiffs access and use of their medical records for any purpose, and denying plaintiffs access to justice by refusing to investigate the crimes committed against the pregnant woman and her in-utero child.



7.     **Plaintiffs' claims are not time-barred**

Congress do not have a statute of limitations specified for claims arising under Fourth, and Fourteenth Amendments, 42 U.S.C 1983 and 1985. The Supreme Court has never declared that the courts must adopt a state's statute of limitations period. In *County of Oneida Indian Nation*, 470 U.S. 226, 239-44 (1985), the Court held that no limitation should apply to the action. Federal limitations period controls over shorter state period. *Engel v. Davenport*, 271 U.S. 33, 38-39 (1926). The federal court in non-diversity cases acts as part of the national system and therefore possess the ability to formulate federal common law. The Court may suspend or toll the limitation period. *Holmberg v. Armbrecht*, 327 U.S. 392, 394-95 (1946).

Equitable estoppell also applies to Carla Davis and Jalen Davis' claims in that plaintiffs' medical records have been placed in a confidential status concealing the physical injuries they received as a result of the humanitarian experimentation not approved by Congress, since January 23, 2003 to date and future dates. In *Glus v. Brooklyn Eastern District Terminal* (1959), 359 U.S. 231,79 S. Ct. 760, 3 L. Ed.2d 770, a case involving "estoppel", the Supreme Court held that defendant's wrongful acts allow tolling. The Defendants violated the Constitution and the violations are <u>ongoing due to the fact that medical records are in a CONFIDENTIAL status, denying plaintiffs access and use for life as a human being.</u>

Plaintiffs' claims are not time barred. In *Barrett v. United States*, the court held that a claim…as a result of having been subjected to a secret chemical warfare experiment did not accrue for over twenty years. The court stressed the following factors as proof of concealment: the Army's use of classification of materials to keep the testing program secret; its campaign to prevent disclosure by threatening prosecution under the Espionage Act; and its efforts to put incriminating documentary evidence "beyond subpoena power." *Barrett v. United States*, 689 F. 2d 324 (2d Cir, 1982) *Smith v. Nixon*, 606 F. 2d 1183 (D.C. Cir. 1979), cert. denied 453 U.S. 912 (1981). The seizure, confidential classification, denials of access and use of plaintiffs' Carla Davis and Jalen Davis medical records along with concealment of wrongdoing, and denial of access to justice, justifies the defendant is wrong in stating that this claim is time-barred.



16-68

Plaintiffs' right to privacy and substantive due process has been violated in violation of the Fourth Amendment and Fourteenth Amendments.

Plaintiffs ask the Court to deny defendants' statute of limitations argument. Defendant should not escape without providing plaintiffs Carla Davis and Jalen Davis access and use of their personal health information or revealing the law preventing access and use of the medical records, this lack of information is causing harm now and future harm. Until the medical records are released or the law preventing release, there is no statute of limitations to this matter.

## Conclusion

Plaintiffs ask this court to remove any administrative subpoenas including national security letters and gag orders that prevent defendants from exercising free speech in this case, and violating plaintiff's fundamental rights. Subject matter jurisdiction is correct and plaintiffs' state a valid claim against this defendant. Defendants need to answer the complaint, and the case need discovery, and trial by jury as requested in plaintiff's complaint; therefore, defendant's motion should be denied. (See Attached Exhibit _N_ ).

Respectfully Submitted,

*Jalen Davis / Carla*

Jalen Davis and Carla Davis
901 N. Belmont
Wichita, Kansas 67208
316-691-8804 (phone)
Email: cardav01292021@yahoo.com

17-68

## CERTIFICATE OF SERVICE

On this 26th day of June 2023, a copy of the foregoing document was filed with the court and placed in the U.S. postal mail to attorneys of Mark Bennett:

Matthew Shoger-Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612

*Jalen Davis*