IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARLA DAVIS, *et al.*, | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 23-1010-JAR-KGG |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
| | ) |
|       Defendants. | ) |
| | ) |

**DEFENDANT BENNETT'S REPLY IN SUPPORT OF MOTION TO DISMISS,**

Defendant Marc Bennett submits, through Assistant Attorney General Matthew L. Shoger, this Reply in further support of his Motion to Dismiss. (Doc. 183.) Bennett asserts that Plaintiffs Carla and Jalen Davis do not overcome his legal arguments. Accordingly, Bennett's motion should be granted in its entirety. Bennett incorporates herein, as if set forth in full, the arguments and authorities in his Memorandum in Support. (Doc. 184.) Bennett's motion should be granted for the reasons previously stated.[1]

    **I.**   **Plaintiffs continue to make conclusory allegations and fail to specify the actions specific defendants such as Bennett have taken.**

Even though Plaintiffs exceeded the fifteen-page limit under D. Kan. Rule 7.1(d) by two pages, Plaintiffs still have not explained anywhere in these pages what it is Bennett is alleged to have done. Much of Plaintiffs' response simply copies and pastes from the Complaint, which of course fails to answer the question just as much as the Complaint did before. Plaintiffs also make

---

[1] However, Bennett makes one correction to page 9: although state law provides the limitations period for § 1983 and § 1985 claims, accrual of the action – and thus when the limitations period begins to run – is controlled by federal law. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Accrual occurs upon knowledge (or constructive knowledge) of the injury. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). But the difference is immaterial here because Plaintiffs do not allege they failed to immediately discover any alleged injury caused by Bennett.

some vague assertions that they appear to believe connect Bennett to their alleged injuries.

First, Plaintiffs claim that "All defendants in this case are clients, a subsidiary firm, business partner, or fiduciary of the law firm Foulston Siefkin." (Doc. 270 at 2.) Even if true, that would not be illegal. Nor would it show involvement by any defendant in any harm alleged.

Second, Plaintiffs claim that "The defendants in this case participated in or supported the Kansas Bioterrorism Hospital Preparedness Programs on January 23, 2003 that caused the foundation harms to plaintiffs." (Doc. 270 at 2.) Many of the defendants who are sued in their official capacities, such as Bennett, were not even in office then. And even if true, Plaintiffs have not specified *how* any of the defendants participated in or supported the program. Even if the defendants did participate in or support the program in general and the program somehow caused harm to Plaintiffs, that would not mean that any of the defendants participated in the harm itself.

Third, Plaintiffs blame their inability to muster any plausible facts supporting their claims on hypothetical "administrative subpoenas including national security letters and gag orders that prevent defendants from exercising free speech in this case." (Doc. 270 at 17.) But even if this far-fetched creative assertion was true, nothing would have kept Plaintiffs from providing to the Court whatever specific facts or evidence leads them to believe such a bizarre theory. Plaintiffs have provided some medical record items with a stamp that says "CONFIDENTIAL: NOT FOR RE-RELEASE." (Doc. 270-8 at 1, 3-4.) Perhaps Plaintiffs believe that "confidential" always relates to national security, but that is simply not true. *Everyone's* medical records are confidential because they contain sensitive personal health information. Confidential simply means "meant to be kept secret; imparted in confidence." Confidential(1), Black's Law Dictionary (11th ed. 2019). People trust medical professionals to keep their sensitive personal health information in confidence, secret from everyone else. And "not for re-release" simply

2

designates that when a person other than the patient receives the patient's medical records – such as the attorney whom Plaintiffs apparently received these records so marked from (*see* Doc 244 at 7) – that person does not also receive authority to then re-disclose (to "re-release") those records to others. *See, e.g.,* 42 C.F.R. § 2.32.

## II. Qualified immunity bars Plaintiffs' new allegations regarding failure to investigate.

Plaintiffs attempt to newly allege that Bennett (and a previous District Attorney, Nola Foulston, not named as a defendant) failed to "investigate, acquiesce, or refer [their concerns] to outside federal investigative agencies." (Doc. 270 at 8-9, 11, 13, 15.) First, Plaintiffs cannot amend their complaint through a response. *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020). Second, amending the complaint would be futile because the Court would still lack jurisdiction and the complaint would still fail to state a claim. *See Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997). Third, qualified immunity protects the investigative activities of prosecutors. *White v. Hendrix*, 165 F. App'x 625, 626 (10th Cir. 2006); *see also Johnson v. Corr. Corp. of Am.*, No. 08-3184-SAC, 2008 WL 3503067, at *5 (D. Kan. Aug. 11, 2008) ("Criminal investigations . . . are matters within the discretion of either state or federal prosecutors."). Plaintiffs have not shown any clearly established law showing that declining to investigate would expose a district attorney (or a successor) to liability in a lawsuit.

