FILED
U.S. District Court
District of Kansas

AUG 1 4 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARLA DAVIS, indv.                )

JALEN DAVIS, indv.                )

            Plaintiffs,    )    **CASE No. 6:23-CV-01010-JAR-KGG**

v.                                )

**U.S DEPARTMENT OF**             )    **REQUEST FOR ORAL ARGUMENT**

**JUSTICE; et al**                )

_____           )

## PLAINTIFFS' MOTION FOR ORAL HEARING AND BRIEF IN SUPPORT OF MOTION

COME NOW, the plaintiffs Carla Davis and Jalen Davis individually, and pursuant to D. Kan. Local Rule 7.2 and Fed. R. Civ. Procedure 78 (a), file this Motion for an oral hearing. The plaintiffs respectfully request that the Court schedule oral argument on all the following:

1. Plaintiffs' Oppositions to <u>ALL multiple defendants</u> who filed a Motion to Dismiss in this case.
2. Order to Show Cause
3. Defendant Ascension Medical Group Via Christi P.A. who was served summons and complaint but have not responded with an Answer or Motion to Dismiss. (See Exhibit  A  )
4. Plaintiff's Motion for Surreply on defendant Board of Sedgwick County Commissioners.

Plaintiffs are pro se litigants (not by their own choice) who are fighting for justice due to violations of their fundamental rights by the most powerful and monopolizing entity in the State of Kansas for over twenty years. This is a case of first impression. Even if this case was not a case of first impression, it is a serious and complex case to which written arguments will not clarify important questions and issues of law and fact involved in this case for the Court to reach a fair resolution to the plaintiffs. This case involves severe conflicts because the law firm Foulston Siefkin has fiduciary business and fraternity relationships with all defendants in this case, and unconstitutional acts are enforced against plaintiffs by these defendants that is in conflict with the authority of the United States Constitution. Defendants want this Court to further violate plaintiffs' fundamental rights by granting them a motion to dismiss before

1-21

discovery and as in previous no-fault auto accident cases- limit plaintiffs' access to the Court, silencing Carla and Jalen Davis, and violate the rights of plaintiffs to be adjudicated in their case by interfering with the judge's initial decision not to grant a motion for a directed verdict, removing admitted medical records out of evidence, and not allowing the jury to render a verdict. (*Carla Davis v. Lisa Kristan*, case # 12-cv2597, Eighteenth Judicial District, Sedg. Co. Transcript of Motion in Limine; *City of Wichita v. Elizabeth Lieber,* case # 22TM15682, Municipal Court City of Wichita, Eighteenth Judicial District--- Attached Exhibits_____B_____). This case needs a full-blown hearing and oral argument to satisfy procedural due process of the Fifth and Fourteenth Amendments because the plaintiffs have made substantive claims with credible evidence to violations of their Fourth, Fifth, and Fourteenth Amendment fundamental rights to privacy, liberty, and substantive due process regarding their personal health information in their medical records and their bodily integrity. For over twenty years plaintiffs' diagnostic medical records have been secretively seized (using Patriot Act tools and placed under National Security Confidentiality status) out of plaintiffs' access and use for any purpose needed to sustain life as a human being, and their bodies were secretively, deceptively, and forcefully seized for unlawful humanitarian experimentations that were not approved by Congress in violation of the Fourth Amendment and many other federal and international laws. This affirmative action of defendants in this case shocks the conscience and violates due process. "Official conduct that 'shocks the conscience' is cognizable as a due process violation".". *Cnty of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). *Tonkovich v. Kansas Board of Regents*, 159 F. 3d 504, 528-529 (10th Cir. 1998).  "The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be "condemned to suffer grievous loss", *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 341 U.S. 168 (1961). Without access and use of their medical records, plaintiffs suffer grievous losses of their health, due to lack of effective medical treatment at present and in the future, and loss of benefits they are entitled to under social security and auto insurance laws.

     The plaintiffs have a great private interest in knowing their diagnostic test results and seeking medical treatment, and these private interests have been greatly affected by government

