FILED
U.S. District Court
District of Kansas

OCT 2 5 2023

Clerk, U.S. District Court
By _WWWW_ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CARLA DAVIS, indv.** | ) | |
| **JALEN DAVIS, indv.** | ) | |
| Plaintiffs, | ) | **CASE No. 6:23-CV-01010** |
| v. | ) | |
| **U.S DEPARTMENT OF** | ) | **REQUEST FOR HEARING** |
| **JUSTICE; et al** | ) | |
| _____ | ) | |

### PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S DECISION TO DISMISS PLAINTIFFS' CASE IN ITS ENTIRETY AND THE CLERKS JUDGMENTN ORDER AND RULE ON ISSUES OF LAW

COMES NOW the plaintiffs Carla Davis and Jalen Davis individually, pursuant to Federal Rule Civ. P. 59 (e) asking this Court to alter or amend its Memorandum and Order (Doc 309) and the Judgement Order signed by the Clerk (Doc 310.) and rule on issues of law that were abandoned by the Court. Under Rule 59 (e) a party seeking to alter or amend a judgment must establish one of the following: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest justice. *Servants of the Paraclete v. Does*, 204 F. 3d 1005,1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 f. 3D 941, 948 (10th Cir. 1995)). The plaintiffs are not rearguing issues that have already been argued. Through this pleading the plaintiffs will show that alter or amendment of the judgment is warranted on the basis of # 3 above the need to correct clear error or prevent manifest justice." as follows:

### I.     The Need to Prevent Manifest Injustice

#### A. Impartiality Might Reasonably Be Questioned

The Court's Order and Judgment to dismiss this case in its entirety (Docs 309, 310)

1—31

was made under a bias and unfair administrative judiciary. The Honorable Eric Melgren is

the Chief Judge for the United States District Courts of Kansas. When the plaintiffs

became aware of the administrative duties of the of the Chief Judge and the federal laws

for Disqualification, they immediately filed a Motion asking the Honorable Melgren to

disassociate himself from the case on September 29, 2023. (See Attached Document) The

plaintiffs were unaware that the Court had filed its Order and Judgment (309, 310) on

September 28, 2023, and the plaintiffs had not received the documents via postal mail from the

Court. At the beginning of the case the plaintiffs filed on January 25, 2023 (Doc.5 and Doc 6) a

motion requesting that "no judge appointed by the Bush administration be assigned to the case,

and no Judge that has any fiduciary loyalties to defendants in this case in any matter due to

conflicts of interests.  On February 21, 2023 the motion was denied (Doc. 70) Plaintiffs now

have concerns that the administrative role of Honorable Eric Melgren to "have precedence and

preside at any session he attends" (28 U.S.C. Section 136), to assign district judges to cases, is

over the administration of the cases and case dockets, to have oversight over senior staff

including the Clerk of the Court, his role in addressing the needs of the parties is enough to

prejudice the plaintiffs in this case. Honorable Eric Melgren is required under law to disqualify

himself as Chief Judge while he is a defendant in this case, and due to his fiduciary ties to the

other defendants in this case as former business partners and clients as required by the following

Judiciary Cannon, federal laws, and common law :

**28 U.S.C. Section 455 (b) (5) (i)** states any judge of the United States, "shall also disqualify himself in the following circumstances: He…is a party to the proceeding…"

**28 U.S.C. Section 455 (b) (2)** states any judge of the United Staes, "shall also disqualify himself in the following circumstances: Where…a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;"

**28 U.S.C. Section 455 (b) (4)** states any judge of the United States, "shall also disqualify himself in the following circumstances: He knows that he as a fiduciary…has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

**The Code of Conduct for United States Judges Canon 3C (1)** states,

2 – 31

"A judge shall disqualify himself… in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:..

> "the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness; "

> "The judge knows that the judge, individually or as a fiduciary…, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;"

> "the judge…is a party to the proceeding, or an officer, director, or trustee of a party;"

> "the judge is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or"

> "to the judge's knowledge likely to be a material witness in the proceeding;"

The Due Process Clause incorporated the common-law rule requiring recusal when a judge has "a direct, personal, substantial, pecuniary interest" in the outcome of a case. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Tumey v. Ohio*, 273 U.S. 510 (1927).

Under the above circumstances the Honorable Eric Melgren's impartiality might reasonably be questioned. To prevent manifest injustice the plaintiffs ask the Honorable Eric Melgren to disassociate himself from this case immediately by stepping down as Chief Judge while he is a defendant and allow this case to move forward to discovery and a jury trial as required by law.

B. The Court did not allow plaintiffs to have a jury trial

In their complaint the plaintiffs made a timely demand for a jury trial. No defendant argued against a jury trial. For the sake of justice, the Court must allow a jury to rule on the reasonableness of these defendant's actions, burden of proof issues, material questions of historical facts on immunity, and all other issues of fact that pertains to this case. (Doc 1 p.9-Complaint JURY DEMAND)

C. Prevention of free speech

Plaintiffs asked the Court to remove any documents preventing defendants from exercising free

3-31

speech such as Non-Disclosure Agreements, national Security Letters, and Gag Orders, because federal laws have been violated and the plaintiffs suffer serious present and future injuries. (Doc. 305 p. 4) No defendant argued against this matter. In its Order the Court did not deny this argument of the plaintiffs.

