IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLA DAVIS and JALEN DAVIS,

    Plaintiffs,

    v.

U.S. DEPARTMENT OF JUSTICE, et al.,

    Defendants.

Case No. 23-CV-1010-JAR-BGS

## MEMORANDUM AND ORDER

Plaintiffs Carla Davis and Jalen Davis filed this *pro se* action on January 23, 2023, alleging civil rights violations against 43 separate Defendants. On September 28, 2023, this Court entered a lengthy and thorough Memorandum and Order dismissing this case in its entirety.[1] The Court granted 28 motions to dismiss filed by Defendants, and sua sponte dismissed the remaining non-moving Defendant, Tom Yao. The clerk entered Judgment.[2] Before the Court is Plaintiffs' Motion to Alter or Amend the Court's Decision to Dismiss Plaintiffs' Case in its Entirety and the Clerks [sic] Judgme[nt] Order and Rule on Issues of Law (Doc. 316). Defendants opted not to respond to this motion, so it is fully briefed and the Court is prepared to rule. As described below, Plaintiffs' motion is denied.

**I.    Background**

Plaintiffs generally alleged in their Complaint that they were used as test subjects by certain Defendants in this case to research bioterrorism, that several Defendants injected or inserted drugs, substances, or devices into their bodies between 2003 and 2008, and that other

---

[1] Doc. 309.
[2] Doc. 310.

Defendants were either complicit in, or refused to investigate or otherwise stop these experiments. Plaintiffs specifically alleged misconduct that occurred during medical treatment they received in 2003, 2004, and 2008. In its September 28, 2023 Memorandum and Order, the Court liberally construed Plaintiffs' Complaint as alleging claims under 42 U.S.C. § 1983 for violations of their Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution; *Bivens* claims alleging the same constitutional violations against the federal actors, and a conspiracy claim under 42 U.S.C. § 1985 against all Defendants.

The Court dismissed Plaintiffs' claims against the following Defendants under Rule 12(b)(1) for lack of subject matter jurisdiction in their entirety: Bassell; Bennett; Grainger; Kobach; Stembridge; and Whipple.

The Court dismissed Plaintiffs' official-capacity claims against the following Defendants under Rule 12(b)(1) for lack of subject matter jurisdiction: DOJ; HHS; Attorney General Garland; Secretary Becerra; AUSA Slinkard; Judge Melgren; KDHE; KU School of Medicine; the Kansas Insurance Department; Kansas Homeland Security; Kobach; Dr. Moser; Stanek; Dr. Pezzino; Dr. Minns; Schmidt; Weishaar; Dr. Kallemeyn; Dr. Stork-Fury; Dr. Yao; and Dr. Dismuke.

The Court dismissed Plaintiffs' official-capacity claims against the following Defendants under Rule 12(b)(6) for failure to state a claim: Sedgwick County Board of County Commissioners; the Wichita City Counselor's Office; Wichita Clinic, P.A; Dr. Kenagy; Children's Mercy Hospital; Dr. Burry; Dr. Goodpasture; Klenda Mitchell Austerman Zuercher, LLC; Foulston Siefkin, LLP; Central Plains Health Care Partnership; Medical Society of Sedgwick County; Wesley; the Fund; and Dr. Wesbrook.

The Court dismissed Plaintiffs' individual-capacity claims against the following Defendants under Rule 12(b)(6) for failure to state a claim: Dr. Kenagy; Dr. Burry; Dr. Goodpasture; Dr. Wesbrook; Dr. Stork-Fury; Dr. Kallemeyn; Dr. Spade; Dr. Dismuke; Judge Melgren; Attorney General Garland; Secretary Becerra; AUSA Slinkard; Dr. Minns; Dr. Moser; Schmidt; Schultz; Stanek; Dr. Kallemeyn; Weishaar; Dr. Pezzino; and Dr. Yao.

## II.   Legal Standard

A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[3]  Such a motion may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[4]  The moving party must be able to establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[5] Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[6]  Whether to grant a motion to reconsider is left to the Court's discretion.[7]

## III.   Discussion

Plaintiffs' motion to alter or amend raises a laundry list of criticisms of and objections to the Court's September 28, 2023 Order.  Most of these arguments were previously raised, and the

---

[3] *Banister v. Davis*, 590 U.S.--, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[4] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[5] *Servants of the Paraclete*, 204 F.3d at 1012.

[6] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[7] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

Court considered and rejected them in its September 28 Order. The Court declines to revisit those issues and finds that its September 28 Order, or other prior orders in this case, addressed them. The Court briefly addresses Plaintiffs' other arguments below.