## III. Plaintiffs' arguments fundamentally misunderstand the law.

Plaintiffs claim that they state a claim against Bennett because the Court must accept their factual allegations as true (Doc. 270 at 2), but have ignored that their Complaint completely fails to allege any facts supporting the involvement of Bennett in the first place. Plaintiffs cannot solve this with conclusory allegations or futile attempts to add immaterial factual allegations.

Plaintiffs appear to suggest that qualified immunity does not apply if a plaintiff says a defendant's actions were unreasonable. (Doc. 270 at 11, 15.) That would render the concept of

immunity meaningless. Rather, the appropriate standard has been stated in Bennett's memorandum in support as well as by other defendants.

Plaintiffs say that redressability is met if a plaintiff alleges an ongoing injury – here, that various parties are not providing Plaintiffs with their personal health information. (Doc. 270 at 8-9.) But that conflates the different injuries alleged and completely ignores that Bennett has no access to or authority over Plaintiffs' medical records. And Plaintiffs still fail to allege causation.

Plaintiffs say that Section 1985(2) claims do not require class-based animus. (Doc. 270 at 15.) Here, Plaintiffs are actually almost correct. But they fail to recognize that Section 1985(2) has two subparts, and the relevant subpart here quoted by Plaintiffs *does* require class-based animus. *Smith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976) ("a racial, or perhaps otherwise class-based, invidiously discriminatory animus *must* be behind the conspirators' action for a cause of action *under that portion of s 1985(2) following the semicolon*" (emphasis added)); *see also Kush v. Rutledge*, 460 U.S. 719, 726 (1983) ("it is clear that Congress did *not* intend to impose a requirement of class-based animus on persons seeking to prove a violation of their rights *under the first clause of § 1985(2)*" (emphasis added)).

Plaintiffs confuse the Court potentially having jurisdiction (which it does not due to insubstantiality and lack of standing) with stating a claim under which relief can be granted. (Doc. 270 at 7.) And Plaintiffs insist that if the Court has jurisdiction then no affirmative defenses apply at the dismissal stage, which is plainly not the law.

Plaintiffs say actions under § 1983 and § 1985 do not have a statute of limitations. (Doc. 270 at 16.) They cite *Cnty, of Oneida v. Oneida Indian Nation of N.Y.*, 470 U.S. 226 (1985), which says state limitations periods are not borrowed "with respect to Indian land claims." *Id.* at 241. Plaintiffs do not bring an Indian land claim, so *Cnty. of Oneida* is irrelevant. Plaintiffs cite

4

*Engel v. Davenport*, 271 U.S. 33, 38-39 (1926), which says when a federal law specifies its own limitations period, then state limitations periods are not borrowed. The statutes here do not specify a limitations period, so *Engel* is irrelevant. Plaintiffs cite *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231 (1959), which tolled a limitations period when the defendant "had induced the delay by representing to petitioner that he had seven years in which to sue." *Id.* at 231-32. Plaintiffs say *Glus* broadly supports equitable tolling for all "wrongful acts," not just estoppel, which rather nonsensically would eliminate all statutes of limitations completely (because all lawsuits attempt to allege wrongful acts). Here, no representations were made upon which estoppel could be based, so *Glus* is irrelevant. Plaintiffs cite *Barrett v. United States*, 689 F.2d 324 (2d Cir. 1982), and *Smith v. Nixon*, 606 F.2d 1183 (D.C. Cir. 1979), in which the plaintiffs not only sufficiently alleged but proved with evidence cover-ups that allowed tolling. *Barrett*, 689 F.2d at 327-30; *Nixon*, 606 F.2d at 1186 & n.7, 1190. Here, Plaintiffs have not even plausibly alleged, much less provided evidence of, any cover-up, so no tolling is warranted.

## CONCLUSION

As stated above, Bennett's motion should be granted for the reasons previously stated in Bennett's memorandum in support of the motion (Doc. 184).

    Respectfully submitted,

    OFFICE OF ATTORNEY GENERAL
    KRIS W. KOBACH

    */s/ Matthew L. Shoger*
    Matthew L. Shoger, KS No. 28151
    Assistant Attorney General
    120 SW 10th Avenue, 2nd Floor
    Topeka, Kansas 66612-1597
    matt.shoger@ag.ks.gov
    785-296-2215
    Fax: (785) 291-3767
    *Attorney for Defendants Bennett and Kobach*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of July, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which sent electronic notice to counsel of record, with copies sent to Plaintiffs by means of first-class mail, postage prepaid, addressed to:

Carla Davis
901 N. Belmont
Wichita, KS 67208
*Plaintiff, pro se*

Jalen Davis
901 N. Belmont
Wichita, KS 67208
*Plaintiff, pro se*

                                        */s/ Matthew L. Shoger*
                                        Matthew L. Shoger
                                        Assistant Attorney General