action. The government has an obvious interest in the bodies and medical records of these plaintiffs- Carla Davis and Jalen Davis, but their interest has been covert for over 20 years. The Fourth Amendment and substantive due process of the Fifth and Fourteenth Amendments, require the Court to balance the interest of each party and determine reasonableness of defendants' actions. This balancing of interests cannot occur without an effective oral hearing before an impartial tribunal.  The nature of the plaintiffs' private interests is within the contemplation of the "liberty or property" language of the Fourteenth Amendment. *Fuentes v. Shevin* 407 U.S. 67(1972).  The plaintiffs are being harmed at present and will suffer future harm without complete access to the Court; being without any Constitutional rights as a U.S. citizen, being considered as a third party to a person's own personal health information in their medical records, and being denied effective medical treatment after intentionally being inflicted with unlawful humanitarian experimentations not approved by Congress on vulnerable populations (pregnant women and in-utero fetus) under federal law 45 CFR 46 subparts B and D, would in effect be practicing uncontrolled authority over the bodies of citizens, a form of slavery that was eradicated by the Thirteenth Amendment when slavery was eradicated in the United States. Plaintiffs have standing based on substantive Fourth Amendment doctrine because they personally have an expectation of privacy in their personal health information and bodily integrity that is reasonable that is being infringed by these defendants causing present and future harm. Plaintiffs' Fourth Amendment rights are "personal rights which <u>may not</u> be vicariously asserted."." *Alderman v. United States,* 394 U.S. 165, 174, 89 S. Ct. 961, 966, 22 L. Ed.2d 176 (1969); *Rakas v. Illinois,* 439 U.S. 128, 133 (1978). Plaintiffs need to be heard at a hearing.

The plaintiffs Carla Davis and Jalen Davis are survival victims of defendants' unlawful acts and have the right to be heard before an impartial tribunal under law.  A fundamental requirement of due process is "the opportunity to be heard." *Grannis v.* Ordean, 234 U.S. 385, 234 U.S. 394.   In *Armstrong v. Manzo* the U.S. Supreme Court stated, "the opportunity to be heard must be granted at a meaningful time and in a meaningful manner. The trial court could have fully accorded this right to the petitioner only by granting his motion…His motion should have been granted." *Armstrong v. Manzo*, 380 U.S. 545 (1965). In *Morrissey v. Brewer* neither

Morrissey nor Booher was granted a hearing or other opportunity to orally question, challenge, or become aware of the clear facts, nor the opportunity to present evidence or confront or cross-examine those providing testimony against him. The Court ruled that the due process clause required a hearing. *Morrissey v. Brewer*, 408 U.S. 471 (1972).

The plaintiffs- Carla Davis and Jalen Davis <u>did not</u> file their case in forma pauperis and <u>are not</u> using the Court's resources. Procedural due process requires an opportunity for plaintiffs- Carla Davis and Jalen Davis to have a meaningful hearing to review the deprivation of their fundamental protected interests- having access and <u>use</u> of their <u>diagnostic medical records</u> they have been without for over twenty years due to National Security Confidentiality Status and Patriotic Act tools –NSLs and Gag Orders on health care providers interfering with physician/ client relationship, no communication of health status to plaintiffs, and denial of medical treatment. When the Constitution requires a hearing, it requires a fair one, held before a tribunal that meets currently prevailing standards of impartiality. *Tumey v. Ohio* 273 U.S. 510 (1927); *Goldburg v. Kelly*, 397 U.S. 254, 271 (1970); *Wong Yang Sing v. McGrath*, 339 U.S. 33, 50 (1950).

Conclusion

Plaintiffs ask this federal Court to remove any Non-Disclosure Agreements (NDAs, Confidentiality Agreements), administrative subpoenas including National Security Letters (NSLs and Gag Orders that prevents defendants from exercising their free speech in this case, and violating plaintiff's fundamental Fourth Amendment rights, because federal laws have been violated, and the plaintiffs suffer serious present and future injuries. The plaintiffs pray that the Court grant oral argument in this case to satisfy due process for the plaintiffs.

Respectfully Submitted,

Jalen Davis

Jalen Davis and Carla Davis

901 N. Belmont; Wichita, Kansas 67208

316-691-8804 (phone)

**\*Plaintiffs no longer have an email address because their-mail has been hacked.**

4-21

## CERTIFICATE OF SERVICE

I hereby certify that on this _14th_ day of _August_ 2023, a copy of the
_Plaintiffs' Motion For Oral Hearing and Brief in Support of Motion_
document was placed in the U.S. postal mail to the following who have served plaintiffs an entry
of appearance in the case on or before the above date:

BK Christopher and Matthew Close

HORN AYLWARD & BANDY LLC

2600 Grand Boulevard, Suite 1100

Kansas City, Missouri 64108

*Defendants: The Children's Mercy Hospital
and Virgil F. Burry*

Kevin T. Stamper

100 N. Broadway, Suite 650

Wichita, Kansas 67202

*Defendant: Board of County Commissioners of Sedgwick County*

Jay Fowler

1551 N. Waterfront Pkwy # 100

Wichita, Kansas 67206

*Defendant: Gerard Bassell M.D.*

Katelyn Radloff

KDHE

1000 SW Jackson, Suite 560

Topeka, Kansas 66612

*Defendants: Janet Stanek , Michael Moser M.D.
KDHE, Gianfranco Pezzino M.D.*

Justin L. McFarland-Kansas Insurance Dept.