    D.    <u>The Clerks Final Order</u>

    D. Kan. Local Rule 77.2 Orders and Judgments Grantable by the Clerk allows a clerk to grant orders and judgments without direction by the court when parties have consented to dismiss an action- "Consent orders dismissing an action…" D. Kan. Local Rule 77.2 The plaintiffs <u>did not</u> consent to dismissing the case.  Doc. 310 is a final Order and was not signed by the judge assigned to this case.   D. Kan. Local Rule 77.2 (c) states that the clerks action is reviewable- "For good cause, the court may suspend, alter, or rescind the actions of the clerk under this rule."  The plaintiffs ask the Court to suspend and cancel Doc.310, because the order was not signed by the judge as a final order.

**II.**    **<u>The Need to Correct Clear Error</u>**

A.  <u>The Court erred when it did not allow the plaintiffs to have a hearing</u>

    On August 14, 2023 Plaintiffs filed their PLAINTIFFS' MOTION FOR ORAL HEARING AND BRIEF IN SUPPORT OF MOTION (Doc. 305) The Code of Conduct for United States Judges Canon 3 A (5) instructs "A judge should dispose promptly of the business of the court,,." "diligently discharge administrative responsibilities," and "perform their duties timely and effectively." Canon 3B (1), (5) Code of Conduct for United States Judges. In their motion the plaintiffs ask the Court to schedule oral argument on the following matters that needed resolution due to being on the docket an extended amount of time:

1. Plaintiffs' Oppositions to <u>ALL multiple defendants</u> who filed a Motion to Dismiss in this case.
2. Order to Show Cause
3. Defendant Ascension Medical Group Via Christi P.A. who was served summons and complaint but have not responded with an Answer or Motion to Dismiss.
4. Plaintiff's Motion for Surreply on defendant Board of Sedgwick County Commissioners.

The plaintiffs found the following errors in regard to the Court denying them a hearing:

B. The Court did not apply Rule 7.1 and Rule 6.1

In its final order (Doc. 309 p. 6-8) the Court erred in denying the plaintiffs a

hearing. The Court erred because *none of the defendants in this case opposed or filed a response*

*to Doc. 305 to oppose the plaintiffs' motion for a hearing* as required by D. Kan. Rule 7.1 (c) "A

party opposing a motion **must** file a response… within the time provided in D. Kan. Rule 6.1 (d)

(2) " Responses…**must** be filed within 21 days after the motion is served…" D. Kan. Rule 7.1

(c) further states "If a response is not filed by the applicable deadline, the court will consider and

decide the motion as an <u>uncontested motion</u>. <u>Ordinarily,</u> the Court will grant the motion without

further notice." The Court did not apply this rule in the case when the defendants waived their

opportunity to dispute the plaintiffs' motions.

C. The Court itself *did not* dispute the plaintiffs' arguments and case laws supporting their
right to Procedural Due Process so the case should not be dismissed.

In their motion arguments, the plaintiffs relied on the Supreme Court's decisions (Doc. 305
p.2-4) in:

*Joint Anti-Fascist Refugee Committee v. McGrath* "The extent to which procedural due process
must be afforded the recipient is influenced by the extent to which he may be "condemned to
suffer grievous loss", *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 341 U.S.
168 (1961). Without access and use of their medical records, plaintiffs suffer grievous losses of
their health, due to lack of effective medical treatment at present and in the future, and loss of
benefits they are entitled to under social security and auto insurance laws. (Doc. 305 p.2)

*Grannis v. Ordean* A fundamental of due process is "the opportunity to be heard." *Grannis v.
Ordean*, 234 U.S. 385, 234 U.S. 394.

*Armstrong v. Manzo* the U.S. Supreme Court stated, "the opportunity to be heard must be
granted at a meaningful time and in a meaningful manner. The trial court could have fully
accorded this right to the petitioner only by granting his motion…His motion should have been
granted." *Armstrong v. Manzo*, 380 U.S. 545 (1965).

*Morrissey v. Brewer* neither Morrissey nor Booher was granted a hearing or other opportunity to
orally question, challenge, or become aware of the clear facts, nor the opportunity to present
evidence or confront or cross-examine those providing testimony against him. The Court ruled
that the due process clause required a hearing. *Morrissey v. Brewer*, 408 U.S. 471 (1972).

In its Order (Doc 309) the Court did not dispute the plaintiffs' arguments. The plaintiffs are

entitled to a full blown hearing because the defendants have intruded the bodies of the vulnerable

population plaintiffs, concealed the acts by placing the medical records in national security and

non- disclosure confidential status, denying the plaintiffs access and use. The actions of

defendants has raised Procedural Due Process questions about how much process is due when

the government engages in bodily intrusions that violate fundamental constitutional rights.

*Washington v. Harper*, 494 U.S. 210, 220 (1990).

    D. <u>Code of Conduct for United States Judges</u>

    Canon 3 A (4) states that "a judge should accord to every person who has a legal interest in a

proceeding, and that person's lawyer, the full right to be heard according to law.