First, Plaintiffs argue that certain federal and local rules were not complied with in the course of briefing the motions and entering judgment. The Court disagrees and finds these arguments are based on a flawed understanding of the rules.[8]

Second, Plaintiffs argue that the Court did not consider its response briefs in deciding the issues because it did not explicitly cite to them. Plaintiffs are incorrect. As the Court stated at the beginning of its order, the motions were fully briefed at the time it made its decision. It fully considered all of the briefing on file in dismissing the action, and referred to specific arguments Plaintiffs made in those responses as part of its ruling. Specifically, Plaintiffs argue that the Court failed to consider its request in its motion for oral argument to "remove any Non-Disclosure Agreements (NDAs, Confidentiality Agreements), administrative subpoenas including National Security Letters (NSLs and Gag Orders[)] that prevents defendants from exercising their free speech in this case, and violating plaintiffs [sic] fundamental Fourth Amendment rights."[9] But the Court finds no clear error in its failure to specifically address this request, as Plaintiffs failed to identify any specific document that they sought to strike from the record, or make the requisite showing that striking such documents are appropriate under Fed. R. Civ. P. 12(f).

---

[8] *See* Fed. R. Civ. P. 58(b)(1)(C) (directing clerk to prepare a separate judgment when the court denies all relief in a case); D. Kan. R. 7.1(c) ("[T]he moving party *may* file a reply . . . ." (emphasis added)). Rule 7.1(c) further provides that where the nonmoving party fails to file a response by the deadline the Court will consider it uncontested, and [o]rdinarily . . . will grant the motion without further notice." This rule does not require the Court to grant an uncontested motion, such as Plaintiffs' motion for oral argument, and to the extent the Court has denied any uncontested motions in this case, it has explained the basis for doing so.

[9] Doc. 305 at 4.

Third, Plaintiffs argue that they were not served with several of the Defendants' reply briefs prior to the Court's ruling. But this is also not a basis to alter or amend the judgment because Plaintiffs fail to show manifest injustice. "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'"[10] The Court has reviewed the reply briefs Plaintiffs assert they did not receive and finds nothing new in them that would have justified allowing Plaintiffs to file a surreply,[11] nor did they include any arguments that changed the outcome of the Court's ruling. Any failure of Plaintiffs to receive service of reply briefs in this case did not rise to the level of manifest injustice.

Fourth, Plaintiffs argue that the Court erred by dismissing Defendants who did not timely respond to the Complaint with either an answer or motion to dismiss. Specifically, Plaintiffs argue that Dr. Yao, Ascension, and Dr. Moser failed to file timely answers or motions to dismiss and therefore should not have been dismissed. The Court explained in detail that it was dismissing Dr. Yao on its own motion, despite his failure to respond to the lawsuit. The Court declines to revisit this ruling. "Ascension" is not named as a separate Defendant in this action. Instead, Plaintiffs sent it an alias summons for Defendant Wichita Clinic, P.A, which moved to dismiss on March 7, 2023.[12] The record shows that Wichita Clinic P.A. was served on March 3,

---

[10] *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007)).

[11] *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)) (explaining that a sur-reply is only required if the nonmoving party presents new material raised for the first time in the reply that the court considers in reaching a decision). Likewise, there is no right for a moving party to file a sur-response, and Plaintiffs lack standing to assert that the Court erred for failing to allow Defendant Sedgwick County Board of County Commissioners to file a sur-response. *See* Doc. 316 at 16.

[12] Doc. 109. By the time Plaintiffs issued a new summons to Ascension on April 5, 2023, Wichita Clinic, P.A. had already been served and moved to dismiss.

5

2023, so the motion to dismiss was timely filed in lieu of an answer.[13]  Finally, Dr. Moser filed a motion to dismiss on May 25, 2023, arguing that the Court lacks subject matter jurisdiction and that Plaintiffs failed to state a claim upon which relief can be granted.  Plaintiffs responded to his motion, but did not challenge it as untimely.[14]  To the extent Plaintiffs now assert that Dr. Moser's motion to dismiss was untimely, it is a new argument that could have been raised in their response brief; therefore, it is not an appropriate basis to alter or amend judgment.

As stated above, Plaintiffs raise several other arguments in their motion, but the Court declines to address them individually because they are all addressed in the Court's prior orders, which the Court declines to revisit.  For all of these reasons, the Court denies Plaintiffs' motion to alter or amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Alter or Amend the Court's Decision to Dismiss Plaintiffs' Case in its Entirety and the Clerks [sic] Judgme[nt] Order and Rule on Issues of Law (Doc. 316) is **denied**.

**IT IS SO ORDERED.**

Dated: December 14, 2023

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[13] Fed. R. Civ. P. 12(a).

[14] Doc. 286.