1300 SW Arrowhead Road

Topeka, Kansas 66604

*Defendants: Vicki Schmidt
and Kansas Insurance Dept.*

Ruslan D. Ivanov

Martin, Pringle, Oliver ,Wallace & Bauer L.L.P

645 E. Douglas, Suite 100

Wichita, Kansas 67202

*Defendants: Travis Stembridge M.D. and David Grainger M.D.*

5-21

Stanley R. Parker- Asst. Attorney General

120 SW 10th Ave., 2nd floor

Topeka, Kansas 66612-1597

*Defendants: Kansas University School of Medicine, And WCGME*

*Garold O. Minns-Wichita Dean,*

*Kansas Homeland Security, Davis Weishaar-Kansas Adjunct General*


Matthew L. Shoger- Asst. Attorney General

120 SW 10th Ave., 2nd floor

Topeka, Kansas 66612-1597

*Defendant: Kris Kobach and Marc Bennett*


Justin P. Phelps

301 N. Main, Suite 1300

Wichita, Kansas 67202

*Defendant: Wesley Medical Center*


Rebecca E. Bergkamp, Mark R. Maloney, Brian L. White

Hinkle Law Firm L.L.C.

1617 N. Waterfront Pkwy, Ste. 400

Wichita, Kansas 67206

*Defendant: Anna Stork-Fury M.D.*


Andrew Foulston and  Katy Olson

McDonald Tinker PA

300 W. Douglas, Suite 500

Wichita, Kansas 67202

*Defendant: Central Plains Health Care Partnership, Medical Society of Sedgwick County, Hewitt Goodpasture*

6 – 21

Mackenzie M. Baxter

Hite, Fanning & Honeyman L.L.P.

100 N. Broadway, Ste. 950

Wichita, Kansas 67202

*Defendant: Ascension Medical Group Via Christi P.A.(Ascension Organization)*

*Wichita Clinic P.A. and Robert Kenagy M.D.*


Jennifer Magana- City Attorney and Eric S. Houghton-Deputy City Attorney

455 North Main, 13th Floor

Wichita, Kansas 67202

*Defendants: Wichita City Council and Brandon Whipple*


Chris S. Cole

WOODARD HERNANDEZ ROTH & DAY. LLC

245 N. Waco, Suite 260; P.O. Box 127

Wichita, Kansas 67201-0127

*Defendants: WCGME, Clark Shultz and*

*the Kansas Health Care Stabilization Fund*

*Clyde Wilson Wesbrook M.D.*

*Stewart Dismuke, Brenda Kallemeyn,*


Christopher A. McElgunn

301 N. Main, Suite 1600

Wichita, Kansas 67202

*Defendant's: Klenda Austerman L.L.C.*


7-21

Steven Day

245 N. Waco, Suite 260

Wichita, Kansas 67202

*Defendant: Dee Spade*


Jeffery Jordan

1551 N. Waterfront Pkwy., Suite 100

Wichita, Kansas 67206

*Defendant: Foulston Seifkin L.L.P*


Christopher Allman

Office of United States Attorney-KCKS

500 State Ave., Suite 360

Kansas City, KS. 66101

*Defendants: U.S. Dept. of Justice, Merrick Garland, U.S. Dept. of HHS, Xavier Becerra*

Tom Yao M.D.

*Dustin Slinkard-Ks. US Attorney, Eric Melgren-Former U.S. Ks. Attorney*

17130 Van Buren Blvd.
Mailbox # 311
Riverside, Ca 92504-5905
(See Attached California
Medical Board Document)
* See pg 9

_____

Carla Davis

_____

Jalen Davis

8-21

# MEDICAL BOARD OF CALIFORNIA

## LICENSING DETAILS FOR: A 89060

**NAME:** YAO, TOM T S
**LICENSE TYPE:** PHYSICIAN AND SURGEON A
**PRIMARY STATUS:** LICENSE RENEWED & CURRENT
**SCHOOL NAME:** UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON
**GRADUATION YEAR:** 2000
**ADDRESS OF RECORD**

17130 VAN BUREN BLVD # 311
RIVERSIDE CA 92504-5905
RIVERSIDE COUNTY

*← \* See Certificate of Service*

**ISSUANCE DATE**
OCTOBER 6, 2004

**EXPIRATION DATE**
NOVEMBER 30, 2023

**CURRENT DATE / TIME**
AUGUST 10, 2023
4:18:44 PM

## PUBLIC RECORD ACTIONS

› ADMINISTRATIVE DISCIPLINARY ACTIONS (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› COURT ORDER (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› MISDEMEANOR CONVICTION (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› PROBATIONARY LICENSE (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› FELONY CONVICTION (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› MALPRACTICE JUDGMENT (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› HOSPITAL DISCIPLINARY ACTION (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› LICENSE ISSUED WITH PUBLIC LETTER OF REPRIMAND (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› ADMINISTRATIVE CITATION ISSUED (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› ADMINISTRATIVE ACTION TAKEN BY OTHER STATE OR FEDERAL GOVERNMENT (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› ARBITRATION AWARD (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

› MALPRACTICE SETTLEMENTS (NO INFORMATION TO MEET THE CRITERIA FOR POSTING)

## PUBLIC DOCUMENTS

› DOCUMENTS (NO RECORDS)

9 - 21

## SURVEY INFORMATION

THE FOLLOWING INFORMATION IS SELF-REPORTED BY THE LICENSEE AND HAS NOT BEEN VERIFIED BY THE BOARD.