Justice requires that the Court amend its orders and allow a hearing on this matter pertaining to

Carla Davis and Jalen Davis.


    E. <u>Plaintiffs were not served Reply Documents via Postal Mail from these defendants</u>

    For the dates June 27, 2023 and July 25, 2023- July 28, 2023, the docket sheet shows a

number of defendants filing replies to plaintiffs' opposition motions, but the plaintiffs personal

file does not show that the defendants served the plaintiffs with the following reply documents:


Hewitt Goodpasture-docs 115,116 * **New Evidence: Plaintiffs were not served a Reply (Doc 277) to Plaintiffs' Opposition (Doc. 242) via Postal Mail. (See Attached Declaration)**

Brenda Kallemeyn-doc 168,169 * **New Evidence: Plaintiffs were not served a Reply (Doc 297) to Plaintiffs' Opposition (Doc 263) via Postal Mail. (See Attached Declaration)**

Central Plains Health Care Partnership, Medical Society Of Sedgwick County-docs198, 199 ***New Evidence: Plaintiffs were not served a Reply (Doc 303) to Plaintiffs' Opposition (Doc 266) via Postal Mail. (See Attached Declaration)**

Clyde Wilson Wesbrook – docs 216,216 116 * **New Evidence: Plaintiffs were not served a Reply (298) to Plaintiffs' Opposition (268) via Postal Mail. (See Attached Declaration)**

Wichita Center For Graduate Medical Education-doc 204, 205 116 * **New Evidence: Plaintiffs were not served a Reply (Doc 299) to Plaintiffs' Opposition (Doc 285) via Postal Mail. (See Attached Declaration)**

Stewart Dismuke-doc 202, 203 116 * **New Evidence: Plaintiffs were not served a Reply (Doc 296) to Plaintiffs' Opposition ( 287) via Postal Mail. (See Attached Declaration)**

**Dee Spade-doc 192,193 * New Evidence: Plaintiffs were not served a Reply (Doc 300) to Plaintiffs' Opposition (288) via Postal Mail. (See Attached Declaration)**

Because the plaintiffs were not served these documents via postal mail , they were left in the dark of the defendants' arguments and whether new arguments were in the reply that would require sur-replies from the plaintiffs. When the plaintiffs did not receive a reply from the defendants via postal mail, plaintiffs assumed the defendants waived their reply rights. Plaintiffs discovered after the Court closed the case that the replies of these defendants were on the docket. To be fair Plaintiffs ask the Court to reopen the case and allow these defendant's attorneys to serve the plaintiffs the replies to give the plaintiffs opportunity to know the reply defense of these defendants and have the opportunity to rebuttal in a Surreply if new arguments were raised.

F.   The Court **did not** acknowledge plaintiffs' Opposition pleading to defendant's motions to dismiss in the Courts Order

In its final order, the Court stated, "Now before the Court are Defendant's motions…" (Doc. 309 p. 2)". The court also cited *Trackwell v. United* States, 472 F. 3d 1242,1243 (10th Cir. 2007) and stated that it would review plaintiffs' "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." (Doc, 309 p. 3) The Court *did not* do this. The Court erred when it did not have Plaintiffs' Oppositions to defendant's motions to dismiss before the Court that were filed on :

**MAY 30, 2023:**

Docs. 239 re: The Children's Mercy Hospital, Virgal Bury- doc 66

Doc. 240 re: City of Wichita, Brandon Whipple, Wichita City Counsel -docs 96,97, 98, 99

Doc. 241 re: Federal Official capacities (U.S. Dept. Of Justice, Merrick Garland, Eric Melgren, Dustin Slinkard); U.S. Health and Human Services, Xavier Becerra)-doc 100, 101; and Individual Capacity of Melgren and Dustin Slinkard only docs 133,134 ** (Merrick Garland and Xavier Becerra did not defend in their Individual Capacities.**

Doc. 242 re: Hewitt Goodpasture-docs 115,116 * New Evidence: Plaintiffs were not served a Reply to Plaintiffs' Opposition via Postal Mail. (See Attached Declaration)**

Doc. 243 re: Kansas Dept. of Health and Environment, Gianfranco Pezzino, Janet Stanek-docs 105, 106

Doc 244 re: Kris Kobach-docs 111,112



Doc 245 re: Kansas Health Care Stabilization Fund, Carl Shultz-doc 102

Doc. 246 re: Kansas Homeland Security, David Weishaar-docs 114 amended as doc 129

Doc. 247 re: Kansas Insurance Dept,. Vicki Schmidt-doc 103 ** No Reply Defense in Individual. Capacity

Doc. 248 re: Kansas University School Of Medicine, Garold Minns-doc 113

Doc. 249 re: Robert Kenagy, Wichita Clinic P.A.-docs 109,110

**JUNE 26, 2023:**

Doc. 263 re: Brenda Kallemeyn-doc 168,169 * **New Evidence: Plaintiffs were not served a Reply(Doc 297) to Plaintiffs' Opposition via Postal Mail. (See Attached Declaration)**