NO AB 133 SURVEY INFORMATION PROVIDED BY LICENSEE

AO 440 (Rev. 06/12)  Summons in a Civil Action

FILED
U.S. District Court
District of Kansas

APR 17 2023

# UNITED STATES DISTRICT COURT
### for the

Clerk, U.S. District Court
By _____ Deputy Clerk

COPY

Carla Davis, Indv.
Jalen Davis, Indv.

)
)
)
)
)
)
)
)
)
)
)

_____
*Plaintiff(s)*

v.

Civil Action No.

6:23-CV-01010-JAR-KGG

U.S. Dept of Justice, et al
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Ascension
Ascension Medical Group Via Christi, P.A.
( Previous Names: Via Christi Clinic, P.A.
Wichita Clinic P.A.
2900 SW Wanamaker Drive, Suite 204,
Topeka, KS 66614

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Carla Davis
901 N. Belmont
Wichita, KS 67208

Jalen Davis
901 N. Belmont
Wichita, KS 67208

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 4/5/2023

_____
*Signature of Clerk or Deputy Clerk*

Exhibit A

10-21

## Shipment Details

**MMA8J1AG4NPKM**

THE UPS STORE #1315
2250 N ROCK RD
STE 118
WICHITA, KS 672262304
(316) 686-6190

| | |
|---|---|
| Print Date: | Fri 7 Apr 2023 |
| Shipper No | 419202 |
| Rate Type: | Retail |
| Currency: | USD |

## Shipment Information

| Sender | Recipient | Shipping Info | |
|---|---|---|---|
| Carla & Jalen Davis<br>901 N Belmont<br>Wichita, KS 67208<br>Tel: (316) 691-8804<br>Residential | CORPORATION SERVICE COMPANY<br>2900 SW WANAMAKER DR<br>STE 204<br>TOPEKA, KS 66614-4188<br>Business | Ship Date<br>Delivery Date:<br>Service / Zone:<br>Package Info: | Wed 5 Apr 2023<br>Thu 6 Apr 2023  EOD (Expected)<br>UPS Ground Com / 2<br>Other Packaging: 12 x 9 x 1 in.<br>0.340 lb Actual<br>1.00 lb Billed<br>Customer Packed: 1 |

**Description:** TV- PAPERWORK NOT INSURABLE
000026Signature declined by Customer
**EGSR suspension explained**
**PSG/Repackaging declined**

| Shipment Service Options | Billing | Drop-Off Location | Shipment Charges | |
|---|---|---|---|---|
| E-mail Notification | Company Account (Prepaid) | THE UPS STORE #1315<br>2250 N ROCK RD<br>STE 118<br>WICHITA, KS 67226-2304 US | UPS Ground Com | 11.76 |
| | | | Shipping Charges: | $11.76 |
| | | | CMS Processing Fee | $0.22 |
| | | | **Total Charges:** | **$11.98** |

## Shipment Tracking and Reference Information

**Tracking Information**

| | |
|---|---|
| Status: | DELIVERED |
| Delivery Date: | Thu 06 Apr 2023 11:25AM (Actual) |
| Carrier Trk#: | 1Z419202034499825 |
| Shipment ID: | MMA8J1AG4NPKM |
| Location: | Receiver |
| Signed By: | MUSIC |
| Ref1: | |
| Ref2: | |

**Last Scan**

4/6/2023 11:25:00 AM Delivered TOPEKA, KS US

Tracking No:   1Z419202034499825

Shipment ID:   MMA8J1AG4NPKM

| | |
|---|---|
| Order/Item # | TV |
| Ref# | |

Re: Ascension


Ascension Medical Group Via Christi, P.A.


previous Names: Via Christi Clinic P.A.
Wichita Clinic P.A.

Case# 6:23-CV-01010-JAR-KGG

Exhibit A

11-21

(en-US)Version 1.0.34.26133 (05) Printed 4/7/2023 1:18:13 PM UTC

1

<div style="border:1px solid">

1                IN THE EIGHTEENTH JUDICIAL DISTRICT
2            DISTRICT COURT, SEDGWICK COUNTY, KANSAS
                           CIVIL DEPARTMENT
3
     CARLA B. DAVIS                    )
4                                      )
                        Plaintiff,     )
5                                      )
        vs.                            )Case No. 12-CV2597
6                                      )
     LISA KRISTAN                      )
7                                      )
                        Defendant.     )
8    _____)

9

10              TRANSCRIPT OF MOTIONS IN LIMINE
                           VOLUME 1

11      PROCEEDINGS had before the Honorable Jeffrey Syrios,
     Judge of Division No. 27 of the District Court of
12   Sedgwick County, Kansas, on the 10th day of June, 2013.