Doc. 264 re: Anna Stork-Fury- doc 194, 195

Doc. 265 re: Klenda Mitchell Austerman Zuercher L.L.C.-docs 196,197

Doc. 266 re: Central Plains Health Care Partnership, Medical Society Of Sedgwick County-docs198,199 * **New Evidence: Plaintiffs were not served a Reply to Plaintiffs' Opposition via Postal Mail. (See Attached Declaration)**

Docs. 267, 290 -Plaintiffs leave to file SURREPLY filed on July 20, 2023, **and Plaintiffs' SURREPLY In Opposition Reply MOTION filed on Oct.3, 2023** re: Sedgwick County, Kansas, Board of Commissioners-doc 174, 282

Doc. 268 re: Clyde Wilson Wesbrook – docs 216,216 116 * **New Evidence: Plaintiffs were not served a Reply to Plaintiffs' Opposition via Postal Mail. (See Attached Declaration)**

Doc. 269 re: Travis Stembridge-docs 187, 188, 189 (place of trial)

Doc. 270 re: Marc Bennett-doc 183,184

Doc. 271 re: Foulston Siefkin L.L.P.-doc 206, 207

Doc. 273 re: David Grainger-doc 185, 186

Doc. 274 re: Wesley Medical Center LLC-docs 200,201

**JULY 13, 2023:**

Doc. 285 re: Wichita Center For Graduate Medical Education-doc 204, 205 116 * **New Evidence: Plaintiffs were not served a Reply to Plaintiffs' Opposition via Postal Mail. (See Attached Declaration)**

Doc. 286 re: James Michael Moser-doc 237, 238

Doc. 287 re: Stewart Dismuke-doc 202, 203 116 * **New Evidence: Plaintiffs were not served a Reply to Plaintiffs' Opposition via Postal Mail. (See Attached Declaration)**

Doc. 288 re: Dee Spade-doc 192,193 * **New Evidence: Plaintiffs were not served a Reply to Plaintiffs' Opposition via Postal Mail. (See Attached Declaration)**

**August 8, 2023**

Doc. 304 re: Gerard Bassell-doc 291,292-**No Reply Defense to Plaintiffs' Challenge to Adequacy of Service and Plaintiffs' Opposition to late filed Motion to Dismiss by this Defendant**

G.     The Court erred in completely dismissing the case when defendants did not comply with summons and complaint, did not defend against plaintiffs' opposition motion, or who filed late motion to dismiss

**Tom Yao** (Docs. 40, 153, 222, 234, 235, 254, 255, 278) was served timely summons and complaints but did not answer or defend at all and refused service of the complaint. The Complaint alleges claims of violations of plaintiffs' Fourth and Fourteenth Amendment rights to privacy, liberty, and substantive dues process against this defendant, as against the other defendants in the case, when he "stabbed me in my lower back with a needle, causing severe pain" "while pregnant with my in-utero child, plaintiff- Jalen Davis; "I was incapacitated with toxic doses of Fentanyl" and "administered  toxic doses of Bupivacaine and other drugs without a medically necessary reason" (Doc.1 p.8). It was erroneous for the Court to leave these claims and not analyze these laws for the issues in this case in the Court's Order. (Doc 309 p. 35, 36) The Court erred when it did not allow Tom Yao to defend against Plaintiffs' allegations and it prejudiced the plaintiffs to the most serious degree. Plaintiffs need a hearing with this defendant.

**Ascension** (Docs 210, 229 was served timely summons and complaints but did not answer or defend at all. Plaintiffs sent a reminder notice to ASCENSION ORGANIZATION to provide a response to the summons and complaint. (Doc. 229), but to no avail. The Complaint alleges claims of violations of plaintiffs' Fourth and Fourteenth Amendment rights to privacy, liberty, and substantive dues process against this defendant, as against the other defendants in the case. In an email communication to attorney Mackenzie Baxter dated May 15, 2023, (see attached document) plaintiffs made a non-formal request for the specific reason why Ascension did not respond at all to the summons and complaint. Plaintiffs did not receive further communication from the attorney regarding this matter.

**Kansas Insurance Department**. and **Vicki Schmidt- Kansas Insurance Commissioner in her Individual Capacity** did not defend with a reply pleading to plaintiffs' opposition motion to their motion to dismiss.

Both **Merrick Garland**- U.S. Attorney General and **Xavier Becerra**- Secretary of Health and Human Services **did not** file a pleading to defend their Individual Capacities. (Docs 133,134) The federal defendants Merrick Garland and Xavier Becerra did not provide a individual capacity defense at all in this case. On June 9, 2023 Doc. 257 was filed defending the individual capacity of only Dustin Slinkard-former United States Attorney for the District of Kansas, and Former United States Attorney for the District of Kansas- Eric Melgren. There was no individual

9-31

capacity defense in Doc. 257 for Merrick B. Garland- The United States Attorney General nor was there a individual capacity defense for Xavier Becerra-Secretary of Health and Human Services in Doc. 257.