13                   A P P E A R A N C E S

14

15      The Plaintiff, Carla B. Davis, appeared pro se, 901 N
     Belmont, Wichita, Kansas 67208.  (316) 691-8804.
16

17      The defendant appeared by and through Mr. Alan Pfaff,
     Attorney at Law, 200 W Douglas, Suite 1010, Wichita,
18   Kansas  67202, (316) 266-5027.

19

20

21

22

23                            12-21

24      Exhibit B

25

—————————— DEBORAH CLEVELAND, CSR, RPR ——————————

</div>

| | | |
|---|---|---|
| 10:05:04 | 1 | many forms. I have my medical records; that's there. I |
| 10:05:08 | 2 | have other expert literature that, that is there. And |
| 10:05:14 | 3 | Your Honor, expert witnesses cost a lot of money. I am |
| 10:05:17 | 4 | not in a position to pay an expert witness. And I just |
| 10:05:21 | 5 | can't afford it. |
| 10:05:22 | 6 | My doctors were my treating doctors. They |
| 10:05:24 | 7 | have said what they needed to say. Those will be my |
| 10:05:29 | 8 | expert witness in the form of my medical records, and |
| 10:05:32 | 9 | they are admissible. |
| 10:05:34 | 10 | THE COURT: Thank you. |
| 10:05:35 | 11 | MR. PFAFF: Your Honor, just to clarify, the |
| 10:05:36 | 12 | only thing I would say in front of the jury on this |
| 10:05:40 | 13 | issue would be there is no medical opinion evidence to |
| 10:05:44 | 14 | support these claims. Anything beyond that will be a |
| 10:05:48 | 15 | matter to take up with the judge on a directed verdict. |
| 10:05:53 | 16 | I mean, it is not like I'm going to stand up |
| 10:05:56 | 17 | and criticize her for deciding not to spend the money on |
| 10:06:00 | 18 | an expert witness. But I'm going to point out the |
| 10:06:03 | 19 | deficiencies in the proof and what has not been proven. |
| 10:06:08 | 20 | And one of the things I would say is there wasn't any, |
| 10:06:12 | 21 | you know, the evidence from a physician presented at the |
| 10:06:14 | 22 | trial to back up causation, or whatever the issue I'm |
| 10:06:20 | 23 | dealing with. |
| 10:06:21 | 24 | THE COURT: Right. And couched that way, |
| 10:06:23 | 25 | I'm going to deny the motion. That is a fair reference. |

Exhibit
B

DEBORAH CLEVELAND, CSR, RPR

13-21

| | |
|---|---|
| 10:06:32 | 1 |
| 10:06:36 | 2 |
| 10:06:43 | 3 |
| 10:06:47 | 4 |
| 10:06:53 | 5 |
| 10:06:58 | 6 |
| 10:07:01 | 7 |
| 10:07:09 | 8 |
| 10:07:13 | 9 |
| 10:07:16 | 10 |
| 10:07:20 | 11 |
| 10:07:25 | 12 |
| 10:07:27 | 13 |
| 10:07:30 | 14 |
| 10:07:31 | 15 |
| 10:07:35 | 16 |
| 10:07:39 | 17 |
| 10:07:43 | 18 |
| 10:07:47 | 19 |
| 10:07:50 | 20 |
| 10:07:52 | 21 |
| 10:07:57 | 22 |
| 10:08:00 | 23 |
| 10:08:01 | 24 |
| 10:08:03 | 25 |

1    Mr. Pfaff, take you up on that offer to not

2  emphasize it.  And what may be a less appropriate way,

3  but I believe how you phrase that is appropriate in

4  terms of argument.  And of course if there is any

5  motions made after any -- at any point in time, the

6  motions of course will be outside of the presence of the

7  jury, so with that caveat, I'm going to deny the motion.

8    Number six, hypothetical medical conditions

9  or questions.

10    MS. DAVIS:  In this situation, Your Honor, I

11  was referring to inappropriate hypothetical questions

12  that are inappropriate, that are not related to my

13  claim, like broken bones that I didn't have.  She didn't

14  have any broken bones.

15    The x-ray shows there weren't any broken

16  bones.  Maybe the jury thinks because I didn't have a

17  certain situation, stick strictly with the records,

18  there is evidence to show I do have injuries.  The

19  doctors I went to, I know they are licensed by the

20  Board, so to say there is no evidence to show, you know,

21  that there is no injury, the reports will show that.