**Kansas Department of Health and Environment, Gianfranco Pezzino, and Janet Stanek-** Did not file a defense pleading to Plaintiff's Opposition to motion to dismiss (Docs 105, 106, 243)

**Gerard Bassell** refused service of summons and complaint, and later file a late motion to dismiss without asking the Court for leave and did not defend with a response pleading to plaintiffs' challenge to adequacy of service and opposition to late filed motion to dismiss. (Docs 37, 222, 291, 304)

**Kansas Department of Health and Environment and its employees Gianfranco Pezzino, Janet Stanek** all waived their right to reply to plaintiffs' Opposition to their motion to dismiss (Doc. 243).

**James Michael Moser** was served Summons and complaint by the plaintiffs and also served summons and complaint by the Court. See Docket date of Feb. 9. 2023 and May 11, 2023; Docs 25, Doc 74 Individual Capacity, Doc 147, Doc 228, Doc 232. This defendant did not defend with an answer or other motion. Moser also did not respond to the Courts Show Cause order arguments by the plaintiffs and waived his rights to defend. (Doc 289).

These defendants did not dispute the plaintiffs' allegations in the complaint, nor arguments in plaintiffs motions and pleadings. Before dismissing the case in its entirety quicly, the Court erred and should have allowed the plaintiffs to move for Default judgement pursuant to Federal Rule 55 and held a hearing on the above defendants who refused service and did not respond at all to the complaint. The Court also erred because it did not apply D. Kan. Rule 7.1 (c) "A party opposing a motion **must** file a response... within the time provided in D. Kan. Rule 6.1 (d) (2) " Responses...**must** be filed within 21 days after the motion is served..." D. Kan. Rule 7.1 (c) further states "If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the Court will grant the motion without further notice." The Court did not apply this rule in the case when the defendants waived their opportunity to dispute the plaintiffs' motions. Plaintiffs ask the Court to amend its Order to correct the above errors.

10-31

H. <u>The Court's ruling is error because defendants did not deny violating plaintiffs'</u>
<u>constitutional rights</u>

While the following defendants filed timely Replies, <u>their pleadings did not deny</u>
violating plaintiffs Fourth Amendment rights to be free from unreasonable searches and seizures
of plaintiffs personal health information in their medical records denying plaintiffs access and
use by placing National Security and Non-Disclosure Confidentiality status on the records, and
in their bodies to be free from unconsented harmful experimentations not approved by Congress.
Nor did their pleadings deny violating plaintiffs Fifth and Fourteenth Amendment rights to
liberty to choose their health care providers and to refuse unconsented experimentation, and
plaintiffs' property entitlement rights to auto insurance claims and social security benefits:

U.S. Dept. Of Justice, Individual Capacities of Eric Melgren and Dustin Slinkard; U.S. Health
and Human Services. (*Merrick Garland and Xavier Becerra did not defend their individual
capacities) ; Kris Kobach; City of Wichita, Brandon Whipple, Wichita City Counsel; Travis
Stembridge; Marc Bennett; David Grainger; The Children's Mercy Hospital, Virgal Bury;
Kansas Health Care Stabilization Fund, Carl Shultz; Kansas University School Of Medicine,
Garold Minns; Kansas Homeland Security, David Weishaar; Klenda Mitchell Austerman
Zuercher L.L.C; Anna Stork-Fury; Foulston Siefkin L.L.P; Wesley Medical Center LLC.

These defendants should not be granted a motion to dismiss because their pleading does not deny
violations fundamental rights guaranteed under the Fourt, Fifth, and Fourteenth Amendments.

I. <u>The Court did not correctly state plaintiffs' alleged facts in its final order (Doc. 309 p.</u>
<u>3,4)</u>

The facts in plaintiffs' complaint alleges <u>present and ongoing harm to the plaintiffs</u> (who
were vulnerable populations under the law-a pregnant women and her in- utero child) due to
violations of their Fourth, Fifth, and Fourteenth Amendment fundamental rights, that stemmed
from past unconsented unlawful humanitarian experiments with toxic drug dosages (including
the opioid drug Fentanyl), unknown biological agents and devices conducted on their healthy
bodies during the years 2003-2008. It was not until after plaintiffs' auto accident that occurred
May 19, 2022, that plaintiffs discovered that they are victims on *present and ongoing* violations
of their fundamental rights and the actions of defendants are not going to stop, so plaintiffs filed
their lawsuit in Federal Court.

11-31

Plaintiffs' present and ongoing harm allegations presents a claim before this Court for Equitable Relief for Injunctions. The plaintiffs have relief that the Court can grant. The case should not be dismissed.

J.  The Court did not summarize, analyze, nor apply the plaintiffs' claims under the U.S. Constitution according to the law in its final order (Doc. 309 p. 4,5)

While the Court stated that plaintiffs were claiming violations of their Fourth, Fifth, and Fourteenth Amendments, the Court failed to state these laws and interpret what specific protections these laws provide. The Court should have incorporated in its order that:

1.The Fourth Amendment provides "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

The Fourth Amendment provides protection against searches and seizures conducted by the government or pursuant to governmental direction, and to receive Fourth Amendment protection a party must establish they have a reasonable expectation of privacy in the things that is searched and seized.