22    THE COURT:  All right.  Very good.  Thank

23  you.  Mr. Pfaff.

24    MR. PFAFF:  Your Honor, I am not sure I

25  completely understand this one.  I certainly -- this

Exhibit B                    14-21

DEBORAH CLEVELAND, CSR, RPR

## Court Case # 22TM015682; citation # 19M0522052205-VICTIM'S DOCUMENTS FOR COURT FILE

From:  Car Dav (cardav01292021@yahoo.com)

To:      nemmorey@wichita.gov; celi@wichita.gov

Date:  Thursday, September 1, 2022 at 02:49 PM CDT


September 1, 2022

**TO: Municipal Court- CITY OF WICHITA**
     **Honorable Bryce Abbott**
     **Carolyn "CJ" Eli- Victim Advocate/ Witness Coordinator of the City of Wichita  Law Department**

From: Carla Davis and Jalen Davis -Auto Accident Victims
     901 N. Belmont
     Wichita, Kansas 67208
     316-691-8804-home phone/messages
     Email: cardav01292021@yahoo.com

**RE: VICTIMS ENTERING Court Case # 22TM015682; citation # 19M0522052205**


Dear Sirs and Madams,

    The auto accident victims and property owner (Carla Davis and Jalen Davis) have an interest in Court Case # 22TM015682 involving citation # 19M0522052205, not as witnesses but as **Victims to the matter seeking restitution to preserve their rights in this matter as victims.**  A hearing occurred on Wednesday August 31, 2022, but the parties listed on the police report (Carla Davis and Jalen Davis) was not notified prior to the hearing to preserve their rights and to rebuttal the hearing issue at large. The victims want to be notified of all hearings even if their appearances are not required. Please provide to us via email us all necessary documents to keep us informed on this case so we can rebuttal the issues affecting our rights as auto accident victims.

    Below I have attached the receipt documents  and photos supporting our restitution requests for car rental reimbursement, towing fee, and medical bills. We are also rebutting Mrs. Lieber's request to remove the ticket if she has requested this. She admitted 100% liability in a police sworn statement and the accident victims sworn statements harmonized with her admission to the accident, she has caused foundation structural damage to my unibody frame rails on my vehicle rendering it as unsafe for the operation on the road and as junk for scraps.

SINCERELY,

Carla Davis- Property Owner and Victim
Jalen Davis-victim

    📄 VICTIMS RECEIPTS - RESTITUTION.pdf
    1.7MB

15-21      Exhibit B

RECEIVED

SEP 1 2 2022

IN THE MUNICIPLE COURT OF THE CITY OF WICHITA

SEDGWICK COUNTY KANSAS

THE CITY OF WICHITA, KANSAS )

CARLA B. DAVIS )

JALEN D. DAVIS )          COURT CASE NO. 22TM015682

        Plaintiffs, )          CITATION NO. 19M0522052205

      vs. )          POLICE CASE NO. 22C030321

ELIZABETH LIEBER )

      Defendant )

## MOTION TO INTERVENE AS PLAINTIFF-INTERVENORS

COMES NOW Carla B. Davis and Jalen D. Davis moves to join the above case as party

plaintiffs. The plaintiffs are intervening as a matter of right because they have a personal stake in the

outcome of this matter.  The plaintiffs are auto accident victims and property owner wanting to ensure

their interests are adequately presented to the Court and their rights are not violated. There are severe

spider webbing conflicts of interests that can result in bias and racketeering activity in this case that

need to be disclosed to prevent a violation of the laws  of the United States, a violation of judicial

cannons,  and a violation of the Civil and Human Rights of the auto accident victims as follows:

(1) The defendant Elizabeth Lieber is a family member of and has a business relationship with Alan
Lieber a fiduciary of City of Wichita Law Enforcement and public officials through his public
board membership  with Wichita Metro Crime Commission.
(2) Defendant's attorney Ted Knopp also a public board member with Wichita Metro Crime
Commission and shareholder at Martin, Churchill, Overman, Hill & Cole, Chartered has fiduciary
relationship with the City of Wichita public officials.
(3) The intervening plaintiffs has on- going legal matter with the  law firms  (Foulston Siefkin, Hinkle,
Martin Pringle Oliver Wallace Bauer, Klenda Austerman) and their clients. The law firms want to
use public officials and employees of  the City of Wichita ( who are also their clients) to violate
the plaintiff's rights in this auto accident case, because the outcome of this case will affect the
on-going legal matter with their firm and their clients.