In regard to Fourth Amendment claims the Court should have found that plaintiffs to their best ability was informing the court in their complaint that they were suffering present and future harm due to injuries resulting from seizure of their persons for unconsented humanitarian experimentations that was not approved by Congress conducted

2. Fifth and Fourteenth Amendments- Fifth Amendment for the federal government and Fourteenth Amendment for the state; provides procedure and substantive due process rights are guaranteed to U.S. citizens who suffer a deprivation of their fundamental rights by the government. In this case the Court erred when it did not state in its order that the plaintiffs have fundamental rights to life, liberty, and happiness. Specifically the Court did not acknowledge that that plaintiffs' complaint alleges that the plaintiffs have fundamental rights to liberty in refusing to have their bodies used in nonconsensual experimentations, and the right to choose their health care providers, and property rights to make bodily injury and property damage claims on non-fault auto insurance claims they have paid for, and to be approved for social security benefits they qualify for using their medical records as evidence. When the government take these rights away from its citizens due process is entitled to the injured parties to balance the interests of the right deprived.

The Court erred when it did not acknowledge and state in its order that the plaintiffs have constitutional rights in their bodies, medical records, and property. Violation of a right is a concrete injury. Plaintiffs ask the Court to amend its order to correct this error.

K.  The Court did not apply Bivens Standard.

12-31

In their Opposition motion the plaintiffs stated that they were not making a Bivens claim against the federal defendants, but the Court in its final order reasoned that the plaintiffs were making a Bivens claim against the federal defendants, but did not apply and analyze the Bivens Standard in making its decision in this case **Bivens recognize an implied private right of action for damages against federal officials who violate a citizen's Fourth Amendment rights.** *Bivens v, Six Unknown Named Agents of Fed.Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The Supreme Court recognizes just three causes of action under the Bivens frame work: (1) a Fourth Amendment unreasonable search and seizure violation; (2) a Fifth Amendment sex-discrimination claim; and (3) an Eight Amendment deliberate indifference to medical care claim.." For any other claims, the Court must create a test to determine whether to expand the scope of Bivens. ." *Egbert v. Boule*, 142 S.Ct. 1802 (2022) The Supreme Court has consistently refused to extend Bivens liability to any new context and extending the Bivens remedy now is considered a "disfavored judicial activity." *Zigler v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675); *Corr. Servs. Corp v. Malesko*, 534 U.S. 61, 68 (2001). The Courts "have recognized that Congress is best positioned to evaluate 'whether, and the extent to which, monetary and other liabilities should be imposed upon *individual* officers and employees of the Federal Government' based on constitutional torts." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar*, 582 U.S. at 134). In its decision the Court did not inform the plaintiffs that a legislative remedial structure may foreclose a Bivens remedy if "Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence." *Egbert v. Boule*, 142 S. Ct. 1807 (2022).

In this case the Court did not perform any of the above actions when the plaintiffs Complaint makes Fourth Amendment claims of search and seizure violations of their medical records and their bodies. The plaintiffs do not understand how the Court reached its decision when it did not apply analysis.

L    The Court refused to resolve immunity issues in this case when plaintiffs had opposing arguments in their Opposition motion and the plaintiffs have present and future harms

At the beginning of this case the Court gave instructions to the plaintiffs on immunity stating that "The Court must also weigh the fact that the grounds for dismissal cited in most of

13-31

Defendant's motions, such as immunity from suit…, are threshold issues that the Court should rule on promptly." (Doc. 160 p. 5); but in its final decision the Court reasoned that it was not going to resolve immunity/ (Doc 309 p. 14), when the plaintiffs made the Court aware of their present and future harms in not having access and use of their medical records because the records are "in an Ongoing Confidential Status Without the ability to use our health information for any reason." (Doc. 1 p.8) (Doc 7) (Doc 8). With holding immunity analysis prejudiced the plaintiffs in the Court is withholding the identity of Constitutional rights that the plaintiffs are entitled to have in this case. The Supreme Court has ruled that when a defense of immunity is made, the courts should resolve qualified immunity questions "at the earliest possible stage in the litigation*." Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). In resolving cases in which a defendant claims qualified immunity, **the Court "must first consider whether the plaintiff has alleged a deprivation of an actual constitutional right."** *Peterson v. Jensen*, 371 F. 3d 1199, 1202 (10ᵗʰ Cir. 2004) *(citing Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 271 (2001). If the Court finds a violation, it <u>must</u> determine whether "that right was clearly established at the time of the alleged violation." *Id. (internal citations omitted).* The Court did not do this but completely refused at rule on immunity at all in this case. To nullify immunity the plaintiffs must show the court: **(1). The official violated plaintiff's constitutional rights; and; (2). these rights were clearly established at the time of the alleged violation.** *Big Cats of Serenity Springs, Inc. v. Rhodes* 843 F. 3d 864 (10ᵗʰ Cir. 2016) (citation omitted). The court may consider either of these questions first. *Pearson v. Callahan*, 555 U.S. 236 (2009). Before granting defendant a motion to dismiss the plaintiffs ask the Court to perform immunity analysis according to the law, and analyze the plaintiff's arguments in their Oppositions against each individual defendant who made immunity defense claims.