Unfairness to the auto accident victims has already occurred as follows:  Plaintiffs not receiving notice of

Ms. Lieber's traffic hearing on Sept. 7, 2022, withholding police records sworn statements of the

drivers, withholding police axon video footage of the plaintiffs telling how the accident occurred and

accident scene police officer telling the non-fault plaintiffs Ms. Lieber is going to get the ticket ,

16-21

Exhibit
B

withholding a copy of the ticket from the plaintiff's after it was served to Ms. Lieber.. These are major acts that has affect the rights of the auto accident victims. The plaintiff auto accident victims want to make sure their interests are adequately presented and their rights are not violated any further in this auto accident case.

WHEREFORE the plaintiff auto accident victims request the court to allow them to intervene. A proposed Order is attached hereto.

Respectfully Submitted,

_Carla B. Davis / Jalen D Davis_

Carla B. Davis and Jalen D. Davis

901 N. Belmont

Wichita, Kansas 67208

316-691-8804 (phone)

Email: cardav01292021@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy (1) MOTION TO INTERVENE AS PLAINTIFF INTERVENORS (2) ORDER  upon the other parties by hand deliver or by postal mail to the addresses listed below:

Wichita City Attorney's office; CITY HALL; 425 N. MAIN, 2ND FLOOR; Wichita, Kansas 67202

Ted E. Knopp; 310 W. Central, Suite 203; Wichita, Kansas 67202-1004

_Carla B. Davis / Jalen D Davis_

Carla B. Davis and Jalen D. Davis

Exhibit
B

17-21

IN THE MUNICIPAL COURT OF THE CITY OF WICHITA

SEDGWICK COUNTY KANSAS

| | |
|---|---|
| THE CITY OF WICHITA, KANSAS )| |
| CARLA B. DAVIS )| |
| JALEN D. DAVIS )| COURT CASE NO. 22TM015682 |
| Plaintiffs, )| CITATION NO. 19M0522052205 |
| vs. )| POLICE CASE NO. 22C030321 |
| ELIZABETH LIEBER )| |
| Defendant )| |

### MOTION TO QUASH

COMES NOW the intervening plaintiff/victims in this case objecting to be witnesses for the prosecution and asking the court to quash the trial witness subpoenas. The victims want it to be made known to the court that there are severe spider webs of conflicts of interests, bias, and personal safety issues. The victims do not feel the prosecution will work this case in the best interests of the victims; therefore victims in no way possible can be a witness for the prosecution as follows:

1.The victims are involved in an on-going unresolved legal matter with business fiduciaries of the City of Wichita as mentioned in a previous motion to the court; due to this fact victims do not feel safe being in a witness relationship with the prosecution. The witnesses do not feel comfortable being alone with the prosecution because fiduciaries of the prosecution have caused physical harm and attempted abduction to the victims, and also harm to victim's family members. Public records show both leaders of the City of Wichita-Law Department have a direct connection to this matter in that Jennifer L. Magana is the spouse of Christopher Magana who worked for Klenda, Mitchell, Austerman & Zuercher when they attempted abduction of the victims August 2008; Sharon Dickgrafe is a fiduciary litigation associate of Foulston Siefkin; Shelter Insurance is a client of Foulston Siefkin. There is no way the prosecution can have a fiduciary relationship with the witnesses to protect their rights and at the same time protect the fiduciary relationships with its partners. Also if the City of Wichita has a business relationship with Allstate insurance; the auto accident victims need notification of this fiduciary relationship before the trial.

2.The prosecution has already shown bias to the victims by limiting communication as follows:

a.The victims were not give notice to a hearing that was occurring before Judge Abbott with the defendant, her attorney Ted E. Nopp, and prosecutor Maria Schrock. The victims found out about the hearing by accident. Upon arrival to the court house for the hearing; the prosecutor Maria Schrock repeatedly asked the victims "How did you find out? Did this person tell you." The day of the hearing the prosecutor Maria Schrock told the victims they could not enter the court room, when the hearing should have been a public hearing. At that time the victims was only trying to find out what the hearing was

17-21                    Exhibit
                              B

about. If victims would not have found out about the hearing, and not shown up for the hearing; defendant's ticket could have been dismissed without the victims ever knowing the hearing occurred. Victims want to make this court aware that the defendant's insurance company Allstate is using the ticket as a weapon to deny the victims their right to auto accident claims. This court need to hear the auto accident victims rebuttal speaking on their own behalf in this matter because they will be affected by the decision of the court. The prosecution has already shown it has no interest in protecting the rights of the victims in this matter. The prosecution need to subpoena the police officers who were on the auto accident scene interviewing and video recording the statements of the auto accident parties, so they can give public testimony before a decision is made by the court.

b. The prosecution did not give the victims literature on their rights; the victims had to research and request the information on their own. No arrangement have been made to personally meet the victims advocate after prosecutor Maria Schrock stated to the victims: " you are not victims." This statement made the victims feel distrustful  of the prosecution Each time the victims visits the prosecution office to request to speak with the advocate she is never available.