    M.  <u>The Court did not perform a complete analysis of 42 U.S.C Section 1983 and Section 1985 to find deprivations of plaintiffs' constitutional rights</u>

    a.  To state a cause of action under Section 1983 only two allegations are required by the plaintiff. First the plaintiff must allege a deprivation of a federal right. Second the person causing the deprivation acted under color of law. *Gomez v. Toledo*, 446 U.S. 634. 640 (1980).  In this

14-31

case involving Carla Davis and Jalen Davis, the Court has refused to acknowledge the federal rights in the plaintiffs Complaint; that the plaintiffs has alleged violations of Fourth Amendment Rights to privacy in their medical records and in their bodies to be free from unreasonable search and seizures by the government, specifically placing nation security and non-disclosure confidentiality status on their medical records denying access and use for medical treatment, insurance and social security purposes, and all other purposes; that the plaintiffs have alleged violations of Fifth and Fourteenth Amendments substantive due process rights to liberty to refuse to participate in unconsented humanitarian experiments, and violations their right to property in auto accident claims.  When the Court did not acknowledge these rights in the plaintiffs complaint, the Court did not perform a complete Section 1983 analysis to settle this issue of law, and not acknowledging the plaintiffs' right in the complaint prevented the Court from finding that defendants <u>does not</u> have immunity.

    b.   To state a claim under Section 1985 the plaintiff must prove there was conspiracy to interfere with plaintiffs' civil rights. In this case the Court has refused to acknowledge the allegations in the plaintiffs' complaint and its attached documents, that all defendants participated in or supported the Bioterrorism Program.


    N.  <u>The Court erred when it did not correctly state plaintiffs' relief in their complaint</u>

In its order the Court left off important relief statements the plaintiffs made in their complaint. The Court should have acknowledged and stated in its order that plaintiffs were also seeking the following relief that this Court can provide for the plaintiffs (Doc 1 p. 9 of Complaint)":

(A)Declare the Defendants' violations of the U.S. Constitution were willful- This requested relief identifies a violation of plaintiffs' constitutional rights, that entitles plaintiffs to (B) Award Plaintiffs damages suffered by reason of defendants' willful violations. This relief sought emphasizes the importance of the Court resolving individual capacity immunity issues of each defendant who made an immunity defense. "An officer has no defense to damages if his actions were in violation of the law, even if his actions were pursuant to a presidential order." *Little v. Barreme*, 6 U.S. (2Cranch) 170 (1804); *Mitchell v. Harmony*, 54 U.S. (13How.) 115 (1851). The Court acknowledged and stated (C) Award issues of each plaintiffs 'complete access of their medical records, but the Court erred when it did not acknowledge in its order that plaintiffs want to be awarded complete knowledge of "All the  agents that were placed in their bodies, and (D)

15 - 31

the Plaintiffs also ask the Court to "Grant such other and further relief as may be just and proper", together with the cost of the lawsuit.

The Court has the authority to grant plaintiffs the relief they have request and the plaintiffs ask the court to amend its order for the above reason.

    O.  <u>The Court erred when it did not analyze the Equitable Estoppell Doctrine</u>

        In their Opposition to defendants' motion to dismiss, plaintiffs argued against the statute of limitation barring of this case based on equitable estoppel not equitable tolling. The Court did not analyze and apply equitable estoppell in its order and prejudiced the plaintiffs when it dismissed the entire case suddenly.

    P.  <u>The Court erred when it did not allow the plaintiffs to correct process of service errors it identified.</u>

        Before suddenly dismissing the entire case, the Court did not allow the plaintiff the opportunity to seek from the Court another effective method of service on (Dr. Bassell, Kris Kobach, Dr. Kallemeyn, and Dr. Stork if the Court did not accept the method used by the plaintiffs This prejudiced the plaintiffs because these defendants need to be in this case for violating plaintiffs' constitutional rights and when these defendants did enter the case, they did not deny violating the plaintiffs' fundamental rights to be free of search and seizure of their bodies, medical records and liberty rights to refuse unconsented experimentations guaranteed by the Fourth, and Fourteenth Amendments. Plaintiffs ask the Court to allow re service of these defendants for the sake of justice.

    Q.  <u>The Court erred when it did not allow the Board of Health- Sedgwick County Commissioners to respond to Plaintiffs' Surreply Motion</u>

Plaintiffs requested leave to file a sur reply to new issues brought up by these defendants in their Reply (Doc 290). Plaintiffs communicated with the judge about the unanswered pleading. (See Attached Document). This motion was unanswered by the Court from July 20, 2023 until September 28, 2023 in its order to dismiss the case in its entirety. Despite the fact that the Court made this dismissal order, the plaintiffs' proceeded to follow the instructions in the dismissal order – "The Court grants Plaintiffs' Motion for Leave to file a Sur-reply". (Doc 309 p. 2). On

October 3, 2023 plaintiffs file their Sur-reply motion and served Sedgwick County

Commissioners via postal mail.  The defendants have not replied, plaintiffs assume because of

the Courts ruling in the order. For the sake of justice, the Court needs to amend its judgment

and allow the issues of law in the pleadings to be resolved to prevent prejudice to the plaintiffs.