3. The prosecution law department specifically Sharon Dickgrafe, told the victims they cannot speak for themselves at the trial, and that only the prosecution will be controlling how this case will turn out. The victims have been treated with hostility when they go to the clerk and prosecution offices to file their paper work for this case. The prosecution law department is preventing the pro se intervening plaintiffs from scheduling pre trial motion hearings. The victims notified the clerk about subpoenaing the victim's spouse to give testimony for the victims; instead the subpoena states to give testimony for the defendant, violating the right not to testify against your spouse. The prosecution is only advocating the rights of the defendant and belittling the rights of the auto accident victims instead of giving equal treatment. Multiple evidence tampering tactics have been used to mute the victims' voices,  preventing them from telling their side of how the accident occurred such as: at accident scene victim passenger was not given paperwork to give a written statement of how the accident occurred, not releasing sworn statements of the drivers until the victims made complaints, not releasing the Axon video recording of the victims telling how the accident occurred while at the accident scene. Now the prosecution has told the victims they cannot speak to the court and schedule pre trial motion hearings. The defendant's family member Alan Lieber and her attorney Ted Nopp both have a fiduciary partnership with the City of Wichita and Hinkle law firm due to their Wichita Metro Crime Commission/Crime Stoppers memberships.

For these reasons the victims have lost confidence in the prosecution fulfilling its duty to the victims. The victims request the court to quash the prosecutions subpoenas of the auto accident victims as witnesses for the prosecution; quash the subpoena of the victim's spouse to testify for the defendant, compel testimony from the accident scene police officers (Serg. M. Russell #2020 and D. Guillory # 2820), and allow the victims and victim's spouse to speak  pursuant to Kansas Victims' Bill of Rights, K.S.A. 74-7333. (See attached ) since the police Axon video has not been produced.

Victims ask the court to not allow racketeering activity and anti trust violations in the court room of this case, because it will harm the rights and personal safety of the auto accident victims.

19-21

Exhibit B

Respectfully Submitted,

_Carla D. / Jalen Davis_

Carla Davis and Jalen Davis- Plaintiff/Victims

901 N. Belmont; Wichita, Ks. 67208

316-691-8804 (phone)

Email: cardav01292021@yahoo.com

**CERTIFICATE OF SERVICE**

On this 22nd day of September 2022 a true and correct copy was hand delivered to:

Municipal Court Clerk; 455 N. Main; Wichita, Ks. 67202

City of Wichita Prosecution Office; 455 N. Main; Wichita Ks. 67202

Ted E. Knopp; 310 W. Central; Wichita, Ks. 67292

Exhibit
B

20-21

Court Case
#

22 TM015682

Citation #

19 MC522052205

Police Case #

22C030321

## Constitutional Amendment for Victims of Crime

(a) Victims of crime, as defined by law, shall be entitled to certain basic rights, including the right to be informed of and to be present at public hearings, as defined by law, of the criminal justice process, and to be heard at sentencing or at any other time deemed appropriate by the court, to the extent that these rights do not interfere with the constitutional or statutory rights of the accused.

(b) Nothing in this section shall be construed as creating a cause of action for money damages against the state, a county, a municipality, or any of the agencies, instrumentalities, or employees thereof. The legislature may provide for other remedies to ensure adequate enforcement of this section.

(c) Nothing in this section shall be construed to authorize a court to set aside or to void a finding of guilty or not guilty or an acceptance of a plea of guilty or to set aside any sentence imposed or any other final disposition in any criminal case.

*Article 15, Section 15*

## Kansas Victims' Bill of Rights

1. Victims should be treated with courtesy, compassion and with respect for their dignity and privacy and should suffer the minimum of necessary inconvenience from their involvement with the criminal justice system.
2. Victims should receive, through formal and informal procedures, prompt and fair redress for the harm which they have suffered.
3. Information regarding the availability of criminal restitution, recovery of damages in a civil cause of action, the crime victims compensation fund and other remedies and the mechanisms to obtain such remedies should be made available to victims.
4. Information should be made available to victims about their participation in criminal proceedings and the scheduling, progress and ultimate disposition of the proceedings.
5. The views and concerns of victims should be ascertained and the appropriate assistance provided throughout the criminal process.
6. When the personal interests of victims are affected, the views or concerns of the victim should, when appropriate and consistent with criminal law and procedure, be brought to the attention of the court.
7. Measures may be taken when necessary to provide for the safety of victims and their families and to protect them from intimidation and retaliation.
8. Enhanced training should be made available to sensitize criminal justice personnel to the needs and concerns of victims and guidelines should be developed for this purpose.
9. Victims should be informed of the availability of health and social services and other relevant assistance that they might continue to receive the necessary medical, psychological and social assistance through existing programs and services.
10. Victims should report the crime and cooperate with law enforcement authorities.

*K.S.A. 74-7333*

Exhibit
B

21-21