   Wherefore Plaintiffs pray this Court amend its Memorandum and Order (Doc 309) to

correct its errors and for the sake of justice to allow this case to proceed to discovery, equitable

relief, and jury trial. Plaintiffs request that the Court schedule a hearing to resolve the matters in

this motion.

Respectfully Submitted,

Jalen Davis and Carla Davis

901 N. Belmont

Wichita, Kansas 67208

316-691-8804 (phone)

Email: cardav01292021@yahoo.com

17-31

# CERTIFICATE OF SERVICE

I hereby certify that on this _25th_ day of _October_ 2023, a copy of the _Plaintiffs'_ _Motion To Alter or Amend The Court's Decision To Dismiss Plaintiffs Case in its Entirety And The Clerks Judgement Order and R4Con Issues of (SW)_ document was placed in the U.S. postal mail to the following who have served plaintiffs an entry of appearance in the case on or before the above date:

BK Christopher and Matthew Close
HORN AYLWARD & BANDY LLC
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
*Defendants: The Children's Mercy Hospital*
*and Virgil F. Burry*

Kevin T. Stamper
100 N. Broadway, Suite 650
Wichita, Kansas 67202
*Defendant: Board of County Commissioners of Sedgwick County*

Jay Fowler
1551 N. Waterfront Pkwy # 100
Wichita, Kansas 67206
*Defendant: Gerard Bassell M.D.*

Katelyn Radloff
KDHE
1000 SW Jackson, Suite 560
Topeka, Kansas 66612
*Defendants: Janet Stanek , Michael Moser M.D.*
*KDHE, Gianfranco Pezzino M.D.*

Justin L. McFarland-Kansas Insurance Dept.
1300 SW Arrowhead Road
Topeka, Kansas 66604
*Defendants: Vicki Schmidt*
*and Kansas Insurance Dept.*

Ruslan D. Ivanov
Martin, Pringle, Oliver ,Wallace & Bauer L.L.P
645 E. Douglas, Suite 100
Wichita, Kansas 67202
*Defendants: Travis Stembridge M.D. and David Grainger M.D.*

27-31

Stanley R. Parker- Asst. Attorney General

120 SW 10th Ave., 2nd floor

Topeka, Kansas 66612-1597

*Defendants: Kansas University School of Medicine, And WCGME*

*Garold O. Minns-Wichita Dean,*

*Kansas Homeland Security, Davis Weishaar-Kansas Adjunct General*


Matthew L. Shoger- Asst. Attorney General

120 SW 10th Ave., 2nd floor

Topeka, Kansas 66612-1597

*Defendant: Kris Kobach and Marc Bennett*


Justin P. Phelps

301 N. Main, Suite 1300

Wichita, Kansas 67202

*Defendant: Wesley Medical Center*


Rebecca E. Bergkamp, Mark R. Maloney, Brian L. White

Hinkle Law Firm L.L.C.

1617 N. Waterfront Pkwy, Ste. 400

Wichita, Kansas 67206

*Defendant: Anna Stork-Fury M.D.*


Andrew Foulston and  Katy Olson

McDonald Tinker PA

300 W. Douglas, Suite 500

Wichita, Kansas 67202

*Defendant: Central Plains Health Care Partnership, Medical Society of Sedgwick County,*
*Hewitt Goodpasture*

29—31

Mackenzie M. Baxter

Hite, Fanning & Honeyman L.L.P.

100 N. Broadway, Ste. 950

Wichita, Kansas 67202

*Defendant: Ascension Medical Group Via Christi P.A.(Ascension Organization)*

*Wichita Clinic P.A. and Robert Kenagy M.D.*


Jennifer Magana- City Attorney and Eric S. Houghton-Deputy City Attorney

455 North Main, 13th Floor

Wichita, Kansas 67202

*Defendants: Wichita City Council and Brandon Whipple*


Chris S. Cole

WOODARD HERNANDEZ ROTH & DAY, LLC

245 N. Waco, Suite 260; P.O. Box 127

Wichita, Kansas 67201-0127

*Defendants: WCGME, Clark Shultz and*

*the Kansas Health Care Stabilization Fund*

*Clyde Wilson Wesbrook M.D.*

*Stewart Dismuke, Brenda Kallemeyn,*


Christopher A. McElgunn

301 N. Main, Suite 1600

Wichita, Kansas 67202

*Defendant's: Klenda Austerman L.L.C.*


30 - 31

Steven Day

245 N. Waco, Suite 260

Wichita, Kansas 67202

*Defendant: Dee Spade*

Jeffery Jordan

1551 N. Waterfront Pkwy., Suite 100

Wichita, Kansas 67206

*Defendant: Foulston Seifkin L.L.P*

Christopher Allman

Office of United States Attorney-KCKS

500 State Ave., Suite 360

Kansas City, KS. 66101

*Defendants: U.S. Dept. of Justice, Merrick Garland, U.S. Dept. of HHS, Xavier Becerra*

*Dustin Slinkard-Ks. US Attorney, Eric Melgren-Former U.S. Ks. Attorney*

_____

Carla Davis

_____

Jalen Davis

Tom Yao
17130 Van Buren Blvd.
Mail Box # 311
Riverside, CA
92504-5905

3/—31